Justin S. Beck
3501 Roselle St.,
Oceanside, CA 92056
760-449-2509
justintimesd@gmail.com
*In Propria Persona*

**FILED**
FEB 21 2023
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _M.M._ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, | Case No.: 3:23-CV-0164-MMA-DEB |
| Plaintiffs, | Judge: Hon. Michael M. Anello |
| vs. | |
| STATE OF CALIFORNIA; THE STATE BAR OF CALIFORNIA; SUZANNE GRANDT; RUBEN DURAN; ELI DAVID MORGENSTERN; KENNETH CATANZARITE | **NOTICE OF CLARIFICATION REGARDING NOTICE OF RELATED CASES; REQUEST FOR ORAL ARGUMENT** |
| Defendants, | Action Filed: January 30, 2023 |
| UNITED STATES ATTORNEY GENERAL; UNITED STATES OF AMERICA | Trial Date: None Set |
| Nominal Defendants | Filed Concurrently with: |
| | RICO Case Statement of Plaintiff |

1

3:23-CV-0164-MMA-DEB

TO THE CLERK OF THE ABOVE-ENTITLED COURT, DEFENDANTS, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

1. On February 16, 2023, Charles Tsai as Assistant General Counsel filed a notice of related cases ("Tsai Notice"). The Plaintiff already informed the Court that 3:22-CV-01616-BAS-DDL was related to this action in his case cover sheet.

2. The Tsai Notice is alleged to contain material misrepresentations of fact.

3. The instant case does not involve the same series of events, where the RICO Case Statement filed herewith alleges deliberate obstruction of justice under 18 U.S.C. § 1503 within the Court that the Tsai Notice seeks to move this case to, against the United States' interests.

4. The Plaintiff alleges this case to be of national importance, separately and distinctly of his own pursuit of damages. The U.S. government is not an ordinary party to this proceeding.

5. The Plaintiff respectfully requests oral argument before the Court transfers this case to Honorable Cynthia A. Bashant—or that the case before Honorable Cynthia A. Bashant be transferred to this Court with the RICO Case Statement having been filed, here.

6. The Plaintiff would like to correct the record in that U.S. Central District of California, Case Number 8:23-CV-00022-FWS-ADS and U.S. Central District of California Case Number 8:23-00018-JVS-DFM were not remanded for subject matter jurisdiction—they were remanded for removal jurisdiction. The Plaintiff sought removal because the Plaintiff alleges deliberate compromise of the cases in Superior Court by Office of General Counsel for The State Bar of California seeking to avoid personal and state liability. Before State of California and The State Bar of California were named parties in State Court, the Plaintiff had already shown Court of Appeal a likelihood of prevailing on three counts of malicious prosecution by overturning errant Anti-SLAPP orders. The facts and circumstances underlying the Plaintiff's case have also resulted in four disqualification orders of Mr. Catanzarite in Superior Court by Court of Appeal.

7. The instant case has nothing to do with attorney discipline complaints, and the Plaintiff contests this to be a material representation of fact. This case lies in alleged violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. § 1344, 18 U.S.C. § 1503, 18 U.S.C. § 1952(a), 18 U.S.C. § 1956, 18 U.S.C. § 1957, 18 U.S.C. § 1960, 18 U.S.C. § 1962(a)-(c), 15 U.S.C. § 15, and 42

U.S.C. § 1983 where some predicate acts are alleged to involve Mr. Tsai. The Plaintiff alleges deliberate abuse of sovereignty derived from the United States that is being used to allegedly steal from U.S. citizens under color of State of California authority.

8. The Plaintiff provides specific details of his allegations, including the required specificity under Federal Rules of Civil Procedure 9(b), in his RICO Case Statement. The evidence underlying the Plaintiff's serious allegations is known to Mr. Tsai, Mr. Retana, and Ms. Davtyan.

9. The Tsai Notice appears to be fashioned in a manner as if it were Plaintiff acting in bad faith. It is alleged that Mr. Tsai improperly influenced Honorable Cynthia A. Bashant by ordering to strike two meticulously prepared motions for summary judgment and an opposition to a motion to dismiss supported by a large record of documentary evidence using 9th Circuit case law. The Plaintiff allegedly defeated the immunities upon which State and non-sovereign actors rely. The evidence filed supported the Plaintiff's allegations of illegal conduct involving Ms. Davtyan, Mr. Retana, and Mr. Tsai who are appearing as counsel in this proceeding—now seeking to influence or mislead the Court. The Plaintiff filed those motions in because he anticipated the same conduct of Mr. Tsai, who transitioned from the Office of Attorney General for State of California, to the Office of General Counsel for The State Bar of California, to defend these cases with alleged malice and intent to obstruct justice.

10. The Plaintiff respectfully requests the Court review his RICO Case Statement, and order oral argument if it considers transferring this case where it is alleged a Senior District Judge or Three Judge Court is necessary given the gravity of allegations, the record of evidence that was stricken by a similar request form Mr. Tsai without cause, and the effect on $3.63 trillion in interstate commerce in the United States annually.

Respectfully Submitted,
February 19, 2023

_____
Justin S. Beck
In Propria Persona

## DECLARATION OF SERVICE

I, Justin S. Beck, hereby declare that I am over the age of eighteen and I am a party to this case acting *in propria persona*. My address is 3501 Roselle St., Oceanside, CA 92056. On February 19, 2023, I prepared and caused to be mailed on February 21, 2023, the following:

**RICO CASE STATEMENT; NOTICE OF CLARIFICATION REGARDING NOTICE OF RELATED CASES; REQUEST FOR ORAL ARGUMENT**

Participants in this case who are registered CM/ECF users will be served.

See the CM/ECF service list.

I served the following parties by U.S. Mail:

| | |
|---|---|
| The State Bar of California<br>Charles Tsai<br>845 S. Figueroa St.<br>Los Angeles, CA 90017 | Catanzarite Law Corporation<br>Kenneth Catanzarite<br>2331 W. Lincoln Ave.<br>Anaheim, CA 92801 |
| *Attorney for: Ruben Duran, Suzanne Grandt, The State Bar of California in their Official Capacities* | *Attorney for: Kenneth Catanzarite* |

United States Department of Justice
Office of the Attorney General
950 Pennsylvania Ave NW
Washington, DC 20530

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Oceanside, California on February 19, 2023

Justin S. Beck



## WAIVER OF SERVICE OF SUMMONS

TO: JUSTIN S. BECK
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, acknowledge receipt of your request that I waive service of a summons in the action of

JUSTIN S. BECK V. STATE OF CALIFORNIA, which is case number 3:23-CV-0164-MMA-DEB

in the United States District Court for the SOUTHERN District of

CALIFORNIA. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I an acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I an acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after

1/30/23, or within 90 days after that date if the request was sent outside the
(DATE REQUEST WAS SENT)
United States.

February 13, 2023
(DATE)

_____
(SIGNATURE)

Printed/Typed Name: KENNETH CATANZARITE

As _____ of _____
(TITLE)          (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action had been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

::ODMA\PCDOCS\WORDPERFECT\14598\1 May 5, 1999 (11:32am)