ELLIN DAVTYAN (238608)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
CHARLES TSAI (266480)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 S. Figueroa Street
Los Angeles CA 90017
Tel: (213) 765-1000
Fax: (415) 538-2321
Email: charles.tsai@calbar.ca.gov

Attorneys for Defendants The State Bar of California; Ruben Duran; Suzanne Grandt; Eli David Morgenstern

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; THE STATE BAR OF CALIFORNIA; SUZANNE GRANDT; RUBEN DURAN; ELI DAVID MORGENSTERN; and KENNETH CATANZARITE,<br><br>    Defendants. | Case No.   3:23-cv-00164-BAS-DDL<br><br>**STATE BAR DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Request for Judicial Notice and* [*Proposed*] *Order filed concurrently herewith*]<br><br>Hearing date:  April 24, 2023<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT**<br><br>The Honorable Cynthia A. Bashant<br><br>Action Filed:  January 30, 2023<br>Trial date:  None set |

1  **TO PLAINTIFF, IN PRO PER, AND ALL PARTIES AND THEIR**
2  **ATTORNEYS OF RECORD:**

3      PLEASE TAKE NOTICE THAT on April 24, 2023, in the Courtroom of the
4  Honorable Cynthia A. Bashant, Courtroom 12B, James M. Carter and Judith N.
5  Keep United States Courthouse, 333 West Broadway, San Diego, California
6  92101, counsel for Defendants the State Bar of California ("State Bar"), Ruben
7  Duran, Suzanne Grandt, and Eli Morgenstern (collectively, "State Bar defendants")
8  will and hereby do move, pursuant to Federal Rules of Civil Procedure 8, 12(b)(1),
9  and 12(b)(6), for an order to dismiss Plaintiff's First Amended Complaint for
10  Damages & Injunctive Relief ("FAC") as to all claims against the State Bar
11  defendants.

12      The FAC should be dismissed for noncompliance with Rule 8.  The FAC,
13  and each and every one of its claims (counts 1 through 7), should be also dismissed
14  for lack of subject matter jurisdiction.  The Eleventh Amendment of the United
15  States Constitution bars Plaintiff's claims against the State Bar as well as the State
16  Bar defendants sued in their official capacities.  The State Bar is also immune from
17  antitrust liability and the State Bar defendants performing in a role as State Bar
18  prosecutors, are entitled to absolute, quasi-judicial immunity.

19      The FAC should be dismissed for failure to allege sufficient facts to state a
20  claim.  Plaintiff fails to state claims under the Racketeer Influenced and Corrupt
21  Organization Act ("RICO") (counts 1 through 4) and 42 U.S.C. § 1983 ("Section
22  1983") (counts 5 and 6).  Plaintiff also fails to state an antitrust claim under either
23  the Sherman Act or Clayton Act (count 7).

24      This motion is based on this Notice of Motion and Motion, the
25  accompanying Memorandum of Points and Authorities and Request for Judicial
26  Notice and records incorporated therein, all pleadings and papers on file in this
27  action and any related actions, and oral argument as may be presented to the Court.

28

This Court's meet-and-confer requirement does not apply to this noticed motion as Plaintiff is appearing *pro se* and is not an attorney.

Dated: March 1, 2023

Respectfully submitted,

ELLIN DAVTYAN
General Counsel
ROBERT G. RETANA
Deputy General Counsel

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By: */s/ CHARLES TSAI*
    CHARLES TSAI
    Assistant General Counsel

    Attorneys for Defendants The State Bar of California; Ruben Duran; Suzanne Cecilia Grandt; Eli David Morgenstern

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................1

II.    BACKGROUND ...........................................................................2

    A.    The Nature of The State Bar and Its Role and Duties. ................2

    B.    Plaintiff's Disciplinary Complaints Against Kenneth Catanzarite and Catanzarite Attorneys. ........................................2

    C.    Plaintiff's First Federal Action Against the State Bar and Individual State Bar Defendants ...............................................3

    D.    Plaintiff's Allegations Against The State Bar and the Individual State Bar Defendants in This Action...............................3

III.    ARGUMENT ...............................................................................6

    A.    The FAC Should Be Dismissed for Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure. ...............................6

    B.    The FAC Should Be Dismissed for Lack of Subject Matter Jurisdiction. ....................................................................8

        1.    The Eleventh Amendment of the United States Constitution bars Plaintiff's claims against the State Bar. .......................8

        2.    The State Bar is immune from antitrust liability. .............10

        3.    The Eleventh Amendment Applies to Individual State Bar Defendants Sued In Their Official Capacities. .................11

        4.    Defendants Eli Morgenstern and Suzanne Grandt are also entitled to absolute, quasi-judicial immunity, and, at a minimum, all individual State Bar defendants have qualified immunity. ......................................................11

    C.    The FAC should be Dismissed Because It Fails to Allege Sufficient Facts to State a Claim. .......................................................13

        1.    Plaintiff fails to state a claim under RICO........................14

        2.    Plaintiff fails to state a claim under Section 1983.............18

        3.    Plaintiff fails to state an antitrust claim. ...........................22

IV.    CONCLUSION...........................................................................24

1

# TABLE OF AUTHORITIES

2

3
**Cases**

4
*Albright v. Oliver*
510 U.S. 266 (1994) ...................................................................... 19

5
*Allwaste, Inc. v. Hecht*
65 F.3d 1523 (9th Cir. 1995) ....................................................... 14

6

7
*Am. Ad Mgmt., Inc. v. Gen. Tel. Co.*
190 F.3d 1051 (9th Cir. 1999) ..................................................... 23

8
*American Mfrs. Mut. Ins. Co. v. Sullivan*
526 U.S. 40 (1999) ........................................................................ 18

9

10
*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ...................................................................... 13

11
*Ashelman v. Pope*
793 F.2d 1072, 1078 (9th Cir. 1986) ........................................... 12

12

13
*Atascadero State Hosp. v. Scanlon*
473 U.S. 234 (1985) ...................................................................... 10

14
*Baker v. McCollan*
443 U.S. 137 (1979) ...................................................................... 19

15

16
*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1988) ....................................................... 13

17
*Beck v. Catanzarite Law Corp. et al.*
2023 WL 1999485 (S.D. Cal. 2023) .................................... passim

18

19
*Bell Atlantic Corporation v. Twombly*
550 U.S. 544 (2007) ............................................................ 6, 13, 19

20
*Bennett v. People of State of Cal.*
406 F.2d 36 (9th Cir. 1969) ......................................................... 18

21

22
*Board of Regents v. Roth*
408 U.S. 564 (1972) .................................................................. 19, 20

23
*Butz v. Economou*
438 U.S. 478 (1978) ...................................................................... 12

24

25
*BV Eng'g v. Univ. of Cal., Los Angeles*
858 F.2d 1394 (9th Cir. 1988) ..................................................... 10

26
*Cafasso v. Gen. Dynamics C4 Sys.*
637 F.3d 1047 (9th Cir. 2011) ....................................................... 6

27

28
*Chaney v. State Bar of Cal.*
386 F.2d 962 (9th Cir. 1967) ....................................................... 20

*Charley's Taxi Radio Dispatch Corp. v. SIDA of Haw., Inc.*
   810 F.2d 869 (9th Cir. 1987) ........................................................................ 9

