Kenneth J. Catanzarite (SBN 113750)
kcatanzarite@catanzarite.com
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544
Fax: (714) 520-0680

Attorneys for Defendant Kenneth J. Catanzarite

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>      Defendants,<br><br>UNITED STATES ATTORNEY GENERAL; UNITED STATES OF AMERICA,<br><br>      Nominal Defendants. | Case No. 3:23-cv-0164-AGS-DDL<br><br>**DEFENDANT KENNETH J. CATANZARITE'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Request for Judicial Notice filed concurrently herewith]<br><br>Date:  May 9, 2023<br>Time:  3:00 p.m.<br>Courtroom: 5C, 5th Floor<br><br>Judge : Hon. Andrew G. Schopler |

TO PLAINTIFF, IN PRO PER, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 9, 2023, at 3:00 p.m. in Courtroom 5C (5th Floor) of this Court, located at 221 West Broadway, San Diego, California 92101, Defendant Kenneth J. Catanzarite ("Catanzarite" or "Movant") will and hereby does move the Court for an order dismissing Plaintiff's First Amended Complaint for Damages & Injunctive Relief ("FAC") as to all claims against him with prejudice.

**Motion to Dismiss First Amended Complaint**

This Motion is made pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6)on the following grounds: The FAC must be dismissed because Plaintiff fails to comply with Rule 8. The FAC, and Count III, must be dismissed because Plaintiff fails to allege sufficient facts to state a claim against Movant. Plaintiff fails to state a claim against Movant under the Racketeer Influenced and Corrupt Organization Act ("RICO"). Additionally, the FAC and Count III should be dismissed for failure to state a claim because Plaintiff has another action pending/has split his cause of action.

The Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, Movant's Request for Judicial Notice and attached exhibits filed currently herewith, all other pleadings and papers filed in this action, and such further evidence and argument as may be presented at the hearing of this matter.

DATED: March 31, 2023.   CATANZARITE LAW CORPORATION

/s/ *Kenneth J. Catanzarite*

Kenneth J. Catanzarite
Attorneys for Defendant Kenneth J. Catanzarite

2.
**Motion to Dismiss First Amended Complaint**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................. iv.

MEMORANDUM OF POINTS AND AUTHORITIES......................... 1.

I. INTRODUCTION................................................ 1.

II. PLAINTIFF'S SIMULTANEOUS LITIGATION AGAINST CATANZARITE FOR THE SAME ALLEGED MISCONDUCT. ...... 2.

III. ARGUMENT & AUTHORITY...................................... 3.

    A. The FAC Fails to Comply With Rule 8........................ 3.

    B. The FAC Must Be Dismissed Because Plaintiff Fails to Plead Facts Sufficient to State A Claim Against Catanzarite............ 4.

        1. Legal Standard......................................... 4.

        2. Plaintiff Fails to State a Claim Against Catanzarite. ........ 6.

            a. The Enterprise is Missing. ...................... 7.

            b. Plaintiff Fails to Allege a Pattern of Racketeering Activity Because His Allegations are Merely Artfully Pled Claims of Malicious Prosecution Which Do Not Give Rise to RICO Predicates. ................... 7.

            c. Plaintiff Lacks Standing to Sue Under 1962(b)...... 10.

        3. Plaintiff's Claim Against Catanzarite is Duplicative of His Pending Malicious Prosecution Action and First Federal Action; Plaintiff Has Split His Cause of Action. ......... 11.

        4. Leave to Amend Must Be Denied As Futile. ............. 12.

IV. CONCLUSION ................................................. 12.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

# TABLE OF AUTHORITIES

Page

Cases

*Adams v. California Dep't of Health Servs.*,
 487 F.3d 684, 688 (9th Cir. 2007) .................................. 11.

*Ashcroft v. Iqbal*,
 (2009) 556 U.S. 662. ..................................... 5., 6.

*Auburn Medical Center, Inc. v. Andrus*,
 (M.D. Ala. 1998) 9 F.Supp.2d 1291................................. 8.

*Barron v. Reich*,
 (9th Cir. 1994) 13 F.3d 1370. .................................... 6.

*Beck v. Catanzarite Law Corporation*
 (S.D. Cal., Feb. 14, 2023, No. 22-CV-1616-BAS-DDL) 2023 WL 1999485
 ............................................................. 4.

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544, 555 (2007). ........................................ 5.

