Ellin Davtyan, General Counsel (SBN: 238608)
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
845 S. Figueroa Street
Los Angeles CA 90017
Telephone: (213) 765-1000
Facsimile: (415) 538-2321

Robert G. Retana, Deputy General Counsel (SBN: 148677)
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105
Telephone: (415) 538-2388
Facsimile: (415) 538-2321
Email: robert.retana@calbar.ca.gov

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
JiEun Choi, Esq. (SBN: 224175)
jechoi@ohhlegal.com
**ORBACH HUFF & HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA  94588
Telephone:   (510) 999-7908
Facsimile:   (510) 999-7918

Attorneys for Defendants
THE STATE BAR OF CALIFORNIA, RUBEN DURAN, SUZANNE GRANDT
and ELI DAVID MORGENSTERN

ORBACH HUFF & HENDERSON LLP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; THE STATE BAR OF CALIFORNIA; SUZANNE GRANDT; RUBEN DURAN; ELI DAVID MORGENSTERN; and KENNETH CATANZARITE,<br><br>                    Defendants. | Case No.  3:23-cv-00164-AGS-DDL<br><br>**DEFENDANTS THE STATE BAR OF CALIFORNIA, RUBEN DURAN, SUZANNE GRANDT AND ELI DAVID MORGENSTERN'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SANCTIONS**<br><br>DATE:          May 9, 2023<br>TIME:          3:00 p.m.<br>DEPT:          Courtroom 5C, 5th Floor<br>JUDGE:        Hon. Andrew G. Schopler |

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ....................................................................................................... 1

II.  BACKGROUND SUMMARY OF PLAINTIFF'S LAWSUITS .................................. 1

    A.   Plaintiff's Disciplinary Complaints Against Kenneth Catanzarite and
Catanzarite Attorneys ...................................................................................... 2

    B.   Plaintiff's Two State Court Actions ................................................................ 2

    C.   Plaintiff's First Federal Action ....................................................................... 3

    D.   Plaintiff's Second Federal Action—the Instant Action .................................. 3

    E.   State Bar Defendants' Motion to Dismiss Plaintiff's FAC ............................ 4

III. PLAINTIFF'S CROSS-MOTION IS BARRED UNDER CALIFORNIA'S
ANTI-SLAPP STATUTE ........................................................................................... 5

    A.   Purpose Behind California's Anti-SLAPP Statute ......................................... 5

    B.   California's Anti-SLAPP Statute Applies in Federal Court............................ 5

    C.   The Two-Step Anti-SLAPP Analysis ............................................................ 6

    D.   Step One: Plaintiff's Cross-Motion Arises from a Constitutionally
Protected Activity ........................................................................................... 7

    E.   Step Two: Plaintiff Cannot Demonstrate a Probability of Prevailing on
His Cross-Motion for Sanctions ..................................................................... 8

IV.  PLAINTIFF'S MOTION IS MERITLESS AND VIOLATES RULE 11 .................. 9

V.   CONCLUSION ......................................................................................................... 14

ORBACH HUFF & HENDERSON LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................. 7

*Barley v. Fox Chase Cancer Ctr.*,
54 F. Supp. 3d 396 (E.D. Pa. 2014) .................................................................. 12

*Beck v. Catanzarite Law Corp. et al.*,
2023 WL 1999485 (S.D. Cal. 2023) .......................................................... 1, 3, 9

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) ........................................................................................... 10

*Edberg v. Neogen Corp.*,
17 F. Supp. 2d 104 (D. Conn. 1998) ................................................................. 11

*Gagne v. Zodiac Maritime Agencies, Ltd.*,
274 F. Supp. 2d 1144 (S.D. Cal. 2003) ............................................................ 10

*Gaiardo v. Ethyl Corp.*,
835 F.2d 479 (3rd Cir. 1987) ............................................................................ 13

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*,
63 F.Supp.2d 1127 (N.D. Cal. 1999) .................................................................. 5

*Hilton v. Hallmark Cards*,
599 F.3d 894 (9th Cir. 2010) .............................................................................. 5

*In re Keegan Mgmt. Co. Sec. Litig.*,
78 F.3d 431 (9th Cir. 1996) .............................................................................. 10

*Langer v. Kacha*,
2016 WL 4595129 (S.D. Cal. Sept. 2, 2016) ............................................... 10-11

*Larez v. Holcomb*,
16 F.3d 1513 (9th Cir. 1994) ............................................................................ 10

*Montrose Chem. v. Am. Motorists Ins. Co.*,
117 F.3d 1128 (9th Cir. 1997) .......................................................................... 10

ORBACH HUFF & HENDERSON LLP

# TABLE OF AUTHORITIES

**Page(s)**

*N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n*,
   574 U.S. 494 (2015)................................................................9

*Operating Eng'rs Pension Trust v. A-C Co.*,
   859 F.2d 1336 (9th Cir. 1988) ..........................................11

