RANDY S. GROSSMAN
United States Attorney
STEPHANIE A. SOTOMAYOR
Assistant U.S. Attorney
Illinois Bar No. 6325877
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel/Fax: (619) 546-9590/7754
Email: Stephanie.Sotomayor@usdoj.gov

Attorneys for the Attorney General and
the United States of America

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, THE STATE BAR OF CALIFORNIA, SUZANNE GRANDT, RUBEN DURAN, ELI DAVID MORGENSTERN; KENNETH CATANZARITE,<br><br>　　　　　　　Defendants,<br><br>UNITED STATES ATTORNEY GENERAL; UNITED STATES OF AMERICA<br><br>　　　　　　　Nominal Defendants. | Case No. 23-CV-0164-AGS-DDL<br><br>**MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**DATE:** May 12, 2023<br>**TIME:** 4:00 p.m.<br>**CTRM**: 5C, 5th Floor<br>**JUDGE**: Hon. Andrew G. Schopler<br><br>[PER LOCAL RULE, NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT] |

**NOTICE OF MOTION AND MOTION TO DISMISS**

On May 12, 2023, before the Hon. Andrew G. Schopler in Courtroom 5C of the Edward J. Schwartz United States Courthouse, located at 221 West Broadway, San Diego, California, 92101, Defendants Attorney General of the United States and the United States of America (collectively "Federal Defendants") hereby move for an order dismissing Plaintiff's First Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 41(b). This motion is based on the documents on file in this action, the attached memorandum of points and authorities, and any other evidence or argument that the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Plaintiff's First Amended Complaint ("FAC") suffers from a number of jurisdictional defects. First, Plaintiff fails to identify any applicable waiver to sovereign immunity to support any cause of action against the Federal Defendants. Second, the FAC is not a short and plain statement that adequately informs the Federal Defendants of the claims they must answer and be prepared to defend, as required by Federal Rule of Civil Procedure 8. Instead, Plaintiff's FAC is a 60-page compilation of unrelated allegations pertaining to defendants other than the Federal Defendants. In fact, it is not readily apparent what claims, if any, Plaintiff is asserting against the United States or the Attorney General. In sum, Plaintiff's FAC is subject to dismissal on several grounds, and in all instances, dismissal of the Federal Defendants with prejudice and without leave to amend is warranted.

**II.  FACTUAL HISTORY**

This is Plaintiff's second lawsuit in this Court against the Federal Defendants for nearly identical allegations. *See* Doc. Nos. 1, 7, 37 in *Justin S. Beck v. Catanzarite, et al.*, 22-CV-01616-BAS-DDL (S.D. Cal., filed Oct. 19, 2022) ("*Beck I*"). The Federal Defendants, the United States and the Attorney General, filed a Motion to Dismiss

Plaintiff's First Amended Complaint in *Beck I* on March 31, 2023. *Id*., Doc. No. 55. The motion is *Beck I* is still pending.

Plaintiff filed the instant suit on January 30, 2023. Doc. No. 1. On February 2, 2023, Plaintiff filed the FAC containing seven "Counts": four claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); two claims under 42 U.S.C. § 1983; and one claim under 15 U.S.C. § 15. *See* Doc. No. 2. On February 21, 2023, Plaintiff filed a 100-page "RICO Case Statement." Doc. No. 9-1. Defendants State Bar of California, Ruben Duran, Suzanne Grandt, and Eli David Morgenstern ("State Bar Defendants") filed a motion to dismiss Plaintiff's FAC on March 1, 2023 (Doc. No. 12), and on March 3, 2023, Defendant State of California filed a Notice of Joinder in State Bar Defendants' motion to dismiss. Doc. No. 13.

On March 27, 2023, Plaintiff filed a 265-page "Cross Motion and Cross Motion for Sanctions" against the State Bar Defendants and the State of California (collectively "State Defendants"), in response to their Motions to Dismiss. Doc. No. 18.

The Federal Defendants have difficulty understanding Plaintiff's allegations, and which, if any, are pled against them because the FAC is confusing and oftentimes digressive. However, the genesis of Plaintiff's complaints appears to be a securities action brought against Plaintiff in 2018. FAC, ¶ 81. Plaintiff claims that shareholders, represented by Defendant Catanzarite, brought that action "with intent to defraud" him, and the State Bar Defendants improperly declined to investigate his complaints against Defendant Catanzarite. *Id*., at ¶¶ 81, 122. Plaintiff accuses Defendant State of California of engaging in a pattern of racketeering activity because it purportedly "used and invested income from the taxpayer[s]… in the State Bar of California," (*Id*., at ¶ 203) "lacked direct supervision of State Bar," (*Id*., at ¶ 258), and had no "clearly articulated State policy which allowed the racketeering activity to favor the State Bar of California enterprise." *Id*. Plaintiff seeks damages from the State Defendants resulting from their "special relationship" wherein Plaintiff is a "victim" of their "ongoing schemes to defraud him." *Id*., at ¶ 20.

