Ellin Davtyan, General Counsel (SBN: 238608)
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
845 S. Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 765-1000
Facsimile: (415) 538-2321

Robert G. Retana, Deputy General Counsel (SBN: 148677)
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105
Telephone: (415) 538-2388
Facsimile: (415) 538-2321
Email: robert.retana@calbar.ca.gov

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
JiEun Choi, Esq. (SBN: 224175)
jechoi@ohhlegal.com
**ORBACH HUFF & HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA  94588
Telephone:   (510) 999-7908
Facsimile:    (510) 999-7918

Attorneys for Defendants
THE STATE BAR OF CALIFORNIA, RUBEN DURAN, SUZANNE GRANDT
and ELI DAVID MORGENSTERN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, individually, and as guardian ad litem to ROES 1-150,000,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; THE STATE BAR OF CALIFORNIA; SUZANNE GRANDT; RUBEN DURAN; ELI DAVID MORGENSTERN; and KENNETH CATANZARITE,<br><br>Defendants. | Case No.  3:23-cv-00164-AGS-DDL<br><br>**REPLY IN SUPPORT OF STATE BAR DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>DATE:     May 9, 2023<br>TIME:      3:30 p.m.<br>DEPT:      Courtroom 5C, 5th Floor<br>JUDGE:    Hon. Andrew G. Schopler |

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................................1

II. PLAINTIFF'S FAC FAILS TO SATISFY HIS PLEADING OBLIGATIONS ...........1

III. THIS COURT LACKS SUBJECT MATTER JURISDICTION..................................2

IV. QUASI-JUDICIAL IMMUNITY FURTHER PRECLUDES PLAINTIFF'S CLAIMS........................................................................................................................5

V. THE FAC IS FRIVOLOUS AND FAILS TO STATE ANY CLAIM AGAINST THE STATE BAR DEFENDANTS.............................................................................5

   A. Plaintiff Fails to State any RICO Claims ...............................................................5

   B. Plaintiff Fails to Allege Any Facts to Support an Antitrust Claim..........................7

   C. Plaintiff's Section 1983 are Fatally Flawed ............................................................8

VI. CONCLUSION ...........................................................................................................10

ORBACH HUFF & HENDERSON LLP

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Albright v. Oliver*,
    510 U.S. 266 (1994) .............................................................................................. 8

*Armstrong v. Sexson*,
    2007 WL 2288297 (E.D. Cal. August 8, 2007) ................................................... 7

*Ashcroft v. Iqbal*,
    129 S.Ct. at 1949 (2008) ...................................................................................... 7

*Atascadero State Hosp. v. Scanlon*,
    473 U.S. 234 (1985) .............................................................................................. 4

*Bates v. State Bar of Arizona*,
    433 U.S. 350 (1977) .............................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................... 1, 7

*Berger v. Pierce*,
    933 F.2d 393 (6th Cir. 1991) ................................................................................ 6

*Bowen v. Oistead*,
    125 F.3d 800 (9th Cir. 1997) ................................................................................ 6

*Brandon v. Holt*,
    469 U.S. 464 (1985) .............................................................................................. 6

*BV Eng'g v. Univ. of Cal., Los Angeles*,
    858 F.2d 1394 (9th Cir. 1988) .............................................................................. 4

*Chaney v. State Bar of Cal.*,
    386 F.2d 962 (9th Cir. 1967) ................................................................................ 9

*Foley v. Alabama State Bar*,
    648 F.2d 355 (5th Cir. 1981) ................................................................................ 3

*Giannini v. Comm. of Bar Examiners*,
    847 F.2d 1434 (9th Cir. 1988) .............................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

*Gomez v. Toledo*,
  446 U.S. 635 (1980) ................................................................................. 8

*Hirsh v. Justices of Supreme Ct. of State of Cal.*,
  67 F.3d 708 (9th Cir. 1995) (per curiam) .............................................. 2, 4

*Juan Hernandez v. City of San Jose*,
  897 F.3d 1125 (9th Cir. 2018) ................................................................. 9