*Clark v. Wash.*
   366 F.2d 678 (9th Cir. 1966) ................................................................. 12, 18

*Clegg v. Cult Awareness Network*
   18 F.3d 752 (9th Cir. 1994) ...................................................................... 13

*Conley v. Gibson*
   355 U.S. 41 (1957) ...................................................................................... 6

*Curry v. Yelp Inc.*
   875 F.3d 1219 (9th Cir. 2017) ................................................................... 14

*Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*
   489 U.S. 189 (1989) .............................................................................. 20, 21

*Dougherty v. City of Covina*
   654 F.3d 892 (9th Cir. 2011) ..................................................................... 14

*Edelman v. Jordan*
   415 U.S. 651 (1974) ..................................................................................... 8

*Edwards v. Marin Park, Inc.*
   356 F.3d 1058 (9th Cir. 2004) ................................................................... 16

*Fry v. Melaragno*
   939 F.2d 832 (9th Cir. 1991) ..................................................................... 12

*FTC v. Qualcomm Inc.*
   969 F.3d 974 (9th Cir. 2020) ................................................................ 10, 22

*Garcia v. Superior Court*
   50 Cal. 3d 728 (1990) ................................................................................ 18

*Ghazali v. Moran*
   46 F.3d 52 (9th Cir. 1995) ........................................................................... 6

*Giannini v. Comm. of Bar Examiners*
   847 F.2d 1434 (9th Cir. 1988) ................................................................... 20

*Gomez v. Toledo*
   446 U.S. 635 (1980) ............................................................................. 12, 19

*Grimmett v. Brown*
   75 F.3d 506 (9th Cir. 1996) ....................................................................... 14

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*
   896 F.2d 1542 (9th Cir. 1989) ................................................................... 13

*Harlow v. Fitzgerald*
   457 U.S. 800 (1982) .................................................................................. 12

*Hearns v. San Bernadino Police Dep't*
   530 F.3d 1124 (9th Cir. 2008) ..................................................................... 6

i

*Hernandez v. Cate*
 918 F. Supp. 2d 987 (C.D. Cal. 2012)..................................................17

*Hernandez v. City of San Jose*
 897 F.3d 1125 (9th Cir. 2018)............................................................21

*Hirsh v. Justices of the Supreme Court of Cal.*
 67 F.3d 708 (9th Cir. 1995)........................................................9, 11, 12

*In re Att'y Disc. Sys.*
 19 Cal. 4th 582 (1998)........................................................................2

*In re Rose*
 22 Cal. 4th 430 (2000)...................................................................2, 18

*Ivey v. Board of Regents*
 673 F.2d 266 (9th Cir. 1982)..............................................................19

*Jeffers v. Gomez*
 267 F.3d 895 (9th Cir. 2001)..............................................................12

*Johnson v. Riverside Healthcare Sys., LP*
 534 F.3d 1116 (9th Cir. 2008)......................................................11, 13

*Kearns v. Ford Motor Co.*
 567 F.3d 1120 (9th Cir. 2009)............................................................16

*Kokkonen v. Guardian Life Ins. Co. of Am.*
 511 U.S. 375 (1994) ...........................................................................8

*L.F. v. Lake Wash. Sch. Dist. #414*
 947 F.3d 621 (9th Cir. 2020)..............................................................22

*L.W. v. Grubbs*
 92 F.3d 894 (9th Cir. 1996)...............................................................21

*Levanti v. Tippen*
 585 F. Supp. 499 (S.D. Cal. 1984) ......................................................12

*Lima v. U.S. Dep't. of Educ.*
 947 F.3d 1122 (9th Cir. 2020)............................................................22

*Linda R. S. v. Richard D.*
 410 U.S. 614 (1973) .........................................................................20

*Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*
 431 F.3d 353 (9th Cir. 2005)..............................................................14

*Maldonado v. Harris*
 370 F.3d 945 (9th Cir. 2004)..............................................................18

*Margulis v. State Bar of Cal.*
 845 F.2d 215 (9th Cir. 1988)..............................................................20

*McGlinchy v. Shell Chem. Co.*
 845 F.2d 802 (9th Cir. 1988)..............................................................22

*McHenry v. Renne*
   84 F.3d 1172 (9th Cir. 1996) ................................................................. 6, 7

*Middleton v. Von Geldren*
   616 Fed. Appx. 256 (9th Cir. 2015) ......................................................... 17

*Mireles v. Waco*
   502 U.S. 9 (1991) ........................................................................................ 12

*Missouri v. Fiske*
   290 U.S. 18 (1933) ........................................................................................ 9

*Mitchell v. Washington*
   818 F.3d 436 (9th Cir. 2016) ..................................................................... 11

*Morgan v. Gonzales*
   495 F.3d 1084 (9th Cir.2007) ..................................................................... 20

*N.C. State Bd. of Dental Exam'rs v. FTC*
   574 U.S. 494 (2015) ..................................................................................... 10

*Nevijel v. N. Coast Life Ins. Co.*
   651 F.2d 671 (9th Cir. 1981) ........................................................................ 7

*Nunes v. Ashcroft*
   375 F.3d 805 (9th Cir. 2003) ..................................................................... 24

*Odom v. Microsoft Corp.*
   486 F.3d 541 (9th Cir. 2007) ............................................................... 15, 16

*Parker v. Brown*
   317 U.S. 341 (1943) ..................................................................................... 10

*Patel v. Kent Sch. Dist.*
   648 F.3d 965 (9th Cir. 2011) ..................................................................... 21

*Pennhurst State Sch. & Hosp. v. Halderman*
   465 U.S. 89 (1984) ......................................................................................... 8

*Productions & Leasing v. Hotel Conquistador*
   573 F. Supp. 717 (D. Nev. 1982), *aff'd*, 709 F.2d 21 (9th Cir. 1983) ......... 9

*Putman v. State Bar of Cal.*
   2010 WL 3070435 (C.D. Cal. 2010) ......................................................... 11

*Reddy v. Litton Indus.*
   912 F.2d 291 (9th Cir. 1990) ..................................................................... 14

*Rodriguez v. Newsom*
   974 F.3d 998 (9th Cir. 2020) ..................................................................... 21

*Rosenthal v. Justices of the Sup. Ct. of Cal.*
   910 F.2d 561 (9th Cir. 1990) ....................................................................... 2

*Sanford v. MemberWorks, Inc.*
   625 F.3d 550 (9th Cir. 2010) ..................................................................... 17

iii

*Sato v. Orange Cty. Dep't of Educ.*
   861 F.3d 923 (9th Cir. 2017) ............................................................... 8

*Savage v. Council on American-Islamic Relations, Inc.*
   2008 WL 2951281 (N.D. Cal. July 25, 2008) .............................. 17

*Savage v. Glendale Union High Sch. Dist. No. 205*
   343 F.3d 1036 (9th Cir. 2003) ..................................................... 8, 17

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*
   806 F.2d 1393 (9th Cir. 1986) ........................................................ 16

*Scott v. Breeland*
   792 F.2d 925 (9th Cir. 1986) ............................................................ 8

*Shanks v. Dressel*
   540 F.3d 1082 (9th Cir. 2008) ....................................................... 20

*Silverton v. Department of Treasury*
   449 F. Supp. 1004 (C.D. Cal. 1978) ............................................. 18

*Simon v. Hartford Life, Inc.*
   546 F.3d 661 (9th Cir. 2008) .......................................................... 23