*Burdett v. Harrah's Kansas Casino Corp.*
 (D. Kan. 2003) 260 F.Supp.2d 1109................................. 6.

*Coleman v. Commonwealth Land Title Ins. Co.*,
 (E.D. Pa. 2010) 684 F.Supp.2d 595. ............................... 6.

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
 (9th Cir. 1990) 911 F.2d 242. .................................... 12.

*Curry v. Yelp Inc.*,
 875 F.3d 1219, 1228 (9th Cir. 2017). ............................. 5.

Deck v. Engineered Laminates,
 349 F.3d 1253. ................................................. 8.

Deck v. Engineered Laminates,
 349 F.3d 1253, 1258 (10th Cir. 2003). ............................ 8.

*Feitelson v. Google Inc.*,
 80 F. Supp. 3d 1019, 1025 (N.D. Cal. Feb. 20, 2015). ............. 5.

First Pac. Bancorp, Inc. v. Bro,
 847 F.2d 542, 547 (9th Cir. 1988) ................................ 8.

*H.J. Inc. v. Nw. Bell Tel. Co.*,
 492 U.S. 229, 237 (1989. ......................................... 7.

*Hearns v. San Bernadino Police Dep't*,
 (9th Cir. 2008) 530 F.3d 1124. ................................... 4.

*I.S. Joseph Co. v. J. Lauritzen A/S*,
    751 F.2d 265, 267 (8th Cir. 1984) .................................. 8.

*In re Toyota Motor Corp.*,
    (C.D. Cal. 2011) 785 F.Supp.2d 883. ............................ 10.

*Langan v. Smith*,
    312 F. Supp. 3d 201, 205 (D. Mass. 2018)...................... 9.

*McHenry v. Renne*,
    84 F.3d 1172, 1178–79 (9th Cir. 1996). ........................... 3.

*Mohebbi v. Khazen*,
    50 F. Supp. 3d 1234, 1243-44 (N.D. Cal. 2014)............... 3.

Raney v. Allstate Ins. Co.,
    370 F.3d 1086. ................................................................ 8.

*Sedima, S.P.R.L. v. Imrex Co.*,
    473 U.S. 479, 497 fn 14, (1985). ..................................... 7.

*Sprewell v. Golden State Warriors*,
    266 F.3d 979, 988 (9th Cir. 2001). .................................. 5.

*Taylor v. Sturgell*,
    553 U.S. 880, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). .... 11.

*Vemco, Inc. v. Camardella*,
    23 F.3d 129, 134 (6th Cir. 1994) ..................................... 8.

*W. Min. Council v. Watt*,
    643 F.2d 618, 624 (9th Cir. 1981). .................................. 5.

*Wagh v. Metris Direct, Inc.*,
    (9th Cir., 2003) 348 F.3d 1102. ....................................... 6.

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136, 1139 (9th Cir. 2003). .............................. 6.

Statutes

15 U.S.C. § 15. ....................................................................... 3.

18 U.S.C. § 1951. .............................................................. 7., 8.

18 U.S.C. § 1961. .............................................................. 7., 9.

18 U.S.C. § 1962. ................................. 1., 3., 6., 8.-10., 12.

*Fed. R. Civ. P.* 12(b)(6). ........................................................ 4.

*Fed. R. Civ. P.* 8(a)(2). .......................................................... 3.

v.
**Motion to Dismiss First Amended Complaint**

<u>Cases</u>

RESTATEMENT (SECOND) OF JUDGMENTS § 26. . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By this motion Defendant Kenneth J. Catanzarite ("Catanzarite") seeks dismissal of Plaintiff's First Amended Complaint ("FAC") against him without leave to amend.

This is the third lawsuit Plaintiff has pending against Catanzarite for the same alleged misconduct. The first case was filed in 2020 for malicious prosecution and is pending in the Orange County Superior Court styled *Justin Beck v. Kenneth J. Catanzarite, et al.*, Orange County Superior Court Case No. 30-2020-01145998 (the "Malicious Prosecution Action"). The second lawsuit was filed on October 19, 2022 and is pending before this same Court styled *Beck v. Catanzarite Law Corporation*, United States District Court for the Southern District of California Case No. 22-CV-1616-AGS-DDL ("First Federal Action"). Both the instant action and the First Federal Action assert claims against Catanzarite under the Racketeer Influenced and Corrupt Organizations Act ("RICO") for the identical conduct as that giving rise to Plaintiff's Malicious Prosecution Action. However, as detailed below, federal courts reject attempts by plaintiffs to convert malicious prosecution claims and claims based on litigation activity into federal RICO claims with treble damages. Indeed, **Plaintiff seeks $2 billion in damages** for Catanzarite's alleged malicious prosecution of him. (Dkt. 1-1.)