*Padres Hacia Una Vida Mejor v. Jackson*,
   2012 WL 6053946 (E.D. Cal. Dec. 5, 2012) ......................10

*Partington v. Gedan*,
   880 F.2d 116 (9th Cir. 1989) ............................................12

*Patelco Credit Union v. Sahni*,
   262 F.3d 897 (9th Cir. 2001) ............................................13

*Safe-Strap Co., Inc. v. Koala Corp.*,
   270 F. Supp. 2d 407 (S.D.N.Y. 2003) ................................13

*Strom v. United States*,
   641 F.3d 1051 (9th Cir. 2011) ..........................................10

*Truesdell v. S. Cal. Permanente Med. Group*,
   293 F.3d 1146 (9th Cir. 2002) ..........................................10

*United Nat'l Ins. Co. v. R & D Latex Corp.*,
   242 F.3d 1102 (9th Cir. 2001) ..........................................10

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*,
   982 F.2d 363 (9th Cir. 1992) ............................................11

*United States v. San Francisco*,
   132 F.R.D. 533 (N.D. Cal. 1990)........................................13

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
   190 F.3d 963 (9th Cir. 1999) ..............................................5

*Weaver v. Chrysler Corp.*,
   1998 WL 477725 (S.D.N.Y. Aug. 14, 1998)........................13

ORBACH HUFF & HENDERSON LLP

- iii -

# TABLE OF AUTHORITIES

**Page(s)**

<u>STATE CASES</u>

*Area 51 Productions, Inc. v. City of Alameda*,
  20 Cal. App. 5th 581 (2018) ........................................................ 7

*Baral v. Schnitt*,
  1 Cal. 5th 376 (2016) ................................................................... 6

*Bradbury v. Super. Ct.*,
  49 Cal. App. 4th 1108 (1996) ...................................................... 6

*Braun v. Chronicle Publishing Co.*,
  52 Cal. App. 4th 1036 (1997) ...................................................... 5

*Jarrow Formulas, Inc. v. LaMarche*,
  31 Cal. 4th 728 (2003) ................................................................. 6

*Ludwig v. Super. Ct.*,
  37 Cal. App. 4th 8 (1995) ............................................................. 5

*Maranatha Corrections, LLC v. Dept. of Corrections & Rehabilitation*,
  158 Cal. App. 4th 1075 (2008) .................................................... 7

*Midland Pacific Bldg. Corp. v. King*,
  157 Cal. App. 4th 264 (2007) ...................................................... 7

*Navellier v. Sletten*,
  29 Cal. 4th 88-89 (2002) .............................................................. 8

*No Doubt v. Activision Publishing*,
  192 Cal. App. 4th 1018 (2011) .................................................... 8

*Taus v. Loftus*,
  40 Cal. 4th 683 (2007) ................................................................. 6

*Vargas v. City of Salinas*,
  46 Cal. 4th 1 (2009) ..................................................................... 5

*Wilson v. Parker, Covert & Chidester*,
  28 Cal. 4th 811 (2002) ................................................................. 6

ORBACH HUFF & HENDERSON LLP

# TABLE OF AUTHORITIES

**Page(s)**

*Wright v. Compton Unified Sch. Dist.*,
46 Cal. App. 3d 177 (1975) ............................................................................. 6

## FEDERAL STATUTES

28 U.S.C. section:
1927 ............................................................................................................ 12, 13

42 U.S.C. section:
1983 ................................................................................................................... 3

## STATE STATUTES

California Code of Civil Procedure section:
425.16 ............................................................................................................... 5
425.16(a) ........................................................................................................... 5
425.16(b) ........................................................................................................... 6
425.16(b)(1) ...................................................................................................... 6
425.16 (e)(2) .................................................................................................. 6, 7

California Government Code section:
811.2 ................................................................................................................. 6

## FEDERAL RULES

Federal Rules of Civil Procedure, Rule:
8 .................................................................................................................... 4, 9
8(a)(2) ............................................................................................................... 4
8(d)(1) ............................................................................................................... 4
11 .............................................................................................................. passim
11(b)(2) ........................................................................................................... 10
11(c)(2) ................................................................................................ 12, 13, 14
12 ....................................................................................................................... 7
12(b)(1) ............................................................................................................. 4
12(b)(6) ............................................................................................................. 4

Local Rule, Rule:
40.1(f) ............................................................................................................... 4

ORBACH HUFF & HENDERSON LLP

Comes now Defendants the State Bar of California ("State Bar"), Suzanne Grandt, Ruben Duran, and Eli David Morgenstern (collectively the "State Bar Defendants") and hereby opposes Plaintiff's Cross-Motion for Sanctions ("Motion").