As is true in *Beck I*, it is difficult to decipher what role, if any, the Federal

Defendants allegedly played in the events that form the basis for Plaintiff's claims. For instance, each cause of action specifically identifies the relevant defendants against whom the actions are alleged, and none identify the Federal Defendants (*Id.*, at ¶¶ 163, 198, 225, 252, 268, 301, 316); nor does any cause of action reference any actions by the Federal Defendants.

### III. LEGAL STANDARDS

#### A. Dismissal For Lack of Subject Matter Jurisdiction

A Federal Rule of Civil Procedure 12(b)(1) motion to dismiss challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

#### B. Dismissal for Failure to Make a "Short and Plain Statement" that Informs All Defendants of the Claims Against Them

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Complaints that do not comply with Rule 8 are subject to dismissal, even if the claim has facial merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Rule 8(e), requiring each averment to be "simple, concise, and direct," applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)"; affirming district court's dismissals of complaint that "presented long-winded tales of municipal conspiracy and police misconduct, but failed properly to notify the individual defendants of the legal claims they faced"); *Polk v. Beard*, No. EDCV 13-1211-BRO, 2014 WL 4765611, at *3 (C.D. Cal. June 20, 2014) ("failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit.") (*citing McHenry*). A

complaint may not "lump together" multiple claims against multiple defendants; rather, when multiple defendants are named, the complaint must adequately identify which claims are brought against which defendants. *Flores v. EMC Mortgage Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014). *See also Robutka v. Department of Justice*, No. 06CV0716 WQH (NLS), 2007 WL 1975407, *1 (S.D. Cal. April 18, 2007) (Hayes, J.) ("every complaint must, at a minimum, give fair notice and state the elements of each claim against each defendant plainly and succinctly").

## IV. ARGUMENT

### A. Plaintiff Fails to Identify any Applicable Waiver of Sovereign Immunity to Support any Cause of Action Against the Federal Defendants

Plaintiff's FAC is a mishmash of allegations that are difficult to decipher in terms of identifying specific allegations against specific defendants. *See infra* Section IV.B. However, to the extent Plaintiff intends to assert any of the listed causes of actions against the Federal Defendants, each fails because there is no applicable waiver of sovereign immunity to support such claims against either the United States or the Attorney General.

The United States, as sovereign, is immune from suit save as it consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999). The right to sue the United States can be acquired only by specific consent of Congress; the terms of such consent narrowly define a district court's jurisdiction to entertain suit on any given matter. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Further, a suit against federal agencies and its officers, acting in their official capacities, constitutes a lawsuit against the United States. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983); *see also Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998).

In Counts I through IV, Plaintiff asserts RICO violations, specifically violation of 18 U.S.C. § 1962. It is not apparent that Plaintiff asserts these claims against the Federal

4

Defendants, as the sections pertaining to these claims each contain notations that they are alleged "against" defendants other than the Federal Defendants. *See* FAC, ¶¶ 163, 198, 225, 252. To the extent Plaintiff asserts RICO violations against the Attorney General and the United States, these claims fail. "The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, which is Title IX of the Organized Crime Control Act of 1970 (OCCA), imposes criminal and civil liability upon persons who engage in certain 'prohibited activities,' each of which is defined to include, as a necessary element, proof of a 'pattern of racketeering activity.'" *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 229 (1989). However, the United States has not waived its sovereign immunity and consented to suit under the RICO statutes. *Sherwood v. United States*, No. C-96-2223-JSB, 1996 WL 732512, at *3 (N.D. Cal. 1996), aff'd, 173 F.3d 861 (9th Cir. 1999), citing *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991) ("it is clear that there can be no RICO claim against the federal government").