*Lancaster Comm. Hosp. v. Antelope Valley Hosp.*,
  940 F.2d 397 (9th Cir. 1991) ................................................................... 6

*Larson v. Domestic & Foreign Commerce Corp.*,
  337 U.S. 682 (1949) ................................................................................. 6

*L.W. v. Grubbs*,
  974 F.2d 119 (9th Cir. 1992) ................................................................... 9

*Karcher v. May*,
  484 U.S. 72 (1987) ................................................................................... 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ................................................................................. 2

*Margulis v. State Bar of Cal.*,
  845 F.2d 215 (9th Cir. 1988) ................................................................... 9

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) ................................................................... 8

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) ................................................................... 2

*Mktg. Info. Masters, Inc. v. Bd. of Trs. of the Cal. State Univ. Sys.*,
  552 F.Supp.2d 1088 (S.D. Cal. 2008) ..................................................... 6

*Moore v. Apple, Inc.*,
  73 F.Supp.3d 1191 (N.D. Cal. 2014) ....................................................... 5

*North Carolina State Bd. of Dental Exam'rs v. FTC*,
  574 U.S. 494 (2015) ................................................................................. 3

## TABLE OF AUTHORITIES

**Page(s)**

*Otworth v. The Florida Bar*,
 71 F.Supp.2d 1209 (M.D. Fla. 1999) ................................................................. 3

*Pedrina v. Chun*,
 97 F.3d 1296 (9th Cir. 1996) ............................................................................. 6

*Pennhurst State Sch. & Hosp. v. Halderman*,
 465 U.S. 89 ........................................................................................................ 2

*Productions & Leasing v. Hotel Conquistador*,
 573 F. Supp. 717 (D. Nev. 1982) ...................................................................... 4

*Putman v. State Bar of Cal.*,
 2010 WL 3070435 (C.D. Cal. 2010) ................................................................. 4

*Ramirez v. Ghilotti Bros. Inc.*,
 941 F.Supp.2d 1197 (N.D. Cal. 2013) ............................................................... 5

*Rodriguez v. Newsom*,
 974 F.3d 998 (9th Cir. 2020) ............................................................................. 8

*Scott v. Breeland*,
 792 F.2d 925 (9th Cir. 1986) ............................................................................. 2

*Sedima, S.P.R.L. v. Imrex Co.*,
 473 U.S. 479 (1985) .......................................................................................... 6

*Smith v. Arkansas State Highway Employees*,
 441 U.S. 463 (1979) .......................................................................................... 8

*Sun Savings & Loan Ass'n v. Dierdorff*,
 825 F.2d 187 (9th Cir. 1987) ............................................................................. 6

*U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*,
 389 F.3d 1251 (C.A.D.C. 2004) ........................................................................ 1

*Vinson v. Thomas*,
 288 F.3d 1145 (9th Cir. 2000) ........................................................................... 4

*Will v. Michigan Dept. of State Police*,
 491 U.S. 58 (1989) .................................................................................... 4, 6, 8

# TABLE OF AUTHORITIES

Page(s)

*Willis v. Mullins*,
   517 F.Supp.2d 1206 (E.D. Cal. 2007) ............................................................................6

*Wolfe v. Strankman*,
   392 F.3d 358 (9th Cir. 2004) ..........................................................................................8

**Federal Statutes**

15 U.S.C. section:
   1 ................................................................................................................................. 7-8

18 U.S.C. section:
   1961(1) ..........................................................................................................................6
   1962 ..............................................................................................................................5
   1962(c) .........................................................................................................................5
   1964(c) .........................................................................................................................5

42 U.S.C. section:
   1983 ...................................................................................................................... 4, 8, 9

**Federal Rules**

Federal Rules of Civil Procedure, rule:
   8 ................................................................................................................................ 1, 2
   8(a)(2) ...........................................................................................................................1
   9 ................................................................................................................................ 1, 5