*Smith v. Arkansas State Highway Employees*
   441 U.S. 463 (1979) ......................................................................... 21

*Stock W., Inc. v. Confederated Tribes of Colville Reservation*
   873 F.2d 1221 (9th Cir. 1989) .......................................................... 8

*Sweaney v. Ada County*
   119 F.3d 1385 (9th Cir. 1997) ....................................................... 22

*Tanasescu v. State Bar of Cal.*
   2012 WL 1401294 (C.D. Cal. Mar. 26, 2012) ........................... 18

*Town of Castle Rock v. Gonzales*
   545 U.S. 748 (2005) ......................................................................... 20

*United States v. Ritchie*
   342 F.3d 903 (9th Cir. 2003) .......................................................... 14

*Usher v. City of Los Angeles*
   828 F.2d 556 (9th Cir. 1987) .......................................................... 13

*Will v. Mich. Dep't. of State Police*
   491 U.S. 58 (1989) ............................................................... 9, 11, 18

*Wolfe v. Strankman*
   392 F.3d 358 (9th Cir. 2004) .......................................................... 18

**Statutes**

15 U.S.C.
   § 1 ....................................................................................................... 22
   § 15(a) ............................................................................................... 23

iv

18 U.S.C
    § 1341 ................................................................................ 4, 15
    § 1343 ................................................................................ 4, 15
    § 1654 .................................................................................... 23
    § 1962(c) ................................................................................ 14
    § 1962(d) ............................................................................... 14
    § 1964(c) ................................................................................ 14
    § 1961(4) ............................................................................... 14
    § 1983 ............................................................................. passim

California Business & Professions Code
    §§ 6001 et seq ........................................................................ 2
    § 6044 .................................................................................... 2

**Rules**

Federal Rules of Civil Procedure
    rule 8(a)(2) .............................................................................. 6
    rule 8(d)(1) ........................................................................... 6, 7
    rule 9(b) ................................................................................ 16
    rule 12(b)(1) ......................................................................... 1, 8
    rule 12(b)(6) ..................................................................... passim

Local Rule
    rule 40.1(f) ............................................................................. 3

**Constitutional Provisions**

California Constitution
    art. VI, § 9 ....................................................................... 2, 18

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.  INTRODUCTION**

In his second-filed RICO action against the State Bar and its officials and employees, Plaintiff's claims arise out of Plaintiff's apparent displeasure with the State Bar when it declined to prosecute disciplinary complaints he submitted against California attorneys, along with his general dissatisfaction with the State Bar as a public entity.  Much like the FAC in his first-filed RICO action, which this Court dismissed with leave to amend in case number 22-cv-01616, Plaintiff makes wide-reaching, baseless, and conclusory allegations of wrongdoing and fraud, none of which has any basis.  In short, Plaintiff's disgruntlement with the State Bar's prosecutorial decisions has neither factual nor legal merit and Plaintiff does not establish a plausible constitutional or federal claim.

First, the FAC should be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Although proceeding in *pro se*, Plaintiff is obligated to comply with the pleading requirements of Rule 8.  Plaintiff's 335-paragraph FAC lacks the requisite short and plain statement demonstrating his entitlement to relief, let alone sufficient allegations that provides fair notice to the State Bar defendants of their alleged wrongdoing.  Second, the FAC and each and every one of its claims should be dismissed for lack of subject matter jurisdiction. The Eleventh Amendment of the United States Constitution bars Plaintiff's claims against the State Bar as well as the State Bar defendants sued in their official capacities.  The State Bar is also immune from antitrust liability, and thus Plaintiff cannot state a claim for violation of the Sherman Act or Clayton Act.  The State Bar defendants performing in a role as State Bar prosecutors, or those similar to State Bar prosecutors, are entitled to absolute, quasi-judicial immunity.  Third, the FAC should be dismissed for failure to allege sufficient facts to state a claim. Indeed, none of Plaintiff's allegations give rise to claims that are plausible on their face.

1    Because all of Plaintiff's claims suffer from fatal defects that cannot be

2    cured by further amendment, this Court should dismiss the FAC with prejudice.

3    **II. BACKGROUND**

4    **A.    The Nature of The State Bar and Its Role and Duties.**

5    Defendant the State Bar of California is the government agency responsible

6    for the admission, discipline, and regulation of attorneys.  The State Bar is a public

7    corporation established by the California State Constitution and operates as an

8    administrative arm of the California Supreme Court.  *See* Cal. Const., art. VI, § 9;

9    Cal. Stats. 1927, Ch. 34, Cal. State Bar Act, codified at Cal. Bus. & Prof. Code,

10    §§ 6001 et seq.; *In re Rose*, 22 Cal. 4th 430, 438 (2000) ("The State Bar is a

11    constitutional entity, placed within the judicial article of the California

12    Constitution, and thus expressly acknowledged as an integral part of the judicial

13    function.").  Although the State Bar conducts its proceedings under statutory

14    authority, it is well established that the California Supreme Court retains inherent

15    power to control all matters related to attorney admissions and discipline.  *See In re*

16    *Att'y Disc. Sys*., 19 Cal. 4th 582, 598-99 (1998); *Rosenthal v. Justices of the Sup.*

17    *Ct. of Cal*., 910 F.2d 561, 566-67 (9th Cir. 1990).  The State Bar's Office of Chief

18    Trial Counsel is charged with investigation and prosecution of disciplinary

19    complaints against attorneys licensed by the State Bar.  Cal. Bus. & Prof. Code,

20    § 6044.

21    **B.    Plaintiff's Disciplinary Complaints Against Kenneth Catanzarite**
     **and Catanzarite Attorneys.**

22

23    Starting in 2018, Plaintiff was involved in civil litigation in Orange County

24    Superior Court with respect to a business dispute relating to Cultivation

25    Technologies, Inc. ("CTI") and Mobile Farming Systems, Inc. ("MFS").  FAC ¶¶

26    37, 81-116, 133-34.  The litigation involved multiple attorneys, including

27    defendant Kenneth Catanzarite as well as Brandon Woodward, Tim O'Keefe,

28    Nicole Marie Catanzarite Woodward, and Jim Tice (collectively "Catanzarite

attorneys"). FAC ¶¶ 40, 81-116, 133-34. Starting in 2020, Plaintiff filed disciplinary complaints against three of the Catanzarite attorneys to the State Bar. FAC ¶¶ 117-122, 124, 130. The State Bar declined to prosecute the Catanzarite attorneys at this time.[1] *See* FAC ¶¶ 117-120.

### C. Plaintiff's First Federal Action Against The State Bar and Individual State Bar Defendants.

On October 19, 2022, Plaintiff his first action in federal court bringing RICO and other claims against the State Bar in this Court (3:22-cv-01616-BAS-DDL) (hereinafter the "RICO I case"). *Beck v. Catanzarite Law Corp. et al.*, 2023 WL 1999485 at *1 (S.D. Cal. 2023). On February 14, 2023, this Court in the RICO I case issued a detailed order and *sua sponte* dismissed the First Amended Complaint and terminated all pending motions. *Id*. In that order, this Court noted that the instant case appears to be a nearly identical suit to the RICO I case. *Id*. at *10, n.12.