Plaintiff's FAC is riddled with fatal flaws. The FAC fails to comply with Federal Rule of Civil Procedure 8. There is nothing short or plain about Plaintiff's 335-paragraph, 60-page FAC. It is loaded with conclusory and irrelevant allegations. It repeatedly refers to exhibits yet no exhibits are attached. It repeatedly refers to quoted language from these phantom exhibits or otherwise does not cite to source material at all. Also, Plaintiff fails to state a viable claim against Catanzarite under 18 U.S.C. § 1962(b). Again, Plaintiff has taken his

1.
**Motion to Dismiss First Amended Complaint**

malicious prosecution claim pending in the Orange County Superior Court and slapped a RICO label on to it. As the saying goes, you can put lipstick on a pig, but it's still a pig. Further, the FAC is subject to dismissal as to Catanzarite because Plaintiff is splitting his cause of action between the Malicious Prosecution Action, the First Federal Action and this action. Because any attempted amendment would be futile under the circumstances, Catanzarite's motion to dismiss should be granted without leave to amend.

## II.  PLAINTIFF'S SIMULTANEOUS LITIGATION AGAINST CATANZARITE FOR THE SAME ALLEGED MISCONDUCT

On May 26, 2020 Plaintiff commenced the Malicious Prosecution Action. Plaintiff alleges that lawsuits Catanzarite and his lawfirm filed concerning Mobile Farming Systems, Inc. ("MFS") and Cultivation Technologies, Inc. lacked probable cause, including a case styled *Denise Pinkerton, et al. v. Richard Joseph Probst, et al.*, Orange County Superior Court Case No. 30-2018-01018922 ("Pinkerton Action"); and that Plaintiff suffered injury to business and property and emotional distress. A true and accurate copy of Plaintiff's Complaint filed in the Malicious Prosecution Action appears as Exhibit "1" to Catanzarite's Request for Judicial Notice ("RJN") filed concurrently herewith. As relevant to the instant motion, Plaintiff alleges in the Malicious Prosecution Action that Catanzarite dismissed individuals from the Pinkerton Action (namely Richard O'Connor and Amy Cooper) and tolled those claims so they would take certain corporate actions for MFS for lawsuits by Catanzarite. (RJN Ex. "1", ¶¶20, 84-88, 90.)

On October 19, 2022 Plaintiff commenced the First Federal Action. The defendants to the First Federal Action include not only Catanzarite and his co-defendants in the Malicious Prosecution Action, but also the State Bar of California ("State Bar"), the State of California, the Orange County District Attorney's Office, the Orange County Superior Court and an Orange County Superior Court judge who issued a ruling against Plaintiff and in favor of the State

2.
**Motion to Dismiss First Amended Complaint**

Bar.  In the First Federal Action Plaintiff asserts claims under RICO, 42 U.S.C. § 1983 and California Government Code sections 815.3 and 815.6.  A true and accurate copy of Plaintiff's Second Amended Complaint filed in the First Federal Action appears as Exhibit "2" to the RJN.  As relevant to the instant motion, Plaintiff alleges in the First Federal Action that Catanzarite engaged in racketeering activity under 18 U.S.C. §1962(c) when he maliciously prosecuted Plaintiff and that Catanzarite was able to do so because he allegedly extorted O'Connor and Cooper with threat of securities fraud claims in the Pinkerton Action so he could take over MFS and file meritless lawsuits.  (RJN Ex. "2", ¶¶76, 88, 129-131.)

On January 30, 2023 Plaintiff commenced the instant lawsuit against Catanzarite, the State of California, the State Bar and others.  Plaintiff's FAC asserts more RICO and Section 1983 claims as well as an antitrust claim under 15 U.S.C. § 15. (Dkt. 2.) As relevant to the instant motion, Plaintiff asserts a claim against Catanzarite under 18 U.S.C. §1962(b) alleging Catanzarite assumed control of MFS, an enterprise, by extorting O'Connor and Cooper with threat of securities fraud claims in the Pinkerton Action so he could take over MFS and file meritless lawsuits; and that Catanzarite is maintaining control of the MFS enterprise under color of state law because the State Bar has not disciplined him for filing meritless lawsuits. (¶¶91-94, 117-119, 122, 228-229.)