## I.   INTRODUCTION

Plaintiff JUSTIN S. BECK's ("Plaintiff") Cross-Motion for Sanctions is grossly inappropriate and justifies this Court sanctioning him for not only violating Rule 11, but also impermissibly violating California's anti-SLAPP law.  Plaintiff's Motion is both legally unsupported and also seeks to have this Court improperly punish the State Bar Defendants for filing a Motion to Dismiss in response to the grossly deficient First Amended Complaint ("FAC").  Contrary to Plaintiff's assertions, the State Bar Defendants' Motion to Dismiss is based on clearly established precedent as well as the relevant immunities that preclude his claims.  In fact, one Federal District Judge has already ruled that Plaintiff's similar allegations in his related case amount to nothing more than "unfocused, rambling, and [are] replete with stream-of-consciousness diatribes, making it nearly impossible to follow."  *Beck*, 2023 WL 1999485 at *1. Plaintiff's FAC in this action is no different.  The State Bar Defendants have a right to challenge Plaintiff's FAC; Plaintiff's threats and attempt to seek sanctions in response to the State Bar Defendants exercise of their constitutionally protected right to defend themselves from Plaintiff's frivolous claims and inappropriate antics should not be countenanced.  Rather, Plaintiff's Motion must be denied and the Court should sanction him as necessary to assure his inappropriate actions do not continue.

## II.   BACKGROUND SUMMARY OF PLAINTIFF'S LAWSUITS

In order for the Court to better understand the inappropriateness of Plaintiff's Motion, a brief discussion of the multiple litigation proceedings initiated by Plaintiff is necessary.  Specifically and as discussed below, Plaintiff appears to seek vengeance from those that he believes wronged him by opposing his legal positions or declining to acquiesce to his unsupported and legally erroneous demands.  His vengeance comes in the form of multiple lawsuits against attorneys, law firms, the State of California, the

ORBACH HUFF & HENDERSON LLP

1  Superior Court, the Clerk/Executive Officer of the Supreme Court of California, the

2  judicial officer that presided over one of the earlier state-court lawsuits, the State Bar and

3  several public employees.

### A.   Plaintiff's Disciplinary Complaints Against Kenneth Catanzarite and Catanzarite Attorneys

6  Starting in 2018, Plaintiff was involved in civil litigation in Orange County

7  Superior Court regarding a business dispute relating to Cultivation Technologies, Inc.

8  ("CTI") and Mobile Farming Systems, Inc. ("MFS").  FAC ¶¶ 37, 81-116, 133-34.  The

9  litigation involved multiple attorneys, including defendant Kenneth Catanzarite as well as

10  Brandon Woodward, Tim O'Keefe, Nicole Marie Catanzarite Woodward, and Jim Tice

11  (collectively "Catanzarite Attorneys").  FAC ¶¶ 40, 81-116, 133-34.  Starting in 2020,

12  Plaintiff filed disciplinary complaints against three of the Catanzarite Attorneys to the

13  State Bar.  FAC ¶¶ 117-122, 124, 130.  The State Bar declined to prosecute the

14  Catanzarite Attorneys.  *See* FAC ¶¶ 117-120.

### B.   Plaintiff's Two State Court Actions

16  In 2020, Plaintiff filed a state court action against the Catanzarite Attorneys in the

17  Orange County Superior Court for malicious prosecution.  (*Beck v. Catanzarite, et al*.,

18  O.C. Super. Ct., Case No. 30-2020-01145998).  Apparently unsatisfied with the

19  progression of that matter, Plaintiff filed a second state court action in 2021 against the

20  State Bar and its official and employees for its alleged negligence in failing to discipline

21  the Catanzarite Attorneys.  (*Beck v. The State Bar of California, et al*., O.C. Super. Ct.,

22  Case No. 30-2021-01237499).  *See* Dkt No. 8.  Plaintiff removed both state court actions

23  to the Central District of California (8:23-cv-00022-FWS-ADS, 8:23-cv-00018-JVS-

24  DFM).  *See* Dkt. No. 8.  However, both were remanded by the district court.  *See* Dkt No.

25  8.  Similar to the current Motion, Plaintiff also filed a Motion for Sanctions against the

26  State Bar Defendants in response to their Demurrer which has not yet been fully briefed

27  due to the transfer of the state court actions between state and federal court.

28  ///

ORBACH HUFF & HENDERSON LLP

State Bar Defendants' Opposition to Plaintiff's Cross-Motion for Sanctions [3:23-cv-00164-AGS-DDL]

ORBACH HUFF & HENDERSON LLP

### C.    Plaintiff's First Federal Action

Presumably focused on seeking what he believed to be a more favorable judicial panel, Plaintiff commenced his first action in federal court on October 19, 2022, asserting RICO and other claims against the State Bar in this Court (3:22-cv-01616-BAS-DDL) (hereinafter the "RICO I case").  *Beck v. Catanzarite Law Corp. et al.*, 2023 WL 1999485 at *1 (S.D. Cal. 2023).  On February 14, 2023, this Court in the RICO I case issued a detailed order and *sua sponte* dismissed the First Amended Complaint and terminated all pending motions.  *Id.*  Notably, the Court's order concluded that the instant case appears to be nearly identical to the RICO I case.  *Id.* At *10, n.12.