Plaintiff's claims under 42 U.S.C. § 1983 similarly fail. *See* FAC, Counts V and VI. In *Beck I*, the Court already advised Plaintiff that Section 1983 does not provide a basis for suit against the federal government. *See Beck I* at Doc. No. 35. Section 1983 provides a remedy only for deprivation of constitutional rights by a *person* acting under color of state law. *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). It does not provide a remedy against the United States or federal officials sued in their official capacity. *Id*. (no section 1983 claim against federal officials acting pursuant to federal law); *see also Billings v. U.S.*, 57 F.3d 797, 801 (9th Cir. 1995) (same); *Gabriel v. Gen. Servs. Admin.*, 547 F. App'x 829, 831 (9th Cir. 2013) ("Civil Rights statutes, such as 42 U.S.C. §§ 1981, 1985, do not waive the federal government's own sovereign immunity."). Moreover, there is no evidence the Attorney General is sued for conduct taken under the color of state law. *West v. Atkins,* 487 U.S. 42, 46, (1988) (acting under color of state law is "a jurisdictional requisite for a § 1983 action). Because no cause of action exists under Section 1983 against the Federal Defendants, Counts V and VI should be dismissed.

Plaintiff's antitrust cause of action under the "Clayton Act," 15 U.S.C. § 15 (*see*

5

FAC, Count VII) also fails for lack of jurisdiction. 15 U.S.C. § 15. The United States has not waived sovereign immunity for antitrust claims. *United States v. Wong*, 575 U.S. 402, 430 (2015) ("Nor does the Clayton Act involve the waiver of sovereign immunity for money damages against the Government."); *Cole v. Alaska Island Cmty. Servs., Inc.*, No. 1:18-CV-00011-TMB, 2019 WL 13211822, at *9 (D. Alaska Oct. 11, 2019), aff'd sub nom. *Cole v. Alaska Island Cmty. Servs.*, 834 F. App'x 366 (9th Cir. 2021) ("Private antitrust claims may be brought under the Sherman Act or the Clayton Act. Neither of these Acts contain a waiver of the United States' sovereign immunity."). The antitrust laws are inapplicable to government activities. *Champaign-Urbana News Agency, Inc. v. J. L. Cummins News Co.*, 479 F. Supp. 281, 287–88 (C.D. Ill. 1979), aff'd, 632 F.2d 680 (7th Cir. 1980); *see also U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.,* 540 U.S. 736, 737 (2004) ("The United States is not a proper antitrust defendant.").

Similarly, Plaintiff's Clayton Act claim cannot apply to the Attorney General. Federal officials are immune from suit under the antitrust laws. *Sea-Land Serv., Inc. v. Alaska R.R.*, No. 80-1277, 1980 WL 1881, at *2 (D.D.C. July 11, 1980), aff'd, 659 F.2d 243 (D.C. Cir. 1981); *see also Alabama Power Co. v. Alabama Elec. Co-op.*, Inc., 394 F.2d 672, 677 (5th Cir. 1968) (holding that the Administrator of the Rural Electrification Administration, a federal entity, was immune from suit under the antitrust laws). This is especially true because federal officials, sued in their official capacities, are sued for actions made in furtherance of governmental objectives. *Champaign-Urbana News Agency, Inc. v. J. L. Cummins News Co.*, 479 F. Supp. 281, 287–88 (C.D. Ill. 1979) ("Since the government acts only through its agents, such agents are likewise immune from liability… while acting within the scope of [their] authority in the furtherance of a declared governmental policy or legislative scheme."); *see also Crocker v. Padnos*, 483 F. Supp. 229, 232 (D. Mass. 1980) ("The named defendants, having been sued in their official capacities without personal involvement, are officers of the United States; hence I treat whatever claim might be made against them as suits against the United States itself."). Here, the Attorney General is sued in his official capacity and, as such, is immune from

antitrust liability.

In sum, each of Plaintiff's causes of action against the Federal Defendants must be dismissed because none identify an applicable waiver of sovereign immunity to support each action.

### B. The FAC Is Not "Simple, Concise, and Direct," and it Does Not Adequately Inform Defendants of the Claims Against Them (Fed. R. Civ. P. 8)

Plaintiff's FAC is neither a "short and plain statement" of his claims that is "simple, concise, and direct," *see* Fed. R. Civ. P. 8(a) and (d)(1), nor does it inform the Federal Defendants of the specific claims against which they must defend. *See Flores*, 997 F. Supp. 2d at 1103 (a "plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy" Rule 8(a)).

The FAC is 60 pages in length and contains 335 paragraphs. *see* FAC. The FAC is rambling and unfocused, and preparing an Answer to the FAC compliant with Fed. R. Civ. P. 8(b) (which requires a specific response to each allegation) would impose an unreasonable burden on the Federal Defendants. *See McHenry*, 84 F.3d at 1177 (comparing a form complaint that both "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery" and "can be read in seconds and answered in minutes" with the 53 page complaint dismissed there, which was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (a complaint violates Rule 8 if it "is so verbose, confused and redundant that its true substance, if any, is well disguised").