## I.   INTRODUCTION

In describing Plaintiff's earlier filings in the related matter (*Beck v. Catanzarite Law Corporation, et al*; Action No. 3:22-CV-01616-BAS-DDL ("RICO I")), the Court found Plaintiff's allegations to be "disjointed and replete with lengthy excerpts from various state and federal statutes, repetitive conclusory allegations of wrongdoing (including against nonparties to this action) that employ a mishmash of unintelligible legal jargon, and protracted digressions that appear to have little bearing on any legal claims Beck may be asserting." RICO I Dkt. 35 at 9.  Judge Bashant's comments are equally apt in addressing the First Amended Complaint ("FAC") in this action.  Regardless of how verbose Plaintiff's allegations may be, his allegations are legally deficient and fail to support any claims against the State Bar Defendants, especially given the applicable immunities.

## II.   PLAINTIFF'S FAC FAILS TO SATISFY HIS PLEADING OBLIGATIONS[1]

Despite the Supreme Court's articulating the pleading requirements for claims in federal court in *Twombly*, Plaintiff exempts himself from those obligations by arguing he is only asserting a fraud claim.  Such an argument misunderstands *Twombly* and Rule 8, both of which require a short and plain statement which supports a plaintiff's entitlement to relief and providing defendants fair notice of what the claim is.  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In attempting to sidestep Rule 8 and *Twombly's* requirements, Plaintiff instead focuses on Rule 9, which requires fraud claims to be pled with specificity.  But Rule 9 does not supersede Rule 8.  Rather, the two must be applied conjointly; even RICO and antitrust allegations involving fraud must be clear and concise.  *U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251 (C.A.D.C. 2004).

///

---

[1] Plaintiff's opposition (Dkt. 21) is a meandering diatribe that does not appear responsive to the arguments advanced by the State Bar Defendants in their Motion to Dismiss.  In hopes of promoting judicial efficiency and refocusing the discussion on the pertinent legal issues, this Reply will track the format and arguments advanced in the Motion to Dismiss, rather than respond to Plaintiff's untethered accusations and contentions.

In what appears to be a concession of the deficiencies in his FAC, Plaintiff asserts that the State Bar Defendants must refer and incorporate to his other filings, including his RICO Supplement. Opp. at 7; Dkt. 21[2]. However, the Court struck both Plaintiff's "Correction" to the FAC as well as his "Supplement #2." Dkt 32. Even if they were permitted, the extraneous allegations still do not salvage Plaintiff's deficient claims. Plaintiff's filings consist of hundreds of pages of disjointed legal jargon, unconnected references to nonparties, and verbose statements intermingled with Plaintiff's opinions on how public entities should operate. Where the factual elements of a cause of action are present (which is not the case here), but scattered throughout the complaint and not organized into a short, plain statement of the claim, dismissal for failure to satisfy Rule 8 is proper. *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996). Plaintiff's purported treasure hunt – requiring the Court and the State Bar Defendants to sift through volumes of rhetoric in an attempt to ascertain the actions Plaintiff contends are improper and the basis for his lawsuit – should not be countenanced. Rather, this Motion to Dismiss should be granted.

## III.   THIS COURT LACKS SUBJECT MATTER JURISDICTION

It is axiomatic that neither the state nor any of its agencies may be sued in federal court without their consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, superseded by statute on other grounds; *Hirsh v. Justices of Supreme Ct. of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court." (citations omitted). Plaintiff fails to offer any legal authority to contravene this well-established principle. Indeed, "Federal courts are courts of limited jurisdiction" and the court will presume a lack of subject matter jurisdiction until the plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-378 (1994); *see Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

///

---

[2] All future references to the Docket are to this instant case unless otherwise noted.