On February 16, 2023, pursuant to Local Rule 40.1(f), the State Bar defendants filed a notice of related cases and requested that the instant case be reassigned to the same judge assigned the RICO I case. Dkt No. 8. On February 27, 2023, the Court entered an order transferring the instant case. Dkt. No. 11.

### D. Plaintiff's Allegations Against The State Bar and the Individual State Bar Defendants In This Action.

On February 2, 2023, Plaintiff filed the FAC in this action. The FAC is 60 pages in length and contains 335 paragraphs. The FAC contains seven causes of

---

[1] Plaintiff filed a state court action against the Catanzarite attorneys in 2020 (*Beck v. Catanzarite, et al*., O.C. Super. Ct., Case No. 30-2020-01145998) as well as a state court action against the State Bar and its official and employees in 2021 (*Beck v. The State Bar of California, et al*., O.C. Super. Ct., Case No. 30-2021-01237499). *See* Dkt No. 8. Plaintiff removed the state court actions to the Central District of California (8:23-cv-00022-FWS-ADS, 8:23-cv-00018-JVS-DFM). *See* Dkt No. 8. However, both were remanded by the district court. *See* Dkt No. 8.

action, all of which are alleged against either the State Bar or its official and employees.  Counts 1 through 4 are Racketeer Influenced and Corrupt Organization Act ("RICO") claims.  Counts 5 and 6 are 42 U.S.C. § 1983 ("Section 1983") claims.  Count 7 is an antitrust claim.

As for the State Bar officials and employees named in the FAC in this action, Ruben Duran is the Chair of the State Bar's Board of Trustees.  *See* FAC ¶ 42.  Suzanne Grandt is a State Bar employee in the Office of General Counsel.[2]  FAC ¶¶ 41, 122.  Eli Morgenstern is a State Bar employee in the Office of Chief Trial Counsel who was assigned to the matters opened in response to Plaintiff's disciplinary complaints against the Catanzarite attorneys.  FAC ¶¶ 43, 117-120.

Generally, and as best as the State Bar defendants can tell due to the often confusing allegations, Plaintiff alleges that the State Bar defendants have conspired in unlawful activities and a fraudulent scheme with the Catanzarite attorneys to take Plaintiff's money, business, and property and cover up the scheme.  Plaintiff contends that the State Bar controls the "entire judicial system" and the "majority of [its] daily activities constitute mail and wire fraud."  FAC ¶¶ 53, 56.  According to Plaintiff, the State Bar "conducts a pattern of racketeering activity by mail and wire approximately 44 times per day and 16,000 times per year."  FAC ¶ 39.

For Plaintiff's RICO claims (counts 1 through 4), Plaintiff alleges that the defendants have engaged in mail and wire fraud (18 U.S.C §§ 1341, 1343).  FAC ¶¶ 46-57.  Plaintiff's allegations focus on the litigation involving the Catanzarite attorneys (FAC ¶¶ 81-116, 133-34) as well as the State Bar declining to prosecute Plaintiff's disciplinary complaints against the Catanzarite attorneys (FAC ¶¶ 117-

---

[2]  Plaintiff's allegations also refer to other State Bar employees in the Office of General Counsel.  Ellin Davtyan is the General Counsel of the State Bar.  *See* FAC ¶ 131.  Robert Retana is the Deputy General Counsel of the State Bar.  *See* FAC ¶ 128.  Carissa Andresen is an Assistant General Counsel of the State Bar.  *See* FAC ¶ 124, 130.

120, 122, 124, 130).  Plaintiff also makes allegations with respect to his filing of an antitrust petition for review to the California Supreme Court.  FAC ¶¶ 125-132.

For Plaintiff's Section 1983 claims (counts 5 and 6), Plaintiff alleges that the State Bar defendants violated his due process rights under the Fourteenth Amendment of the United States Constitution.  FAC ¶¶ 267-299.  Plaintiff also alleges that the State Bar defendants violated his right to petition under the First Amendment.  FAC ¶¶ 300-314.  For Plaintiff's antitrust claim (count 7), citing both the Sherman Act and Clayton Act, Plaintiff alleges that the State Bar has violated antitrust laws and injured both Plaintiff and the general public.  FAC ¶¶ 315-332.  Plaintiff also seeks the designation of a racketeering investigator.  FAC ¶¶ 329-330.

Plaintiff alleges that the State Bar defendants have engaged in unlawful activities and a fraudulent scheme against him and the general public, which, in turn, has damaged his business, property, and rights under the U.S. Constitution. FAC ¶¶ 2, 4-5, 8, 39, 53, 56, 137-146, 147-159.  Plaintiff seeks a wide array of relief from the State Bar defendants, including monetary and punitive damages as well as injunctive relief.  FAC ¶¶ 137-159, 193-195, 216-217, 222, 244, 248-250, 265-266, 282-293, 296-299, 308, 311-314, 328-332, 334.  For example, Plaintiff seeks over $50 million in damages in his second cause of action alleging RICO violations (FAC ¶¶ 216-217), while he seeks over $138 million in damages and up to $1.38 ***billion*** in punitive damages in his fifth cause of action alleging due process violations (FAC ¶¶ 282-293).  Plaintiff also seeks a permanent injunction against the State Bar and for the State of California to "provide ongoing, active supervision and control through the California State Auditor and an independent, non-active market participant function unaffiliated with the State Bar of California with federal oversight."  FAC ¶ 332.

III.   **ARGUMENT**

   A.   **The FAC Should Be Dismissed for Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure.**

To comply with Rule 8, a pleading must contain a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Each allegation must be "simple, concise, and direct . . . ."  Fed. R. Civ. P. 8(d)(1).  The purpose of this requirement is to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'".  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Rule 8 is a basis for dismissal independent from Rule 12(b)(6).  *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).

*Pro se* litigants must comply with the pleading requirements in Rule 8.  *McHenry v. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Dismissal under Rule 8 is appropriate when the complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised."  *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (internal quotation omitted); s*ee Cafasso v. Gen. Dynamics C4 Sys.,* 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

Here, even with *pro se* status, Plaintiff is still required to submit a pleading that complies with Rule 8.  However, none of the FAC's 335 paragraphs exhibit a "short and plain statement showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Just as this Court found as to the FAC in the RICO I case, the FAC here is "devoid of cogent factual details that 'present a story that holds together' about the subject matter of the instant case."  *Beck*, 2023 WL 1999485 at *5 (citation omitted).  There is simply no nonconclusory allegations demonstrating how each

State Bar defendant's conduct violates the law, much less how Plaintiff was purportedly injured by such conduct. The FAC falls short of the fair-notice standard delineated by the Rule and is far from "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1).

Instead, much like the FAC in the RICO I case (*see Beck*, 2023 WL 1999485 at *5), the FAC is disjointed and full of unintelligible legal jargon (*see, e.g.*, FAC ¶¶ 13-18, 28, 46-48, 58-59, 135-136, 161. 211-213. 231-235, 269-270, 302-303, 317-319) and repetitive conclusory allegations of wrongdoing and damages (*see, e.g.,* FAC ¶¶ 19-27, 29-31, 34-35, 38-39, 41-43, 49-57, 131-132, 137-159, 164-166, 179-182, 200-203, 214, 229-230, 254-258, 272-281, 304-307, 320-324). Complaints like the FAC that are "verbose, confusing and almost entirely conclusory" fail to meet the standards under Rule 8. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

The FAC contains digressions that appear to have little bearing on any legal claims Plaintiff may be asserting. *See McHenry*, 84 F.3d at 1178-80 (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). For example, paragraphs 58 through 80 appear under a heading entitled "Pattern of Racketeering Activity," yet the majority of these paragraphs (65 through 80) contain allegations with respect to nonparties to this action. Throughout the FAC, it is also unclear how much Plaintiff actually seeks in damages. For example, in his fifth cause of action, Plaintiff lists the same amount ($138,889,249) in 11 different paragraphs for various alleged injuries and damages. In the Civil Cover Sheet accompanying his initial complaint, Plaintiff indicates that he is demanding $2 billion. Dkt. No. 1-1. Thus, the FAC precludes an intelligible response and warrants dismissal under Rule 8.