### III. ARGUMENT & AUTHORITY

**A.    The FAC Fails to Comply With Rule 8.**

A complaint in federal court must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2). "Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6)." *Mohebbi v. Khazen,* 50 F. Supp. 3d 1234, 1243-44 (N.D. Cal. 2014).  A pro se litigant must comply with Rule 8's pleading requirements. *McHenry v. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996). Dismissal under Rule 8 is

3.
**Motion to Dismiss First Amended Complaint**

appropriate when the complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008).

There is nothing short or plain about Plaintiff's 335-paragraph, 60-page FAC. Much like Plaintiff's first amended complaint in the First Federal Action that was dismissed *sua sponte* with leave to amend (*Beck v. Catanzarite Law Corporation* (S.D. Cal., Feb. 14, 2023, No. 22-CV-1616-BAS-DDL) 2023 WL 1999485), this FAC is loaded with conclusory and irrelevant allegations. The FAC contains long-winded quotes and unnecessary legal jargon. (*See e.g.*, ¶¶13-18, 25-28, 46-48, 58-59.) The FAC contains allegations as to individuals and/or events who/which have nothing whatsoever to do with this litigation. (*See e.g.*, ¶¶63-74, 76-80.) Plaintiff's RICO Case Statement is just more of the same. (Dkt. 9, Attachment #1 [hereafter "RICO Case Statement"].) Also, the FAC repeatedly refers to exhibits yet no exhibits are attached, and repeatedly refers to quoted language from these phantom exhibits or otherwise cites to no source material at all.

Yet even where the FAC is clear enough as to the legal theory and supporting factual allegations to enable Catanzarite to respond, it is obvious Plaintiff has failed to state a claim against him as detailed below thereby warranting dismissal under Rule 12(b)(6),

**B.   The FAC Must Be Dismissed Because Plaintiff Fails to Plead Facts Sufficient to State A Claim Against Catanzarite.**

   **1.   <u>Legal Standard.</u>**

The Court must dismiss any claim that does not "state a claim upon which relief can be granted." *Fed. R. Civ. P*. 12(b)(6). To overcome a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," i.e., "the plaintiff [must] plead factual content that allows the court to draw the reasonable inference that the

4.
**Motion to Dismiss First Amended Complaint**

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted); see also *Feitelson v. Google Inc.*, 80 F. Supp. 3d 1019, 1025 (N.D. Cal. Feb. 20, 2015) ("To survive a Rule 12(b)(6) motion, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation") (internal quotations omitted). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). While leave to amend is normally permitted, leave may be denied where amendment would be futile. *Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017)

      The Court engages in a two-step analysis to determine plausibility. First, while the Court is to "accept as true all of the allegations contained in a complaint," this rule "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. When considering a motion to dismiss, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Second, the Court, drawing "on its judicial experience and common sense," must decide whether Plaintiff's factual allegations, if assumed to be true, allege a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

      A sufficient complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must provide "more than labels

5.
**Motion to Dismiss First Amended Complaint**

and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Additionally, where, as here, a plaintiff has filed a RICO Case Statement[1], the court can consider that statement in assessing the merits of the plaintiff's claim in ruling on a motion to dismiss. *Coleman v. Commonwealth Land Title Ins. Co.*, 684 F.Supp.2d 595, 610 (E.D. Pa. 2010). The court can also consider matters subject to judicial notice in ruling on a motion to dismiss. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

### 2. **Plaintiff Fails to State a Claim Against Catanzarite.**

Count III is the sole count asserted against Catanzarite and is asserted under 18 U.S.C. section 1962(b) which provides as follows:

> It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

The plaintiff must articulate how each defendant acquired or maintained an interest in or control of the enterprise by means of a pattern of racketeering activity or unlawful debt collection activity. *Burdett v. Harrah's Kansas Casino Corp.* (D. Kan. 2003) 260 F.Supp.2d 1109, 1120; *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1111 (9th Cir., 2003).