### D.    Plaintiff's Second Federal Action—the Instant Action

On February 2, 2023, Plaintiff filed the FAC in the second federal litigation. ("RICO II case.")  The FAC is a lengthy and convoluted diatribe that oscillates between criticizing each of the defendants, citing untethered legal authorities and apparently presenting a defacto appeal of the earlier state court litigations.  The RICO II case purports to assert seven causes of action, all of which are alleged against either the State Bar or its official and employees.  Counts 1 through 4 are based upon alleged violations of the Racketeer Influenced and Corrupt Organization Act ("RICO").  Counts 5 and 6 are premised on alleged constitution violations, which are enforceable under 42 U.S.C. § 1983 ("Section 1983") claims.  Finally, Count 7 asserts an antitrust claim.

Liberally construing Plaintiff's allegations, Plaintiff appears to assert that the State Bar Defendants conspired in unlawful activities and a fraudulent scheme with the Catanzarite attorneys to take Plaintiff's money, business, and property and cover up the scheme.  Plaintiff's allegations focus on the litigation involving the Catanzarite attorneys (FAC ¶¶ 81-116, 133-34) as well as the State Bar declining to prosecute Plaintiff's disciplinary complaints against the Catanzarite attorneys (FAC ¶¶ 117- 120, 122, 124, 130).  Plaintiff also makes allegations with respect to his filing of an antitrust petition for review to the California Supreme Court.  FAC ¶¶ 125-132.  Plaintiff further asserts that the State Bar Defendants violated his right to petition under the First Amendment (FAC

¶¶ 300-314) and that the State Bar has violated antitrust laws, injuring both Plaintiff and the general public.  FAC ¶¶ 315-332.

On February 16, 2023, pursuant to Local Rule 40.1(f), the State Bar defendants filed a notice of related cases and requested that the RICO II case be reassigned to the same judge assigned to the RICO I case.  Dkt. No. 8.  On February 27, 2023, the Court entered an order transferring the RICO II case.  Dkt. No. 11.

### E.    State Bar Defendants' Motion to Dismiss Plaintiff's FAC

Based upon the apparent deficiencies in Plaintiff's FAC as well as the clearly applicable immunities, the State Bar Defendants filed and served their Motion to Dismiss Plaintiff's SAC in the RICO I case on March 13, 2023 and the Motion to Dismiss Plaintiff's FAC in the RICO II case on March 1, 2023.  The Motions to Dismiss raise the following legal arguments:

1.    Plaintiff's Complaints fails to comply with Rule 8 pleading requirements, specifically, that a pleading contain "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation therein "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1);

2.    Plaintiff lacks standing under Rule 12(b)(1);

3.    Plaintiff's Complaints fail to state a claim under Rule 12(b)(6);

4.    The Eleventh Amendment bars claims against the State Bar Defendants;

5.    The State Bar Defendants are immune from antitrust liability; and

6.    The individual State Bar attorneys are protected by absolute, quasi-judicial immunity.

Rather than oppose the State Bar Defendants' Motions to Dismiss on the merits, Plaintiff instead filed the instant Cross-Motion for Sanctions.  However, Plaintiff's Motion is absolutely inappropriate.  Not only is it void of absolutely any legal support and violative of Rule 11, but it is expressly barred by California's anti-SLAPP statute, ///

- 4 -

State Bar Defendants' Opposition to Plaintiff's Cross-Motion for Sanctions [3:23-cv-00164-AGS-DDL]

1   which precludes Plaintiff from filing any motion that is brought in an effort to intimidate

2   a person or business into silence.  Cal. Code Civ. Proc. § 425.16.

3   **III.     PLAINTIFF'S CROSS-MOTION IS BARRED UNDER CALIFORNIA'S**

4   **ANTI-SLAPP STATUTE**

5   **A.     Purpose Behind California's Anti-SLAPP Statute**

6          California's anti-SLAPP statute was enacted "to nip SLAPP litigation in the bud"

7   by quickly disposing of claims that target the exercise of free-speech rights.  *Braun v.*

8   *Chronicle Publishing Co.*, 52 Cal. App. 4th 1036, 1042 (1997).  It was the Legislature's

9   intent that the anti-SLAPP statute "be broadly construed" and applies to both written and

10  oral statements and conduct implicating constitutionally protected free speech or

11  petitioning rights for the redress of grievances.  Cal. Code Civ. Proc. § 425.16*; see also,*

12  *Ludwig v. Super. Ct.,* 37 Cal. App. 4th 8, 18-20 (1995) (anti-SLAPP motion is proper

13  when the offending conduct was supporting another person's right of petition or free

14  speech).