To further complicate the Federal Defendants' burden, the FAC specifically parses the Federal Defendants out into their own separate category, as "Nominal Defendants." It is not clear what Plaintiff means by "Nominal Defendants," and it is equally unclear which, if any, allegations are made against the Federal Defendants. Moreover, Plaintiff's allegations suggest he wants the Federal Defendants to assist him in obtaining the relief he seeks. *See, e.g.*, FAC ¶ 9 ("Plaintiff seeks United States intervention against The State Bar

of California for cause."); ¶ 44 ("Defendant UNITED STATES ATTORNEY GENERAL… has a duty to the United States of America, and to all citizens..."); ¶ 45 ("Defendant UNITED STATES OF AMERICA…has a duty to all citizens of USA, is not an ordinary party to this proceeding…If State refuses, USA has a duty to all persons harmed by State Bar through reverse incorporation…); ¶ 316 ("This Count VII is…for injunctive relief against the State Bar of California through UNITED STATES ATTORNEY GENERAL); ¶ 324 ("…[United States Attorney General] and [United States] have a duty to intervene where the State Bar of California refuses to be governed, and refuses to conform to federal antitrust laws.").

Adding to the confusion is the fact that the FAC contains no explanation of why the Federal Defendants (who were not involved in any of the underlying events described in the FAC) are being asked to answer the allegations. The inability to distinguish between parties and claims is especially problematic here, where the named Defendants are not similarly situated. The named defendants include the State of California, the State Bar of California, Kenneth Catanzarite, California State Bar employees Suzanne Grandt, Ruben Duran, and Eli David Morgenstern, the United States Attorney General, and the United States of America. The bar of sovereign immunity is applicable to some defendants, but not to others, thus requiring that Plaintiff plead an applicable waiver of sovereign immunity to support jurisdiction for claims against some defendants, but not others. Also, certain types of damages may be available against some defendants, but not others. Because it is unknown under which theory of liability Plaintiff sues the Federal Defendants in each of his causes of action, the 60-page FAC is no different than the "rambling" complaint dismissed in *Flores*. *See Flores*, 997 F. Supp. 2d at 1103 ("The complaint lacks specific, clearly defined allegations of each defendant's alleged wrongs to give fair notice of claims plainly and succinctly to warrant dismissal of this action."). Indeed, it appears Plaintiff does not bring any allegations against the Federal Defendants: each count specifically lists out the relevant parties against whom the count is alleged, and none of the Plaintiff's seven causes of action reference the Federal Defendants. FAC, at ¶¶ 163, 198, 225, 252, 268,

8

301, 316. Indeed, Plaintiff purports to bring one of his actions *on behalf* of the United States and suggests the Attorney General will assist in bringing the Plaintiff the relief he seeks. *Id.*, at ¶ 316.

In short, the FAC is a mishmash of disparate allegations that fail to accomplish the most basic purpose of a complaint: informing the Federal Defendants in a "short and plain statement" that is "simple, concise, and direct" about which claims they must answer and be prepared to defend. The Court therefore should dismiss Plaintiff's FAC for failure to comply with Rule 8. *McHenry*, 84 F.3d at 1180 (affirming dismissal with prejudice of a fifty-three page third amended complaint that violated Rule 8's "short and plain statement" requirement; "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Flores*, 997 F. Supp. 2d at 1103 (granting dismissal where "[t]he complaint's 86 pages of text is duplicative and lacks necessary cohesion and organization to decipher claims against defendants and others…The complaint lumps defendants (and apparently others) together and fails to distinguish adequately claims and alleged wrongs among defendants and others.").

## V. **CONCLUSION**

Plaintiff's entire First Amended Complaint against the Attorney General and the United States should be dismissed pursuant to Rule 12(b)(1) because it does not allege any applicable waiver of sovereign immunity to support the alleged causes of action. Plaintiff's FAC should also be dismissed because it fails to meet the pleading standards set forth in Rule 8.

//
//
//
//
//

| | | |
|---|---|---|
| DATED: | April 14, 2023 | Respectfully submitted, |
| | | RANDY S. GROSSMAN<br>United States Attorney |
| | | */s/ Stephanie A. Sotomayor*<br>STEPHANIE A. SOTOMAYOR<br>Assistant United States Attorney<br>Attorneys for the Attorney General<br>and the United States of America |