Plaintiff's opposition is extremely difficult to follow. His arguments jump from issue to issue, quoting portions of sentences without any discussion of how those concepts apply. For example, Plaintiff's sole argument against Eleventh Amendment immunity is based on Plaintiff's misconception that the State Bar is not the "sovereign." Plaintiff's erroneous position is premised upon his interpretation of a single sentence extracted from a 2015 Federal Trade Commission guidance document, which addressee whether actions of a state legislature are exempt from the application of the federal antitrust laws. Opp. at 3:14-16; Plaintiff's RJN, Ex. 1. Not only is the FTC literature not binding precedent, but it is factually inapposite.

Applying the analysis required by *North Carolina State Bd. of Dental Exam'rs v. FTC*, 574 U.S. 494 (2015) confirms that the Eleventh Amendment immunity shields the State Bar against Plaintiff's antitrust claims.[3] Plaintiff's antitrust allegations are based entirely on the State Bar's disciplinary authority over California attorneys. The State Bar's disciplinary decisions and actions are controlled by the Legislature and ordered and/or overseen by the California Supreme Court. Indeed, federal courts have routinely rejected attempts to bring a Sherman Act cause of action against the disciplinary rules of a state bar or a state Supreme Court. See *Bates v. State Bar of Arizona*, 433 U.S. 350, 361 (1977) ("Although the State Bar plays a part in the enforcement of the rules, its role is completely defined by the court; the appellee acts as the agent of the court under its continuous supervision."); *Foley v. Alabama State Bar*, 648 F.2d 355, 359 (5th Cir. 1981) ("The disciplinary rules of the Alabama State Bar are effectively the rules of the Supreme Court of Alabama. Moreover, the Bar is a component of the Alabama judiciary, subject to the supervision of the Alabama Supreme Court, and thus it acts as an agent of the state when it regulates attorneys. The Bar's activities, therefore, are within the *Parker v. Brown* exemption." (internal citations omitted)); *Otworth v. The Florida Bar*, 71 F.Supp.2d 1209, 1220 (M.D. Fla. 1999) ("As the mandate requiring membership in

---

[3] "A nonsovereign actor controlled by active market participants," such as the State Bar, "enjoys *Parker* immunity only if it satisfies two requirements: first that the challenged restraint be one clearly articulated and affirmatively expressed as state policy, and second that the policy be actively supervised by the state." *North Carolina State Bd. of Dental Exam'rs*, 574 U.S. at 503-04 (2015) (citations omitted).

the Florida Bar cannot be divorced from the Florida Supreme Court's sovereign powers, the actions taken by the Florida Bar are exempt from antitrust liability.").

Next, Plaintiff avers that the State Bar Defendants waived their Eleventh Amendment immunity by accepting federal funds. Opp. at 14:6-8. Again, Plaintiff misunderstands the law; a state waives Eleventh Amendment immunity *only* where the funding statute expressly conditions acceptance of the funds on an express waiver of Eleventh Amendment immunity. *Vinson v. Thomas*, 288 F.3d 1145, 1151 (9th Cir. 2000). Nowhere in the FAC or Plaintiff's opposition does he identify any facts or legal support to suggest such a proposition is applicable here.

Simply put, the State Bar has not consented to be sued in federal court, nor did Congress intend for either the RICO Act or section 1983 to abrogate Eleventh Amendment immunity. *Productions & Leasing v. Hotel Conquistador*, 573 F. Supp. 717, 720 (D. Nev. 1982), aff'd, 709 F.2d 21 (9th Cir. 1983) ("Without a clear showing that Congress intended abrogation of the Eleventh Amendment governmental immunity, this Court will not infer that the RICO Act deprives the State[] of its protection."); *Will*, 491 U.S. at 68 ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]"). Furthermore, Plaintiff's assertion that the California Government Claims Act trumps the Eleventh Amendment has been squarely rejected. *See BV Eng'g v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Article III, section 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Clearly, the Eleventh Amendment bars Plaintiff's claims against the State Bar Defendants.