### B.   The FAC Should Be Dismissed for Lack of Subject Matter Jurisdiction.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the Court.  *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039-40 (9th Cir. 2003).  "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by the Constitution or a statute, which is not to be expanded by judicial decree."  *Id.*  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock W., Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to a Rule 12(b)(1) motion to dismiss.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994); *see Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  On its face, each of Plaintiff's claims fails because this Court lacks subject matter jurisdiction.[3]

#### 1.   The Eleventh Amendment of the United States Constitution bars Plaintiff's claims against the State Bar.

A suit in federal court against a state or one of its agencies or departments is prohibited by the Eleventh Amendment, unless either the State consents to waive its sovereign immunity or Congress abrogates it.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  The Eleventh Amendment recognizes a state's sovereign immunity and has long been construed by the courts to extend to suits brought against a state by its own citizens.  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, the Court has consistently held that an

---

[3]  In the Ninth Circuit, sovereign and sovereign-state immunity are appropriately analyzed under either Rule 12(b)(1) or 12(b)(6).  *See Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 n. 2 (9th Cir. 2017).

unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."), overruled on other grounds, *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 89, 93 (1989). This jurisdictional bar applies regardless of the nature of the relief sought. *See id.* at 100-01; *see also Missouri v. Fiske*, 290 U.S. 18, 27 (1933) ("Expressly applying to suits in equity as well as at law, the [Eleventh] Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State.").

Here, every single cause of action is alleged against the State Bar itself. FAC ¶¶ 160-332. However, the State Bar, as an arm of the Supreme Court of the State of California, is immune from suit in federal court under the Eleventh Amendment. *See, e.g.*, *Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court."). Plaintiff asserts RICO claims, Section 1983 claims, and an antitrust claim. The State Bar has not consented to suit in federal court, nor did Congress intend the RICO Act, Section 1983, or antitrust laws to abrogate Eleventh Amendment immunity. *See Productions & Leasing v. Hotel Conquistador*, 573 F. Supp. 717, 720 (D. Nev. 1982), *aff'd*, 709 F.2d 21 (9th Cir. 1983) ("Without a clear showing that Congress intended abrogation of the Eleventh Amendment governmental immunity, this Court will not infer that the RICO Act deprives the State[] of its protection."); *Will*, 491 U.S. at 68 ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]"); *Charley's Taxi Radio Dispatch Corp. v. SIDA of Haw., Inc.*, 810 F.2d 869, 873-74 (9th Cir. 1987) (holding the Eleventh Amendment bars claims brought under the Sherman Act against a State and its instrumentalities).

The FAC contains allegations with respect to the California Government Claims Act. FAC ¶¶ 13-17, 23, 26, 28-30, 184, 232. Although the State has

consented to be sued in its own courts for certain tort claims pursuant to the California Government Claims Act, such consent does not constitute consent to suit in federal court. *See BV Eng'g v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Article III, section 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity).

Because the State Bar is immunized by the Eleventh Amendment from any claims Plaintiff might assert against it in this Court, the State Bar should be dismissed from this case with prejudice.

### 2. The State Bar is immune from antitrust liability.

Plaintiff's seventh cause of action alleges antitrust violations. FAC ¶¶ 315-332. However, state entities acting in their sovereign capacity are immune from antitrust liability under *Parker v. Brown*, 317 U.S. 341 (1943). "A nonsovereign actor controlled by active market participants . . . enjoys Parker immunity only if it satisfies two requirements: first that the challenged restraint be one clearly articulated and affirmatively expressed as state policy, and second that the policy be actively . . . supervised by the state." *N.C. State Bd. of Dental Exam'rs v. FTC*, 574 U.S. 494, 503-04 (2015) (citations omitted). In 2017, the California Supreme Court adopted the State Bar Antitrust Policy, which specifies that "[t]he Supreme Court's authority over the State Bar includes the authority to review State Bar actions for antitrust issues and impacts on competition," including those under the Sherman Act and Clayton Act. Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), Ex. 1 at 1. Thus, the State Bar is immune from Plaintiff's claim that the State Bar has engaged in antitrust violations under either the Sherman Act or Clayton Act (count 7).

1

### 3. The Eleventh Amendment Applies to Individual State Bar Defendants Sued In Their Official Capacities.

2

3   An official capacity claim is really a claim against the agency itself.  "[A]

4   suit against a state official in his or her official capacity is not a suit against the

5   official but rather is a suit against the official's office. [citation]  As such, it is no

6   different from a suit against the State itself."  *Will*, 491 U.S. at 71.  Like the State

7   Bar that employs them, the individual State Bar defendants enjoy Eleventh

8   Amendment immunity from claims brought against them in their official

9   capacities.  *Hirsh*, 67 F.3d at 715 (the State Bar's Eleventh Amendment immunity

10  "extends to the individual defendants acting in their official capacities."); *Putman*

11  *v. State Bar of Cal*., 2010 WL 3070435 at *6 (C.D. Cal. 2010) ("State officers

12  acting in their official capacities receive the same immunity from suit as the

13  government agency that employs them.").

14  Here, the FAC appears to indicate that the individual State Bar defendants

15  (Duran, Grandt, and Morgenstern) are sued in both their official and individual

16  capacities.  FAC ¶¶ 41-43.  As to the official capacity claims, the Eleventh

17  Amendment bars Plaintiff's claims against these individual defendants.  *See*

18  *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh

19  Amendment bars claims for damages against a state official acting in his or her

20  official capacity.").  Because a claim against defendants who are absolutely

21  immune from suit lacks a "cognizable legal theory," Plaintiffs' claims against the

22  State Bar and its officer and employees in their official capacities are subject to

23  dismissal under Rule 12(b)(6).  *See Johnson*, 534 F.3d at 1121.

24

### 4. Defendants Eli Morgenstern and Suzanne Grandt are also entitled to absolute, quasi-judicial immunity, and, at a minimum, all individual State Bar defendants have qualified immunity.

25

26

27  In addition to their Eleventh Amendment immunity for the official capacity

28  claims, State Bar prosecutors have quasi-judicial immunity from monetary

11

1   damages.  *Levanti v. Tippen*, 585 F. Supp. 499, 504 (S.D. Cal. 1984); *Clark v.*

2   *Wash.*, 366 F.2d 678, 681 (9th Cir. 1966).  Agency prosecuting attorneys are

3   entitled to quasi-judicial immunity so long as they perform functions similar to

4   prosecutors in a setting like that of a court.  *Hirsh*, 67 F.3d at 715.  This immunity

5   is absolute and cannot be overcome by allegations of bad faith, conspiracy, or

6   malice.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072,

7   1078 (9th Cir. 1986).