//

---

[1] No local rule permits Plaintiff to file a RICO Case Statement as a matter of right. This Court did not order Plaintiff to file a RICO Case Statement nor did Plaintiff seek leave to file such a statement. Regardless, the RICO Case Statement underscores that Plaintiff has not and, importantly, cannot state a claim against Catanzarite.

6.
**Motion to Dismiss First Amended Complaint**

### a. The Enterprise is Missing.

Plaintiff's enterprise allegation at paragraph 226 that MFS "is an enterprise engaged in and whose activities affect interstate commerce" is hopelessly conclusory. The FAC fails to allege what activities MFS is engaged in let alone how those activities affect interstate commerce. Not only that, but the FAC alleges inconsistently that MFS is defunct. (¶81.)

### b. Plaintiff Fails to Allege a Pattern of Racketeering Activity Because His Allegations are Merely Artfully Pled Claims of Malicious Prosecution Which Do Not Give Rise to RICO Predicates.

The RICO statute defines a pattern as consisting of at least two predicate acts of racketeering activity committed within a ten year period. 18 U.S.C. § 1961(5). The statute "does not so much define a pattern of racketeering activity as state a minimum necessary condition for the existence of such a pattern." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237 (1989). "The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a 'pattern.'" *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 fn 14, (1985). "Instead, "[t]he term 'pattern' itself requires the showing of a relationship" between the predicates, *ibid.*, and of " 'the threat of continuing activity,' " *ibid.*, quoting S.Rep. No. 91–617, at 158. "It is this factor of continuity plus relationship which combines to produce a pattern." *Ibid*. (emphasis added). RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc, supra.,* 492 U.S. at 239 (citing to *Sedima,* supra, 473 U.S. at 497 fn 14).

"Racketeering activity" is defined to include certain types of crimes, one of which is extortion. 18 U.S.C. § 1961(1)(A). Under 18 U.S.C. § 1951 extortion is

7.
**Motion to Dismiss First Amended Complaint**

defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

The FAC alleges Catanzarite assumed and maintains control of MFS, an enterprise, by extorting O'Connor and Cooper with threat of securities fraud claims in the Pinkerton Action so he could take over MFS and file meritless lawsuits, and that Catanzarite is maintaining control of the MFS enterprise under color of state law because the State Bar has not disciplined him for filing meritless lawsuits.  (¶¶91-94, 117-119, 122, 228-229.)  Plaintiff identifies the same basis for Catanzarite's alleged acquisition and control of the MFS enterprise in his RICO Case Statement.   (RICO Case Statement at 78:24-27, 90:24-91:12.)

Plaintiff merely takes actions underlying his malicious prosecution claim in the Malicious Prosecution Action and labels them racketeering activity for a RICO claim under 18 U.S.C. §1962(b) which is improper.  Decisional authority in the federal circuit and district courts abound rejecting claims for malicious prosecution and acts underlying claims for malicious prosecution or similar acts in the litigation context as constituting predicate acts for purposes of RICO. See e.g., *Auburn Medical Center, Inc. v. Andrus*, 9 F.Supp.2d 1291, 1298 (M.D. Ala. 1998) (discussing authorities).  In fact, federal courts have specifically rejected attempts to characterize threats of litigation as extortion under RICO even when the threatened litigation is in bad faith:

> Federal courts have overwhelmingly rejected attempts to base extortion claims on litigation conduct, even when that conduct is abusive or undertaken in bad faith. See, e.g., Raney v. Allstate Ins. Co., 370 F.3d 1086, 1087–88 (11th Cir. 2004) (holding that "alleged conspiracy to extort money through the filing of malicious lawsuits" could not constitute RICO predicate); Deck v. Engineered Laminates, 349 F.3d 1253, 1258 (10th Cir. 2003) ("[W]e join a multitude of other courts in holding that meritless litigation is not extortion under § 1951."); Vemco, Inc. v. Camardella, 23 F.3d 129, 134 (6th Cir. 1994) ("A threat of litigation if a party fails to fulfill even a fraudulent contract ... does not constitute extortion."); First Pac. Bancorp, Inc. v. Bro, 847 F.2d 542, 547 (9th Cir. 1988) (concluding that threat of shareholder derivative suit was "not an extortionate act"); I.S. Joseph Co. v. J. Lauritzen A/S, 751 F.2d 265, 267 (8th Cir. 1984) (holding

8.
**Motion to Dismiss First Amended Complaint**

that threat to sue, even if "groundless and made in bad faith," did not constitute RICO predicate of extortion).