15         **B.     California's Anti-SLAPP Statute Applies in Federal Court**

16         The anti-SLAPP statute is designed to expeditiously weed out meritless claims and

17  is applicable to state law claims filed in federal court.  Cal. Code Civ. Proc. § 425.16(a);

18  *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-973 (9th Cir.

19  1999); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.,* 63 F.Supp.2d 1127

20  (N.D. Cal. 1999).   In evaluating the merits of an anti-SLAPP motion, federal courts

21  apply California law.  *Hilton v. Hallmark Cards*, 599 F.3d 894, 905 (9th Cir. 2010).

22         In addition, public officials and government entities may file an anti-SLAPP

23  motion provided they meet the requirements of Code of Civil Procedure section 425.16.

24  *Vargas v. City of Salinas,* 46 Cal. 4th 1, 17 (2009) ("we believe it is clear, in light of both

25  the language and purpose of California's anti-SLAPP statute, that the statutory remedy

26  afforded by section 425.16 extends to statements and writings of governmental entities

27  and public officials on matters of public interest and concern that would fall within the

28  scope of the statute if such statements were made by a private individual or entity.");

ORBACH HUFF & HENDERSON LLP

*Bradbury v. Super. Ct.,* 49 Cal. App. 4th 1108, 1114 (1996).  The *Bradbury* Court expressly stated that the anti-SLAPP protection emphatically includes governmental entities as "[g]overnment can only speak through its representatives.  A public entity is vicariously liable of the conduct of its employees acting within the scope of their employment, but only to the extent that the employees are liable…. the word 'person' as used in section 425.16 subdivision (b) must be read to include a governmental entity." *Id.*  Because the State Bar is a governmental entity and each of the individually-named State Bar attorneys are sued for their alleged acts performed within the course and scope of their employment with the State Bar, each of these attorneys are also afforded the same protections.  Cal. Gov. Code § 811.2; *Wright v. Compton Unified Sch. Dist.*, 46 Cal. App. 3d 177, 181-82 (1975).

### C.    The Two-Step Anti-SLAPP Analysis

Resolution under the anti-SLAPP statute requires a two-step process.  *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728 (2003).  In the first step, the defendant must show that the conduct underlying the plaintiff's cause of action asserted as grounds for relief arises from the defendant's constitutional rights of free speech or petition.  Cal. Code Civ. Proc. § 425.16(b)(1); *Baral v. Schnitt*, 1 Cal. 5th 376, 395 (2016).  A defendant meets this burden by showing that the conduct falls under one of the enumerated matters in subdivision (e), which includes written or oral statements or writings made in connection with an issue under consideration or review by a judicial body.  Cal. Code Civ. Proc. § 425.16 (e)(2).

In the second step, the burden shifts to the plaintiff to demonstrate that he or she has a probability of prevailing on their substantive claim.  Cal. Code Civ. Proc. § 425.16(b)(1); *Taus v. Loftus,* 40 Cal. 4th 683, 712 (2007).  "Put another way, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilson v. Parker, Covert & Chidester,* 28 Cal. 4th 811, 821 (2002).  The plaintiff must therefore present credible evidence that satisfies the

ORBACH HUFF & HENDERSON LLP

standard of proof required by the substantive law of the cause of action challenged by the anti-SLAPP motion.

### D.  Step One: Plaintiff's Cross-Motion Arises from a Constitutionally Protected Activity

The question under step one of this analysis is whether the State Bar Defendants' Motion to Dismiss constitutes protected free speech.  The answer is that it unequivocally does.

The focus under this first step of the anti-SLAPP analysis "is not the form of plaintiff's cause of action, but the defendant's activity that gives rise to the asserted liability." *Midland Pacific Bldg. Corp. v. King*, 157 Cal. App. 4th 264, 272 (2007).  Here, Plaintiff's "cause of action" is his Cross-Motion for Sanctions.  This Cross-Motion was filed in direct response to the State Bar Defendants' Motion to Dismiss.  This is self-evident in Plaintiff's own filing, which he titles as a "cross-motion" and in which he specifically attacks State Bar Defendants' Motion to Dismiss.  This subjects Plaintiff's Cross-Motion to the anti-SLAPP statute, which expressly protects statements and writings made "in connection with an issue under consideration or review by a legislative, executive, or **judicial body**."  Cal. Code Civ. Proc. § 425.16(e)(2) (emphasis added).  Thus, the same bright-line test that protects statements or conduct made during proceedings before one of the three branches of government or officially authorized proceedings also protects statements and conduct outside the proceedings if sufficiently related to matters considered by the official body.  *Maranatha Corrections, LLC v. Dept. of Corrections & Rehabilitation*, 158 Cal. App. 4th 1075, 1085 (2008).  Moreover, such statements and writing are protected by the anti-SLAPP statute even if no public issue is involved.  *Area 51 Productions, Inc. v. City of Alameda*, 20 Cal. App. 5th 581, 601 (2018).