The Individual State Bar Defendants are similarly entitled to Eleventh Amendment immunity. *Hirsh*, 67 F.3d at 715 (the State Bar's Eleventh Amendment immunity "extends to the individual defendants acting in their official capacities."); *Putman v. State Bar of Cal.*, 2010 WL 3070435 at *6 (C.D. Cal. 2010) ("State officers acting in their official capacities receive the same immunity from suit as the government agency that employs them.").
///

Pursuant thereto, all of the State Bar Defendants are entitled to immunity under the Eleventh Amendment, confirming this Motion should be granted.

## IV. QUASI-JUDICIAL IMMUNITY FURTHER PRECLUDES PLAINTIFF'S CLAIMS

The claims against Defendants Cardona, Morgenstern, and Grandt are further precluded by the absolute and quasi-judicial immunities. Specifically, the entirety of Plaintiff's claims against these Defendants are based on actions taken in their official capacities as Chief Trial Counsel (Cardona), State Bar prosecutor (Morgenstern), and Assistant General Counsel in the Office of General Counsel (Grandt). Notably, Plaintiff appears to concede application of this immunity as confirmed by the lack of any argument in response. Failure to address in opposition arguments raised in a motion to dismiss is generally considered a concession of the issues raised. *Ramirez v. Ghilotti Bros. Inc.*, 941 F.Supp.2d 1197, 1210 n.7 (N.D. Cal. 2013) (collecting cases and finding a party's failure to address an argument concedes the issue raised); accord *Moore v. Apple, Inc.*, 73 F.Supp.3d 1191, 1205 (N.D. Cal. 2014) ("where a plaintiff 'simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.' [Citations.]").

## V. THE FAC IS FRIVOLOUS AND FAILS TO STATE ANY CLAIM AGAINST THE STATE BAR DEFENDANTS

Evan assuming Plaintiff could overcome the defenses and immunities noted above, the allegations in the FAC are grossly deficient.

### A. Plaintiff Fails to State any RICO Claims

Rather than identify the specific facts supporting a RICO violation, Plaintiff vaguely gestures to conclusory statements and untethered legal authorities in an attempt to prop up his opinion that a RICO violation occurred. But simply referring to something as an enterprise or a predicate act does not satisfy Rule 9's pleading requirements. While RICO does provide a limited private right of action for persons "injured in his business or property by reason of a violation of section 1962" (18 U.S.C. § 1964(c)), liability under section 1962(c) requires proof of, among other things: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of

- 5 -
Reply ISO State Bar Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [3:23-cv-00164-AGS-DDL]

racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Plaintiff's allegations fail to meet these elements.

A civil RICO claim does not lie unless a plaintiff alleges facts that, if taken as true, amount to "racketeering activity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). "Civil rights violations and injury to reputation do not fall within the statutory definition of 'racketeering activity.'" *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997); accord *Willis v. Mullins*, 517 F.Supp.2d 1206, 1230 (E.D. Cal. 2007)**.** Moreover, to state a claim under RICO, Plaintiff must demonstrate that Defendants engaged in at least two acts of "racketeering activity," as that term is defined in 18 U.S.C. § 1961(1). The acts must not only be related; they may not be isolated or sporadic. *Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 192 (9th Cir. 1987). Plaintiff's FAC and opposition fail to address these requirements.

Further, the Ninth Circuit unequivocally holds that "'governmental entities are incapable of forming [the] malicious intent necessary to support a RICO action.'" *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996), quoting *Lancaster Comm. Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir. 1991). What is more, the Supreme Court has repeatedly held that suits against a public official in his official capacity equate to suits against the government body itself and therefore will not lie. *See*, e.g., *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); *Karcher v. May*, 484 U.S. 72, 78 (1987) ("the real party in interest in an official capacity suit is the entity represented and not the individual office holder"); *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985) (a complaint naming a government official in his or her official capacity seeks recovery against the government body itself). "The deciding factor for ascertaining whether a suit is an official capacity suit or an individual capacity suit is not how the suit is labeled by the plaintiff, but rather the nature of the suit." *Mktg. Info. Masters, Inc. v. Bd. of Trs. of the Cal. State Univ. Sys.*, 552 F.Supp.2d 1088, 1095 (S.D. Cal. 2008), citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949).