8        Here, State Bar defendants Eli Morgenstern and Suzanne Grandt are entitled

9   to absolute immunity from suit for damages.  The factual allegations regarding

10   Defendant Eli Morgenstern relate to his work as Senior Trial Counsel in the Office

11   of Chief Trial Counsel on the matters opened in response to Plaintiff's disciplinary

12   complaints against the Catanzarite attorneys.  FAC ¶¶ 43, 117-118.  Since his acts

13   alleged are those performed in his role as a State Bar prosecutor, he is also entitled

14   to absolute, quasi-judicial immunity from suit.  The factual allegations regarding

15   Defendant Suzanne Grandt relate to her work as Assistant General Counsel in the

16   Office of General Counsel on litigation with Plaintiff.  FAC ¶¶ 41, 122.  Since the

17   alleged actions of Ms. Grandt are sufficiently analogous to a State Bar prosecutor,

18   she is entitled to absolute, quasi-judicial immunity from suit.  *See Butz v.*

19   *Economou*, 438 U.S. 478, 515 (1978); *Fry v. Melaragno*, 939 F.2d 832, 838 (9th

20   Cir. 1991) (extending absolute immunity to government attorneys in civil actions).

21        At the very minimum, the individual State Bar defendants are entitled to

22   qualified immunity from suit for any allegations that are unrelated to actions

23   performed in a prosecutorial function.  Government employees are entitled to

24   qualified immunity "unless their conduct violates 'clearly established statutory or

25   constitutional rights of which a reasonable person would have known.'"  *Jeffers v.*

26   *Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S.

27   800, 818 (1982).  The FAC is bereft of allegations that any non-prosecutorial

28

1    action taken by the individual State Bar defendants violated such clearly

2    established rights.

3          **C.**    **The FAC should be Dismissed Because It Fails to Allege Sufficient Facts to State a Claim.**

4

5          Rule 12(b)(6) authorizes dismissal of a pleading for "failure to state a claim

6    upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6)

7    dismissal may be based on either a 'lack of cognizable legal theory' or 'the

8    absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v.*

9    *Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting

10    *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

11          To survive a motion to dismiss for failure to state a claim, a plaintiff must

12    allege "enough facts to state a claim to relief that is plausible on its face[.]" *Bell*

13    *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must thus allege facts

14    that consist of "more than a sheer possibility that a defendant has acted

15    unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege

16    "more than labels and conclusions, and a formulaic recitation of the elements of a

17    cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, a plaintiff must

18    allege facts sufficient to "raise a right to relief above the speculative level." *Id*.

19    While a court must accept as true the allegations of the complaint and construe the

20    pleading in the light most favorable to the plaintiff (*see Usher v. City of Los*

21    *Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)), the "court is not required to accept

22    legal conclusions cast in the form of factual allegations if those conclusions cannot

23    reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*,

24    18 F.3d 752, 754-55 (9th Cir. 1994).

25          A district court generally will not consider evidence or documents beyond

26    the complaint in the context of a Federal Rule of Civil Procedure 12(b)(6) motion

27    to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

28    1550 (9th Cir. 1989). Courts may, however, "consider certain materials –

documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  When amendment of a complaint would be futile, as it would be here, it is appropriate for the district court to dismiss the complaint with prejudice.  *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017); *Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011).

Applying these standards, as discussed below, even if the State Bar defendants were not immune from suit, and they are, Plaintiff's claims are wholly lacking in merit, and the Court should dismiss the FAC.

### 1.     Plaintiff fails to state a claim under RICO.

Counts 1 through 4 of the FAC are all premised on alleged violations of RICO.  FAC ¶¶ 160-266.  In order to state a civil RICO claim, plaintiff must allege facts showing: "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'"  *Living Designs, Inc. v. E.I. Dupont de Nemours and Co*., 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)); 18 U.S.C. § 1964(c).  In order to state a claim for RICO conspiracy, Plaintiff must allege that a person conspired to violate § 1962(c), that he suffered injury by reason of overt acts, and that those overt acts constitute predicate acts under the RICO statute, which were in furtherance of the conspiracy. *See Reddy v. Litton Indus*., 912 F.2d 291, 295 (9th Cir. 1990); 18 U.S.C. § 1962(d). In order to prevail under RICO, the predicate acts alleged "must establish a pattern of criminal activity."  *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995) (internal quotations omitted).

Plaintiff's RICO claims fail for multiple reasons.  As an initial matter, Plaintiff fails to plausibly allege a RICO enterprise, which is defined "to include any individual, partnership, corporation, association, or other legal entity, and any

union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4). Plaintiff attempts to allege that there is an associated-in-act enterprise among Kenneth Catanzarite and all the State Bar defendants (FAC ¶¶ 160-266), but fails to meet the minimum pleading requirements. To establish the existence of such an enterprise, a plaintiff must provide both "evidence of an ongoing organization formal or informal," and "evidence that the various associates function as a continuing unit." *Odom v. Microsoft Corp*., 486 F.3d 541, 552 (9th Cir. 2007) (en banc) (an associated-in-fact enterprise is one that (1) has a common purpose, (2) has an ongoing organization, and (3) consists of a continuing unit). At a minimum, Plaintiff must set forth particularized allegations that had a common purpose to engage in fraudulent conduct and work together to achieve that purpose. *Id*.

The FAC fails to do this. Instead, Plaintiff generally alleges a conspiracy involving Kenneth Catanzarite, the State Bar, and the individual State Bar defendants who have been associated with Plaintiff's complaints to the State Bar and subsequent litigation with Plaintiff.[4] FAC ¶¶ 81-133. Plaintiff alleges that, during the litigation involving CTI and MFS, Kenneth Catanzarite engaged in various fraudulent conduct to take control of MFS. FAC ¶¶ 37, 81-116, 133-134, 166-174. Plaintiff further alleges that the State Bar defendants engaged in fraudulent conduct and "unlawfully protect[ed]" Kenneth Catanzarite and the Catanzarite attorneys. FAC ¶ 117; *see also* FAC ¶¶ 179-180, 239, 251-266. Plaintiff alleges that the individual State Bar defendants (Duran, Grandt) were "appointed due to their willingness to defraud Courts or the public with impunity, including through carrying on the conduct of the [Kenneth Catanzarite] enterprise."

---

[4] In the RICO I case, Plaintiff names additional defendants, including the Orange County Superior Court and the judge assigned to Plaintiff's matter as well as the Clerk of the California Supreme Court. *Beck*, 2023 WL 1999485 at *1, 9-10.

FAC ¶ 179; *see also* FAC ¶¶ 117-120, 122, 124, 130, 176-178.  The alleged conspiracy is so vague and wide-reaching that it strains credulity.

In addition, Plaintiff alleges that various State Bar communications were mail and wire fraud (18 U.S.C. §§ 1341, 1343) — indeed Plaintiff asserts that that the "majority" of the State Bar's "daily activities constitute mail and wire fraud." FAC ¶¶ 46-47, 56, 117-120, 122, 124-132.  Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud.  *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1400 (9th Cir. 1986).  Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud," while "[m]alice, intent, knowledge, and other conditions of a person's mind may be averred generally." Consequently, "[t]he only aspects of wire [or mail] fraud that require particularized allegations are the factual circumstances of the fraud itself."  *Odom*, 486 F.3d at 547, 554.  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009). Any averments which do not meet that standard should be "disregarded," or "stripped" from the claim for failure to satisfy Rule 9(b)."  *Id*.  Accordingly, "[t]o avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir. 2004).