*Langan v. Smith*, 312 F. Supp. 3d 201, 205 (D. Mass. 2018). As such, Catanzarite's alleged acts do not constitute predicate acts for purposes of RICO.

The phrase "working with law enforcement" is used in the FAC and RICO Case Statement in quotes but the phrase is vague and uncertain. (See e.g., ¶¶88, 93, 169 and RICO Case Statement at 32:25, 78:28.) At best, "working with law enforcement" refers to threats of litigation which, as established above, do not amount to predicate acts under RICO.

Plaintiff alleges Catanzarite was acting "under color of official right" (see e.g., 91-94) and that Catanzarite is maintaining control of the MFS enterprise "under color of state law" (228) but these are nothing more than legal conclusions. Plaintiff fails to allege any facts giving rise to Catanzarite acting "under color of state law" or "under color of official right". Plaintiff identifies no such facts in his RICO Case Statement. Nor can Plaintiff allege any facts because Catanzarite is a purely private actor - an attorney engaged in private practice. (40.) The fact Catanzarite is a licensed attorney does not ipso facto make him a state actor. That the State Bar has not disciplined Catanzarite for what Plaintiff alleges are the filing of meritless lawsuits also does not make Catanzarite a state actor or otherwise acting "under color of state law" or "under color of official right". Independently, the State Bar's decisions concerning attorney discipline do not amount to racketeering activity under RICO. 18 U.S.C. §1961(1).

Furthermore, Plaintiff's extortion allegations fail because he identifies no property of O'Connor and Cooper Catanzarite was supposedly seeking that he could then exercise, transfer or sell.

Based upon the foregoing, Catanzarite's alleged activities do not constitute predicate acts of racketeering activity. And since Plaintiff fails to allege any act of racketeering activity by Catanzarite, Plaintiff necessarily fails to allege a pattern of

9.
**Motion to Dismiss First Amended Complaint**

1 racketeering activity necessary to state a claim under Section 1962(b).

### c. Plaintiff Lacks Standing to Sue Under 1962(b).

To have standing to sue under Section 1962(b), the plaintiff must allege his injury stems not from the defendant's predicate acts (which is the basis for a § 1962(c) claim), but from the defendant's acquisition or maintenance of an interest in, or control over, the enterprise. *In re Toyota Motor Corp.*, 785 F.Supp.2d 883, 921 (C.D. Cal. 2011). Failing that, the claim must be dismissed. *Ibid.*

Even assuming arguendo Catanzarite's alleged conduct constitutes racketeering activity (which it does not as detailed above), Plaintiff does not allege an injury from Catanzarite's alleged acquisition or maintenance of control of MFS separate from the alleged loss flowing from the alleged racketeering activity itself. Specifically, Plaintiff alleges in Count III that he was injured in loss of share value due to a failed merger, loss of business and property (including depletion of an insurance policy), and loss of earnings and future career mobility. (¶¶236-240, 242, 244[2]; RICO Case Statement at 92:24-94:8.) These alleged losses are **identical** to those sought by Plaintiff against Catanzarite in his claim under Section 1962(c) in the First Federal Action thereby confessing there is no distinction. (RJN, Ex. "2", ¶143; RJN Ex. "3" at 136:3-137:19 [albeit the order of alleged injuries is slightly different].)

Since Plaintiff injury from Catanzarite's alleged control of the MFS enterprise is identical to his injury from Catanzarite's alleged predicate acts, Plaintiff necessarily confesses he lacks standing to sue under Section 1962(b). Accordingly, Count III must be dismissed.

//

---

[2] Paragraph 241 suggests an emotional distress injury. Damages for emotional distress are not recoverable as damages under RICO. 18 U.S.C. § 1964(c). Moreover, this is not an identified injury in Plaintiff's RICO Case Statement. (RICO Case Statement at 92:24-94:8.) Paragraph 243 concerns alleged injury from the "State Bar of California enterprise" which is not part of Count III but, rather, Count IV which is not asserted against Catanzarite.

10.

**Motion to Dismiss First Amended Complaint**

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

### 3. Plaintiff's Claim Against Catanzarite is Duplicative of His Pending Malicious Prosecution Action and First Federal Action; Plaintiff Has Split His Cause of Action.

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (internal citation omitted) (overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)).