Federal Rules of Civil Procedure, rule 12 permits a party to bring a motion to dismiss for various grounds, including lack of standing and failure to state a claim.  As set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "[t]o survive a motion to dismiss, a

ORBACH HUFF & HENDERSON LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORBACH HUFF & HENDERSON LLP

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id, citations omitted*.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678.  The Court must accept the factual allegations in the pleading as true and, thereafter, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

State Bar Defendants had a right, as part of the litigation process, to file its Motion to Dismiss.  In fact, the Motion to Dismiss was necessary, especially given the frivolous claims and allegations advanced by Plaintiff.  Plaintiff's response to the motion should be to oppose it.  By filing his Cross-Motion for Sanctions, Plaintiff is engaging in the very type of activity the anti-SLAPP statute is designed to prohibit.

### E.   Step Two: Plaintiff Cannot Demonstrate a Probability of Prevailing on His Cross-Motion for Sanctions

In the second step of the anti-SLAPP analysis, the burden shifts to Plaintiff to demonstrate he has a probability of prevailing against the State Bar Defendants.  To meet this burden, Plaintiff must show his claims are both legally sufficient and must make a prima facie showing sufficient to support a favorable judgment. *Navellier v. Sletten*, 29 Cal. 4th 88-89 (2002).  In other words, Plaintiff must substantiate each element of their causes of action and not merely counter the State Bar Defendants' affirmative defenses. *No Doubt v. Activision Publishing*, 192 Cal. App. 4th 1018, 1028 (2011).

Again, the activity at issue here is the State Bar Defendants' filing of a Motion to Dismiss (i.e., constitutionally protected activity) and Plaintiff's filing of his Cross-Motion in response thereto.  Plaintiff's Cross-Motion, like his operative complaints, is replete with conclusory statements of law with no application or allegations specifically against

the State Bar Defendants.  For instance, Plaintiff's Cross-Motion refers to and quotes from Supreme Court opinion (*N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n*, 574 U.S. 494 (2015)) and California Supreme Court Administrative Order 2017-09-20 to conclude that the State Bar is not a sovereign and is subject to federal antitrust laws, but fails to actually apply the analysis under said authority or assert any actual facts.  Facial plausibility is the standard for anti-SLAPP litigation and there can be plausibility where there are no facts alleged.

Plaintiff essentially argues in his Cross-Motion that State Bar Defendants filed their Motion to Dismiss for no purpose other than to harass him.  However, Plaintiff was previously advised by Judge Bashant that his First Amended Complaint in his RICO I case failed to comply with Rule 8 and failed to state a claim on several claims.  *Beck*, 2023 WL 1999485.  Judge Bashant further "strongly encourage[d]" Plaintiff to limit his Second Amended Complaint to no more than 35 pages.  *Beck*, 2023 WL 1999485 at *10. Plaintiff's FAC is 60 pages.  In his Cross-Motion, Plaintiff argues that State Bar Defendants purposely ignore his additional allegations and facts contained in his RICO Case Statement.  (Cross-Motion at p. 6).  The RICO Case Statement is not part of his FAC, and any allegations supporting his claims belong in his complaint, not a separately filed document that he attached to his response to the State Bar defendants' notice of related cases.  *See* Dkt. 8.  In any event, this RICO Case Statement consists of 100 pages of additional labyrinthine conclusions, many of which refer to events and individuals with no reported connection to either Plaintiff or his lawsuits.  The Federal Rules of Civil Procedure specifically allow a party to file a Motion to Dismiss.  It cannot be considered harassment for the State Bar Defendants to take part in an activity—the filing of a motion—when said activity is explicitly permitted.

## IV.   PLAINTIFF'S MOTION IS MERITLESS AND VIOLATES RULE 11

To the extent Plaintiff's Motion relies on Rule 11, it is similarly improper. Although Plaintiff's arguments are difficult to follow, he appears to be arguing that any response to the FAC other than an unqualified admission and complete acquiescence to

ORBACH HUFF & HENDERSON LLP

Plaintiff's demand would violate Rule 11.  Such a position hinges on the faulty premise that the State Bar Defendants' Motion to Dismiss (which challenges the validity of Plaintiff's claims) is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law."  (Fed.R.Civ.P. 11(b)(2).  But Plaintiff's assertion has indirectly been rejected by this Court, when it *sua sponte* dismissed the First Amended Complaint and terminated all pending motions in Plaintiff's RICO I case, which is coterminous and largely duplicative of the allegations in this RICO II case.