///

Rather than address these deficiencies, Plaintiff's opposition fixates on referring to the State Bar Defendants and numerous unrelated nonparties as "enterprises." Plaintiff makes no effort to tie the allegedly improper conduct to Defendants or identify a common purpose to engage in fraudulent conduct and how the enterprise worked as a unit to achieve that purpose. The FAC also fails to identify any specific criminal activity by the State Bar Defendants, instead relying on unrelated criminal convictions or charges against nonparties, such as Thomas Girardi (a former private individual that was licensed by the State Bar to practice law before being disbarred). Opp. at 8:6-9.

In essence, Plaintiff's RICO "allegations" are simply that Girardi and other third parties engaged in or were convicted of wire fraud, a RICO predicate act. Ergo, the State Bar is a criminal enterprise engaged in racketeering activity. While Plaintiff's leap of logic and conspiracy theories may be clear in his mind, they fall woefully short of his pleading requirements and fail to support any claim.

**B.      Plaintiff Fails to Allege Any Facts to Support an Antitrust Claim**

In addressing the requirements for pleading an antitrust claim, the Supreme Court in *Twombly* confirmed that an antitrust complaint must include "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To withstand a motion to dismiss, a complaint "'must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" *Armstrong v. Sexson*, 2007 WL 2288297, *2 (E.D. Cal. August 8, 2007), quoting *Twombly*, 550 U.S. at 555. Rather, a complaint must "plausibly" show a valid claim. *Id*. at 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (2008). The plausibility standard is not satisfied when the allegations "do not permit the court to infer more than the mere possibility of misconduct." *Id*., at 1950.

Even assuming the State Bar Defendants are not protected by Eleventh Amendment immunity—which they are—Plaintiff fails to allege any nonconclusory facts to support his antitrust claim. Antitrust statutes aim to protect against unreasonable restraints in trade.  15

U.S.C. § 1.  Plaintiff once again recycles his allegations from his RICO claim as the basis of his antitrust claim.  Not only are RICO violations completely separate from antitrust violations, but nothing in Plaintiff's allegations addresses an actual antitrust violation.  Rather, Plaintiff's allegations revolve around the State Bar's alleged refusal to prosecute the Catanzarite law firm and/or attorneys.  Simply put, this refusal to investigate or prosecute does not restrain trade.  Moreover, an antitrust claim must plead an antitrust injury, defined as an "injury to competition, beyond the impact on the claimant, within a field of commerce in which the claimant is engaged" which Plaintiff cannot do.  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 811 (9th Cir. 1988).  The only injury Plaintiff identifies is the injury he allegedly suffered when the State Bar refused to prosecute the Catanzarite Defendants, which is insufficient to support a claim..

  **C.** **Plaintiff's Section 1983 are Fatally Flawed**

  Section 1983 liability can only attach to a "person" and states do not constitute a "person" and therefore cannot be sued under Section 1983.  *See* 42 U.S.C. § 1983; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Wolfe v. Strankman*, 392 F.3d 358, 367 (9th Cir. 2004).  Likewise, arms of the state, such as the State Bar, are not "persons" subject to suit under Section 1983.  *Will*, 491 U.S. at 70-71.

  Moreover, and notably absent from the FAC or Plaintiff's opposition are any facts to suggest that the State Bar Defendants undertook any action under color of law that violated Plaintiff's rights.  Section 1983 is not a source of substantive rights, but rather a remedy for the violation of federal rights.  *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (citation omitted).  Thus, a section 1983 cause of action cannot stand alone, but must instead be based on the deprivation of a right, privilege, or immunity.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

  In an attempt to create a valid claim, Plaintiff avers that the State Bar and Defendants Duran and Grandt deprived him of his First Amendment right to petition.  FAC, ¶¶ 301-308.  While a party can petition, there is no requirement that government officials or politicians respond.  *Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020); *Smith v. Arkansas State Highway Employees*, 441 U.S. 463, 465 (1979).  Significantly, Plaintiff does not allege he was

precluded from exercising his right to petition. FAC, ¶ 303. Rather, the FAC alleges that defendants' unspecified actions against him "would chill a person of ordinary firmness" from continuing in the protected activity. FAC, ¶ 305. In other words, Plaintiff's right to petition was violated when the State Bar, through its employees acting in their official capacities, chose to defend itself. Such allegations fall woefully short of pleading a section 1983 claim.