Plaintiff fails to allege with any particularity the purported fraud, much less criminal activity, by the State Bar defendants.  Instead, Plaintiff simply mischaracterizes communications and proceedings related to the State Bar

declining to prosecute the Catanzarite attorneys (FAC ¶¶ 117-120, 122, 124, 130) as well as Plaintiff's antitrust petition for review to the California Supreme Court (FAC ¶¶ 125-132).  Plaintiff's conclusory allegations cannot make ordinary conduct into fraudulent conduct.  For example, Plaintiff alleges that, in furtherance of the RICO enterprise, the State Bar mailed Plaintiff an Orange County Superior Court filing on February 14, 2022.  FAC ¶ 124.  It strains credulity that such a simple matter — the State Bar mailing Plaintiff a copy of a filing — is part of the RICO enterprise.  Plaintiff further alleges that the State Bar "conducts a pattern of racketeering activity by mail and wire approximately 44 times per day and 16,000 times per year."  FAC ¶ 39.  Such baseless and conclusory allegations are manifestly insufficient to establish the requisite predicate acts under RICO.  *See Middleton v. Von Geldren*, 616 Fed. Appx. 256, 256-57 (9th Cir. 2015); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557, 559 (9th Cir. 2010) (explaining that, to plead a RICO conspiracy claim, the plaintiff must first adequately plead a substantive violation of RICO); *Hernandez v. Cate*, 918 F. Supp. 2d 987, 1019 (C.D. Cal. 2012); *Savage v. Council on American-Islamic Relations, Inc.*, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (RICO claim insufficient where plaintiff set forth a "redundant narrative of allegations and conclusions of law but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO").  Plaintiff even alleges that the California Supreme Court clerk opening a court case and the California Supreme denying his antitrust petition for review are part of the RICO enterprise and mail and wire fraud.  FAC ¶¶ 125-132.

Because Plaintiff has not and cannot allege any specific facts that could plausibly establish the State Bar defendants engaged in criminal activity in connection with declining to prosecute the Catanzarite attorneys, any RICO claim that could be asserted by Plaintiff necessarily fails.  As Plaintiff has failed to state a

1   claim under RICO, his request to designate a racketeering investigator (in count 7)

2   must also fail.

3          **2.      Plaintiff fails to state a claim under Section 1983.**

4         To establish a claim for relief under Section 1983, Plaintiff must establish:

5   (1) a deprivation of federal rights; (2) by a person acting under color of state law.

6   *See* 42 U.S.C. § 1983; *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-

7   50 (1999).  Plaintiff has not and cannot meet either of these requirements in his

8   Section 1983 claims set forth in counts 5 and 6, and this Court should therefore

9   dismiss such claims.

10        By its terms, only a "person" who violates Section 1983 is subject to liability

11   under that statute.  *See* 42 U.S.C. § 1983.  It is well established that a state, like

12   California, is not subject to suit under Section 1983 because it does not constitute a

13   "person" under the statute.  *See Will*, 491 U.S. at 70-71; *Wolfe v. Strankman*, 392

14   F.3d 358, 367 (9th Cir. 2004).  State agencies are similarly not "persons" subject to

15   suit.  *See Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (Caltrans not

16   subject to suit under Section 1983); *Bennett v. People of State of Cal.*, 406 F.2d 36,

17   39 (9th Cir. 1969) ("[S]tate agencies such as the California Adult Authority and the

18   California Department of Corrections, which are but arms of the state government,

19   are not 'persons' within the meaning of the Civil Rights Act.").

20        Here, the State Bar is an arm of the judicial branch of the State of California.

21   *See* Cal. Const., art. VI, § 9; *In re Rose*, 22 Cal. 4th at 438.  For that reason, the

22   State Bar is not a "person" subject to suit under Section 1983.  *Will*, 491 U.S. at

23   70-71 (neither states nor governmental entities that are considered "arms of the

24   State" for Eleventh amendment purposes are "persons" subject to suit under

25   section 1983); *see Silverton v. Department of Treasury*, 449 F. Supp. 1004, 1006

26   (C.D. Cal. 1978) (citing *Clark*, 366 F.2d at 681).  Moreover, when a state official is

27   sued in his or her official capacity, that individual is not considered a "person"

28   subject to suit under section 1983.  *Garcia v. Superior Court*, 50 Cal. 3d 728, 738-

39 (1990).  Because this defect with any claim Plaintiff might assert pursuant to Section 1983 cannot be cured through amendment, leave to amend is not warranted.  *See Tanasescu v. State Bar of Cal.*, 2012 WL 1401294, at *10 (C.D. Cal. Mar. 26, 2012).

Nor can Plaintiff assert a Section 1983 claim against the State Bar defendants in their individual capacities.  Section 1983 is not itself a source of substantive rights, but rather it is a remedy for violations of rights conferred by the United States and federal statutes.  *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).  Thus, a Section 1983 cause of action cannot stand alone; rather, a plaintiff must allege that he was deprived or suffered deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Plaintiff's allegations must satisfy "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" and must include "[f]actual allegations" sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Moreover, Plaintiff must allege sufficient facts to demonstrate that the individual Defendants were personally involved in the deprivation.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Here, Plaintiff's allegations accomplish none of these things.  Count 5 contains the heading "FOURTEENTH AMENDMENT – DUE PROCESS STATE CREATED DANGER."  FAC at p 52.  Plaintiff alleges that the State Bar defendants' unlawful conduct deprived him of his right under the Fourteenth Amendment "to be free from a government employee affirmatively placing plaintiff in a position of actual, particularized danger . . . ."  FAC ¶ 274.  In Count 6, Plaintiff alleges that the State Bar defendants deprived him of his rights under

the First Amendment to petition the government and access the courts.  FAC ¶¶ 302-306.

To the extent that Plaintiff alleges due process violations (FAC at p. 52), which is unclear given how Plaintiff has framed this claim, "the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008).  The first element is critical: "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).

Even ignoring the wholly speculative and conclusory nature of Plaintiff's allegations (FAC ¶¶ 267-299, 300-314), Plaintiff has not stated a due process claim because he has no protected liberty or property interest in having the State Bar prosecute lawyers about whom he complains.  The Ninth Circuit has repeatedly held that conduct by the State Bar and its agents in connection with attorney discipline cannot constitute a deprivation of any federally protected rights.  *See e.g., Chaney v. State Bar of Cal*., 386 F.2d 962, 966 (9th Cir. 1967); *Margulis v. State Bar of Cal*., 845 F.2d 215, 216-17 (9th Cir. 1988); *Giannini v. Comm. of Bar Examiners*, 847 F.2d 1434, 1435 (9th Cir. 1988).  There is no constitutionally protected right to have the State prosecute someone else.  "[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. . . . [A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.,* 410 U.S. 614, 619 (1973).  "[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005).  Indeed, as a general matter, "the Due Process Clauses generally

confer no affirmative right to governmental aid. . . ." *Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989).  Moreover, the Fourteenth Amendment typically does not impose a duty upon the State to protect individuals from third parties.  *Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir.2007).