The prohibition against claim splitting is designed "to protect the defendant from being harassed by repetitive actions based on the same claim." RESTATEMENT (SECOND) OF JUDGMENTS § 26, cmt a. In assessing whether a suit is duplicative, Ninth Circuit case law looks to the causes of action asserted, the relief sought, and the parties to the action. *Adams,* 487 F.3d at 689. A suit is deemed duplicative if the claims, parties and available relief do not vary significantly between the two actions. *Ibid.*

The singularity of successive causes of action is determined by reference to the so-called "transaction test". *Ibid.* That test entails consideration of four criteria; namely, 1) whether the rights or interests established in the initial action would be impaired by prosecution of a second suit; 2) whether substantially the same evidence would be presented in both actions; 3) whether both suits involve infringement of the same right; and 4) whether both suits arise out of the same transactional nucleus of facts. *Ibid.*

Here, the Malicious Prosecution Action, the First Federal Action and the instant action stem from the same alleged misconduct by Catanzarite and the same factual allegations vis-a-vis the lawsuits filed by Catanzarite. (Cf. ¶¶236-237 with RJN Ex. "1", ¶¶77-135 and RJN Ex. "2" ¶¶71-84, 87-88, 129-139, 141.) Consequently, the same evidence is applicable to all three actions. Plaintiff is also seeking to recover for the same injury. (Cf. ¶¶236-240, 242, 244 and RICO Case

Statement at 92:24-94:8 <u>with</u> RJN Ex. "1", ¶¶101-108, 132-134 & Prayer ¶a; RJN Ex. "2", ¶143 and RJN Ex. "3" at 136:3-137:19.) Moreover, to the extent this case against Catanzarite is permitted, any decision reached in the Malicious Prosecution Action would be subject to circumvention. Plaintiff cannot have two trials – let alone three trials counting this case – for the same primary right.

### 4. Leave to Amend Must Be Denied As Futile.

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend unless the amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). As detailed above, even under a liberal reading of the FAC and the RICO Case Statement, it is clear Plaintiff cannot state a RICO claim under Section 1962(b) against Catanzarite and therefore any amendment would be futile. Accordingly, leave to amend should be denied.

### IV. CONCLUSION

For the reasons set forth above, the Court must grant Movant's motion without leave to amend and dismiss him from the action.

DATED: March 31, 2023.    CATANZARITE LAW CORPORATION

/s/ *Kenneth J. Catanzarite*

_____
Kenneth J. Catanzarite
Attorneys for Defendant Kenneth J. Catanzarite

PROOF OF SERVICE

STATE OF CALIFORNIA     )
COUNTY OF ORANGE        )   ss:

The undersigned certifies and declares as follows:

I am over the age of 18 and not a party to this action. My business address is 2331 West Lincoln Avenue, Anaheim, California 92801, which is in the county where the mailing described below took place.

On March 31, 2023 I served the within **DEFENDANT KENNETH J. CATANZARITE'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** by:

[ ]  (Facsimile Transmission) I caused the above mentioned document to be served by facsimile transmission to the parties at the fax numbers listed on the attached service list.

[X]  (CM/ECF electronic notification) I am readily familiar with the ECF filng system and caused a true and correct copy thereof to be served electronically via CM/ECF electronic notification to:

- U S Attorney CV
  Efile.dkt.civ@usdoj.gov

- Tim Jude Vanden Heuvel
  tim.vandenheuvel@doj.ca.gov,
  Rhonda.Mallory@doj.ca.gov, Azucena.Lopez@doj.ca.gov,
  Tania.Hopkins@doj.ca.gov

[ ]  (E-mail) I caused the above mentioned document to be served via PDF e-mail attachment to:

[X]  (Mail) I placed a true and correct copy thereof in a sealed envelope addressed as set forth below and caused such envelope, with first class postage thereon fully prepaid, to be placed in the

U.S. Mail at Anaheim, California, and certify that such envelope was placed for collection and mailing following ordinary business practices.

    Justin Beck (Pro Per)
    3501 Roselle St.
    Oceanside, CA 92056
    justintimesd@gmail.com

    Ellin Davtyan
    Robert G Retana
    Office of the General Counsel, State Bar of California
    845 S. Figueroa Street
    Los Angeles, CA 90017
    Ellin.Davtyan@calbar.ca.gov
    Robert.Retana@calbar.ca.gov

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed March 31, 2023 at Anaheim, California.

_____
Typed Name: Becky Phillips