For a pleading to violate Rule 11, it must be "legally frivolous and factually misleading." *Gagne v. Zodiac Maritime Agencies, Ltd.*, 274 F. Supp. 2d 1144, 1151 n.3 (S.D. Cal. 2003) (citing *Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1153 (9th Cir. 2002)).  "To be frivolous, a filing must be baseless and have been made without reasonable and competent inquiry." *Id.* (citing *Montrose Chem. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1133 (9th Cir. 1997)); *see also In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996) ("The word 'frivolous' . . . is shorthand that this court has used to denote a filing that is both baseless and made without a reasonable and competent inquiry.").

When brought in response to an initial pleading, a Rule 11 motion poses a particularly dangerous threat of 'chill[ing] vigorous advocacy.'" *See Larez v. Holcomb*, 16 F.3d 1513, 1522 (9th Cir. 1994) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Therefore, "[a]s long as there is some 'plausible basis,' even a weak one, for the arguments advanced, then Rule 11 sanctions are improper." *Padres Hacia Una Vida Mejor v. Jackson*, 2012 WL 6053946, at *1 (E.D. Cal. Dec. 5, 2012) (citing *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001); *Strom v. United States*, 641 F.3d 1051, 1059 (9th Cir. 2011)).  This is because Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories."  Fed. R. Civ. P. 11, advisory committee notes to 1983 amendments.  And, "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Langer v. Kacha*, 2016 WL 4595129, at *1 (S.D.

State Bar Defendants' Opposition to Plaintiff's Cross-Motion for Sanctions [3:23-cv-00164-AGS-DDL]

Cal. Sept. 2, 2016) (quoting *Operating Eng'rs Pension Trust v. A-C Co*., 859 F.2d 1336, 1344 (9th Cir. 1988) (Rule 11 sanctions are "reserve[d] . . . for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.")).

The "plausible basis" standard is satisfied, inter alia, by presenting "sufficient case law to support a reasonable belief" that the accused behavior is not frivolous.  *See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp*., 982 F.2d 363, 370 (9th Cir. 1992).  Here, the arguments advanced by the State Bar Defendants in their Motion to Dismiss are grounded in established precedent – including numerous cases and statutes that consistently and unambiguously support the asserted defenses and arguments. Indeed, the arguments advanced in the Motion to Dismiss are consistent with the conclusions reached by this very Court in its sua sponte ruling in response to the RICO I case.

Given the tortured litigation history created by Plaintiff's antics, his Motion is clearly inappropriate and submitted for an improper purpose – namely, to harass and threaten the State Bar Defendants while needlessly pursuing frivolous motions.  As the advisory committee notes to the 1993 amendments confirm, Rule 11 motions:

> should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine.

Fed. R. Civ. P. 11, advisory committee notes to 1993 amendments; see also *Edberg v. Neogen Corp*., 17 F. Supp. 2d 104, 109 (D. Conn. 1998) ("Rule 11 should never be used as a litigation tactic for intimidating opposing counsel from asserting a meritorious position.").  Yet, this is exactly what Plaintiff has done in prosecuting this Motion.

///

ORBACH HUFF & HENDERSON LLP

ORBACH HUFF & HENDERSON LLP

In hopes of promoting judicial efficiency, a thorough discussion of the arguments advanced in the State Bar Defendants' Motion to Dismiss (which is the focus of Plaintiff's Motion) are not addressed herein.  Needless to say, those very arguments have been approved and even adopted by Federal Courts in response to other similar claims. Given the impropriety of Plaintiff's Motion, this Court should exercise its discretion and issue monetary sanctions against Plaintiff; "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions."  Fed. R. Civ. P. 11, advisory committee notes to 1993 amendments.

The filing of a frivolous sanctions motion like Plaintiff's is a sanctionable event, and the Court can issue sanctions under Rule 11(c)(2), 28 U.S.C. § 1927, or its inherent authority.  For example, in *Partington v. Gedan*, 880 F.2d 116 (9th Cir. 1989), then Chief Judge Reinhardt, concurring in part and dissenting in part, noted that "unwarranted sanctions motions serve to multiply proceedings unnecessarily and to harass one's opponent," and stated that because he "believe[s] that Chang and Gedan's filing of a motion for sanctions against Partington for bringing this appeal was unreasonable and vexatious, I would impose sanctions pursuant to 28 U.S.C. § 1927." Id. at 149.

More recently, in *Barley v. Fox Chase Cancer Ctr.*, 54 F. Supp. 3d 396 (E.D. Pa. 2014), the court levied sanctions in closely analogous circumstances.  There, the defendant filed two Rule 11 sanctions motions against plaintiff's counsel, which the court found meritless, also noting that defendant "submitted a totally redacted billing record to the Court," so that "[e]ven if we found a basis for sanctions, we would have found no basis for their imposition in this latest take-it-on-faith filing."  *Id.* at 408.  In granting the plaintiff's cross-motion for sanctions pursuant to § 1927, the court held:

> Littler Mendelson's two motions on Fox Chase's behalf without question offend Section 1927. It multiplied the proceedings by filing two motions for sanctions that were unsupported by billing records . . . . Fox Chase's counsel was unreasonable to file these motions as they fly in the face of well-established Circuit law and could only have been intended to harass the plaintiff. The motions increased the cost of proceedings by obliging Barley's counsel to respond. And Fox Chase's counsel should have known that the claims they advanced were meritless, being

unsupported by evidence in the record . . . . Because the motions were so deficient, we find that they were filed for the improper purpose of harassing the opponent by burdening her with a needless defense.