Plaintiff next avers the State Bar Defendants violated his Fourteenth Amendment rights by allegedly ratifying the Catanzarite Defendants' fraudulent schemes. FAC, ¶ 273. Put another way, Plaintiff claims to have been put in danger when the State Bar Defendants refused to prosecute the Catanzarite Defendants. Yet Plaintiff does not have a due process right to have the State Bar prosecute lawyers at his whim. The Ninth Circuit has repeatedly held that conduct by the State Bar and its agents relating to attorney discipline cannot constitute a deprivation of any federally protected rights. *See e.g.,* *Chaney v. State Bar of Cal.*, 386 F.2d 962, 966 (9th Cir. 1967); *Margulis v. State Bar of Cal.*, 845 F.2d 215, 216-217 (9th Cir. 1988); *Giannini v. Comm. of Bar Examiners*, 847 F.2d 1434, 1435 (9th Cir. 1988).

Furthermore, "[a]s a general rule, members of the public have no constitutional right to sue [public] employees who fail to protect them against harm inflicted by third parties." *Juan Hernandez v. City of San Jose*, 897 F.3d 1125, 1133 (9th Cir. 2018) (quoting *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992)). There is an exception to this rule, however, called the state-created danger doctrine. Under this exception, a government employee must have affirmatively placed the plaintiff in a position of danger, that is, the employee's actions must have created or exposed an individual to a danger that he or she would not have otherwise faced. *Id*. To prove that the exception applies, "[t]he affirmative act must create an actual, particularized danger," "the ultimate injury to the plaintiffs must be foreseeable," and "the employees must have . . . acted with 'deliberate indifference' to a 'known or obvious danger.'" *Id*. (citations omitted). The FAC does not plead any facts that meet these requirements.

///
///
///

- 9 -

## VI. CONCLUSION

For the foregoing reasons, the State Bar Defendants respectfully request this Motion to Dismiss be granted, with prejudice, and without leave to amend.

Dated: May 1, 2023

Respectfully submitted,
**ORBACH HUFF & HENDERSON LLP**

By: */s/ Kevin E. Gilbert*
Kevin E. Gilbert
JiEun Choi
Attorneys for Defendants
THE STATE BAR OF CALIFORNIA,
RUBEN DURAN, SUZANNE CECILIA GRANDT,
ELI DAVID MORGENSTERN, LEAH WILSON,
ELLIN DAVTYAN, ROBERT RETANA and
GEORGE CARDONA

**PROOF OF SERVICE**                                           FRCP RULE 5(b)

I, Jennifer Garcia, am employed in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action. My business address is Orbach Huff & Henderson LLP, 6200 Stoneridge Mall Road, Suite 225, Pleasanton, California 94588.

On May 1, 2023, I served the foregoing:

- **REPLY IN SUPPORT OF STATE BAR DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows and I caused delivery to be made by the mode of service indicated below:

| Justin S. Beck<br>3501 Roselle Street<br>Oceanside, CA  92056 | Plaintiff Pro Se<br>Telephone:   (760) 449-2509<br>Email:        justintimesd@gmail.com |
|---|---|

[ X ]  (*By E-Mail or Electronic Transmission*) I caused a copy of the document(s) to be sent from e-mail address jgarcia@ohhlegal.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ X ]  (*Regular U.S. Mail*) on the parties in this action in accordance with Code of Civil Procedure section 1013, by placing a true and correct copy thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepaid, in the U.S. Mail at Pleasanton, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Pleasanton, California, in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 1, 2023, at Pleasanton, California.


_____
Jennifer Garcia