To the extent that Plaintiff alleges a state-created danger exception (FAC at p. 52, ¶ 274-280), a state's failure to protect may give rise to a Section 1983 claim "when the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known or obvious danger."  *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971-72 (9th Cir. 2011) (internal quotations omitted).  For a defendant to act with deliberate indifference, he must recognize the unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff.  *L.W. v. Grubbs*, 92 F.3d 894, 899 (9th Cir. 1996). Ultimately, a state actor needs to know that something is going to happen but ignore the risk and expose the plaintiff to it.  *Id.* at 900.  The only allegations that appear to pertain to this exception is comprised entirely of labels and conclusory allegations.  FAC ¶¶ 267-299.  Such generic and conclusory allegations of affirmative acts and deliberate indifference are insufficient.  *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1133 (9th Cir. 2018) (relevant inquiry for affirmative acts is whether state action left the plaintiff in situation more dangerous than the one he already faced); *Patel*, 648 F.3d at 974 (deliberate indifference is a stringent standard of fault and requires a culpable mental state); *Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (not enough that Plaintiff's harm might have been foreseeable).

Nor has Plaintiff stated a Section 1983 claim for the alleged violation of his right to petition under the First Amendment (Count 6).  "The right to petition protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes. . . .  But this right is uni-directional; it does not require government officials or politicians to respond, or

even listen, to citizens." *Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020); *see Smith v. Arkansas State Highway Employees*, 441 U.S. 463, 465 (1979). "And because the government is under no constitutional obligation to respond to such views, there is no violation where a government entity . . . ignores (or threatens to ignore) communications . . . ." *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 626 (9th Cir. 2020).

The FAC thus fails to advance sufficient facts to establish that Plaintiff suffered a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States.[5]   Accordingly, any claim Plaintiff might assert pursuant to Section 1983 fails.

### 3.   Plaintiff fails to state an antitrust claim.

Even if the State Bar was not immune from antitrust liability (and it is), Plaintiff fails to allege an antitrust claim (count 7).  Plaintiff cites Section 1 of the Sherman Antitrust Act as well as Section 4 of the Clayton Antitrust Act.  FAC ¶¶ 317-319, 323.  Section 1 of the Sherman Act prohibits "[e]very contract, combination . . . or conspiracy, in restraint of trade."  15 U.S.C. § 1.  Therefore, "[t]o establish liability under § 1, a plaintiff must prove (1) the existence of an agreement, and (2) that the agreement was in unreasonable restraint of trade."  *FTC v. Qualcomm Inc.*, 969 F.3d 974, 988-89 (9th Cir. 2020) (internal quotation marks omitted).  Additionally, plaintiffs must adequately plead that the agreement

---

[5]  To the extent that any of Plaintiff's claims are based upon state law (see FAC ¶¶ 13-17, 23, 26, 28-30, 184, 232), Section 1983 only create a cause of action for violations of the federal Constitution and laws.  42 U.S.C. § 1983; *see Sweaney v. Ada County*, 119 F.3d 1385, 1391 (9th Cir. 1997).  Moreover, because all of Plaintiff's federal claims are subject to dismissal and this Court's subject matter jurisdiction is based upon a federal question, this Court should decline to exercise supplemental jurisdiction over such claims.  *See, e.g.*, *Lima v. U.S. Dep't. of Educ.*, 947 F.3d 1122, 1128 (9th Cir. 2020) ("Because no federal claims remain, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Plaintiff's state-law claim.").

"actually causes injury to competition, beyond the impact on the claimant, within a field of commerce in which the claimant is engaged (i.e., 'antitrust injury')." *McGlinchy v. Shell Chem. Co*., 845 F.2d 802, 811 (9th Cir. 1988). Section 4 of the Clayton Act authorizes the award of damages under the antitrust laws: "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor . . . and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15(a).

Here, as best as the State Bar defendants can tell, Plaintiff appears to allege that the State Bar's organizational structure and regulation of attorneys violate antitrust laws. FAC ¶¶ 320-321 ("It was forbidden for [the State of California] to assign State Bar, controlled by an active market participant Board of Trustees led by Duran for all relevant times, to regulate an industry of its peers. It was forbidden by State Bar and Board of Trustees to regulate active market participants after 2015 through a majority active market participant comprised Board of Trustees."). Plaintiff's antitrust claim is comprised entirely of labels of antitrust violations and confusing conclusions. FAC ¶¶ 315-332. Plaintiff fails to allege any agreement that would fit the paradigm of an antitrust claim under the Sherman Act (e.g., supply chain or competitors). Plaintiff also fails to allege any cognizable unreasonable restraint or causal antitrust injury. *See Am. Ad Mgmt., Inc. v. Gen. Tel. Co*., 190 F.3d 1051, 1055 (9th Cir. 1999) (the injury party must be a participant in the same market as the alleged malefactors and an antitrust injury is injury of the type the antirust law were intended to prevent and that flows from what which makes the defendants' acts unlawful). "Without a violation of the antitrust laws, there can be no antitrust injury." *Id*. at 1057. Plaintiff's mere labels and conclusions, without any other allegations or explanation, are insufficient to state any claim.

1    Moreover, Plaintiff's antitrust claim, which purports to be brought "on

2    behalf of" the United States (FAC ¶¶ 316, 329-330; *see also id.* at ¶¶ 44-45, 329-

3    330), fails for the additional reason that *pro se* litigants are not authorized to pursue

4    actions on behalf of the United States.  28 U.S.C. § 1654; *see Simon v. Hartford*

5    *Life, Inc*., 546 F.3d 661, 667 (9th Cir. 2008) ("It is well established that the

6    privilege to represent oneself pro se provided by § 1654 is personal to the litigant

7    and does not extend to other parties or entities."); *see also Beck*, 2023 WL

8    1999485 at *6 n.8 (citing section 1654 and *Simon* and holding that "to the extent

9    Beck seeks to assert claims on behalf of anyone besides himself, those claims are

10    dismissed with prejudice as to Beck").

11    Accordingly, this Court should dismiss Plaintiff's antitrust claim.

12    **IV.  CONCLUSION**

13    Based on the foregoing, the State Bar defendants respectfully request that

14    this Court grant this motion to dismiss with prejudice and without leave to amend,

15    as any amendment of the FAC would be futile.  *See Nunes v. Ashcroft*, 375 F.3d

16    805, 808 (9th Cir. 2003) (district court did not abuse discretion in refusing to grant

17    leave to amend complaint when plaintiff failed to advance any evidence that

18    amendment would not be futile).

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

Dated: March 1, 2023

Respectfully submitted,

ELLIN DAVTYAN
General Counsel
ROBERT G. RETANA
Deputy General Counsel

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By: */s/ Charles Tsai*
    Charles Tsai
    Assistant General Counsel

    Attorneys for Defendants The State Bar
    of California; Ruben Duran; Suzanne
    Cecilia Grandt; Eli David Morgenstern

State Bar Defendants' Motion to Dismiss FAC                    3:23-cv-00164-BAS-DDL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On March 1, 2023, following ordinary business practice, I filed via the United States District Court, Southern District of California electronic case filing system, the following:

**STATE BAR DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I served the following party, not a registered CM/ECF user, by U.S. Mail as follows:

Justin S. Beck
3501 Roselle Street
Oceanside CA 92056

***In Pro Per Plaintiff***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on March 1, 2023.

/s/Joan Randolph
Joan Randolph