*Id.* at 408; *see also Weaver v. Chrysler Corp.*, 1998 WL 477725, at *2 (S.D.N.Y. Aug. 14, 1998) (motion for sanctions unreasonably and vexatiously multiplied proceedings and warranted imposition of sanctions under § 1927).

Moreover, it is well-established law that threats of Rule 11 sanctions are out of line where the other side's position is plausible, even though the party seeking sanction believes the other side's position is incorrect.  Seeking sanctions under such circumstances is itself sanctionable conduct. (*Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 485 (3rd Cir. 1987) (holding "The use of Rule 11 as an additional tactic of intimidation and harassment has become part of the so-called 'hardball' litigation techniques espoused by some firms and their clients. Those practitioners are cautioned that they invite retribution from courts which are far from enchanted with such abusive conduct. A court may impose sanctions on its own initiative when the Rule is invoked for an improper purpose."

In addition, Rule 11 provides that, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorneys' fees, incurred for the motion."  Fed. R. Civ. P. 11(c)(2).  "[W]here a party's motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose, a court may find itself in the position of imposing Rule 11 sanctions on the moving party and/or her attorney." *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003) (quoting *Georgene M. Vairo, Rule 11 Sanctions: Case Law Perspectives And Preventative Measures* § 4.01[c][3][F] (2d ed. Supp. 1994)) )); *see also Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) (upholding award of Rule 11 sanctions against movant whose Rule 11 motion was denied).  Indeed, "A party bringing a sanctions motion is subject to the same standard as the party against whom the motion is directed." *United States v. San Francisco*, 132 F.R.D. 533, 537 (N.D. Cal. 1990).

ORBACH HUFF & HENDERSON LLP

Plaintiff's Motion is clearly unsupported and nothing short of frivolous.  Pursuant thereto, the State Bar Defendants request not only that Plaintiff's Motion be denied in its entirety, but also that the Court impose sanctions of $5,000 against Plaintiff under Rule 11(c)(2) in order to reimburse the State Bar Defendants for their time and expense in having to oppose this Motion.

## V.    CONCLUSION

The State Bar Defendants respectfully request the Court deny Plaintiff's Motion in its entirety.  Furthermore, the State Bar Defendants respectfully request the Court impose sanctions against Plaintiff in the amount of $5,000 for his violation of the Anti-SLAPP laws as well as his abuse of the litigation process, in violation of Rule 11.


Dated:  April 7, 2023                    Respectfully submitted,

**ORBACH HUFF & HENDERSON LLP**


By:    */s/ Kevin E. Gilbert*
        Kevin E. Gilbert
        JiEun Choi
        Attorneys for Defendants
        THE STATE BAR OF CALIFORNIA,
        RUBEN DURAN, SUZANNE GRANDT
        and ELI DAVID MORGENSTERN

ORBACH HUFF & HENDERSON LLP

State Bar Defendants' Opposition to Plaintiff's Cross-Motion for Sanctions [3:23-cv-00164-AGS-DDL]

**PROOF OF SERVICE**                                                    **FRCP RULE 5(b)**

I, Jennifer Garcia, am employed in the County of Alameda, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is Orbach Huff & Henderson LLP, 6200 Stoneridge Mall Road, Suite 225, Pleasanton, California 94588.

On April 7, 2023, I served the foregoing:

- **DEFENDANTS THE STATE BAR OF CALIFORNIA, RUBEN DURAN, SUZANNE GRANDT AND ELI DAVID MORGENSTERN'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SANCTIONS**

on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows and I caused delivery to be made by the mode of service indicated below:

| Justin S. Beck<br>3501 Roselle Street<br>Oceanside, CA  92056 | Plaintiff Pro Se<br>Telephone:  (760) 449-2509<br>Email:      justintimesd@gmail.com |
| --- | --- |

**[ X ]  (*By E-Mail or Electronic Transmission*)** I caused a copy of the document(s) to be sent from e-mail address jgarcia@ohhlegal.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ X ]** (*Regular U.S. Mail*) on the parties in this action in accordance with Code of Civil Procedure section 1013, by placing a true and correct copy thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepaid, in the U.S. Mail at Pleasanton, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Pleasanton, California, in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on April 7, 2023, at Pleasanton, California.

_____
Jennifer Garcia

Defs' Proof of Service [3:23-cv-00164-AGS-DDL]