Kenneth J. Catanzarite (SBN 113750)
kcatanzarite@catanzarite.com
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544
Fax: (714) 520-0680

Attorneys for Defendant Kenneth J. Catanzarite

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants,<br><br>UNITED STATES ATTORNEY GENERAL; UNITED STATES OF AMERICA,<br><br>    Nominal Defendants. | Case No. 3:23-cv-0164-AGS-DDL<br><br>**REPLY IN SUPPORT OF DEFENDANT KENNETH J. CATANZARITE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Supplemental Request for Judicial Notice filed concurrently herewith]<br><br>Date: May 9, 2023<br>Time: 3:00 p.m.<br>Courtroom: 5C, 5th Floor<br><br>Judge : Hon. Andrew G. Schopler |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

RICO complaints are to be <u>strictly</u> scrutinized because "[t]he mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants. In fairness to innocent parties, courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990). This is one of those cases.

Plaintiff relies on factual and legal conclusions masquerading as facts, dubious theories and legal jargon like "extortion" and "predicate acts" none of which are a substitute for what is necessary to state a claim: facts. Plaintiff has none. His RICO allegations are frivolous. Accordingly, for the reasons set forth herein and in Defendant Kenneth J. Catanzarite's ("Catanzarite") moving papers, the FAC must be dismissed without leave to amend.

## II. ARGUMENT & AUTHORITY

### A. The FAC Fails to Comply With Rule 8.

Plaintiff contends he does not have to comply with FRCP 8 because he alleges fraud. Just because Plaintiff asserts RICO claims subject to FRCP 9 does not mean he does not have to comply with Rule 8. Rules 8 and 9 must be read in harmony. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

Moreover, "[a] complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for an absence of detail." *Ibid.* In other words, Rule 9 does not excuse Plaintiff's ramblings, diatribes, rank speculation, and conclusory allegations and legal conclusions all masquerading as facts.

Plaintiff maintains the Court and Defendants must read his 335-paragraph, 60-page FAC together with his **98-page** RICO Case Statement which Plaintiff refers to as a "Supplement". (Filed as part of Dkt. 9.) As Catanzarite points out in the moving papers, the Court did not order Plaintiff to file the Supplement, no

1.
**Reply ISO Motion to Dismiss First Amended Complaint**

local rule permitted Plaintiff to file the Supplement, nor did Plaintiff seek leave to file the Supplement. Yet even if the Court considers the Supplement it too consists of ramblings, diatribes, dubious theories, rank speculation, and conclusory allegations and legal conclusions masquerading as facts thus confirming Plaintiff has not, and importantly cannot, state a claim. A RICO Case Statement is to clarify RICO claims not make the claims more confusing and harder to understand.

**B.     The FAC Must Be Dismissed Because Plaintiff Fails to Plead Facts Sufficient to State A Claim Against Catanzarite.**

   **1.     Plaintiff Fails to Refute the FAC Does Not Sufficiently Allege the Enterprise Element.**

Plaintiff argues he's sufficiently alleged the enterprise element at Paragraph 226 but Paragraph 226 does not allege any facts – just conclusions. Plaintiff also ignores the fact the FAC alleges inconsistently that MFS is defunct. (FAC ¶81.)

Plaintiff next argues he satisfies the enterprise element by alleging an association-in-fact; however, Count III does not allege the enterprise is an association-in-fact thereby creating ambiguity and lack of certainty as to what precisely is the enterprise for Count III and has that enterprise been properly alleged.

   **2.     Plaintiff Fails to Allege Catanzarite Assumes and Maintains Control of An Enterprise Based Upon a Pattern of Racketeering Activity.**

      **a.     Plaintiff Does Not Allege Extortion.**

Plaintiff chides Catanzarite for relying on federal law on extortion yet the FAC does not identify state extortion law as the basis for Count III. Plaintiff contends he sufficiently alleges extortion under California law. Plaintiff is mistaken.

//

Plaintiff claims Catanzarite assumed and maintains control of MFS, an enterprise, by extorting O'Connor and Cooper beginning on September 14, 2018 with threat of securities fraud claims and thereafter with threats of "working with law enforcement" (FAC ¶¶93, 228; Supplement at 78:24-79:1, 90:24-91:3); and that these supposed threats constitute extortion under California Penal Code section 519 subsections 2-4 which consists of inducing fear by a threat to accuse one of a crime; a threat to expose, or to impute to the person a deformity, disgrace, or crime; or a threat to expose a secret unknown to the general public or a particular part thereof affecting the person.

However, according to the FAC Catanzarite **filed** the Pinkerton Action on behalf of Roger Root against Cooper, O'Connor and others for securities fraud and other malfeasance on September 14, 2018. (FAC ¶84 at 18:5-17.)  Since a lawsuit was actually filed asserting securities fraud claims against Cooper and O'Connor on September 14, 2018 and was thus a matter of public record, there necessarily was not a *threat* to accuse them of a crime, nor a *threat* to expose or impute to them a deformity, disgrace or crime, nor a *threat* to expose a secret. Plaintiff does not allege Catanzarite extorted Cooper and O'Connor prior to September 14, 2018.

Plaintiff's allegation Catanzarite threatened Cooper and O'Connor with "working with law enforcement" originates from a January 25, 2019 letter wherein Catanzarite states as follows: "This is also notice that law enforcement is looking at both MFS and CTI. We are fully cooperating with them and expect that your clients will do the same." (FAC ¶96.)  Catanzarite stating the fact of a law enforcement investigation is not extortion.  Catanzarite cooperating with law enforcement in its investigation and stating that fact is not extortion.  Catanzarite expressing his hope that opposing parties will also cooperate with law enforcement is not extortion.

Plaintiff cites to California Penal Code section 523 which is extortion by threatening letter.  Plaintiff, however, alleges no facts Catanzarite extorted Cooper

3.
**Reply ISO Motion to Dismiss First Amended Complaint**

or O'Connor by threatening letter.

Once again Plaintiff fails to identify any facts or legal authority supporting his allegations Catanzarite acted "under color of official right" or "under color of state law" particularly in light of his inconsistent allegation that Catanzarite is a purely private actor - an attorney engaged in private practice (FAC ¶40).

Plaintiff relies on *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353 (9th Cir. 2005), to argue he can state a RICO claim based on litigation activity. *Living Designs* is inapposite. In that case the plaintiffs sued for violations of Hawaii state law and RICO alleging they were fraudulently induced to settle their claims against Dupont after Dupont, its attorneys and expert witnesses suppressed evidence solely in their possession that the fungicide plaintiffs used on their plants was contaminated and claimed the evidence did not exist. The plaintiffs alleged that, had they known Dupont had falsified and withheld evidence that the fungicide was contaminated, they would have settled for more. The Ninth Circuit held that "conduct relating to prior litigation **may** constitute racketeering" pointing to 18 U.S.C. defining racketeering activity to include tampering with a witness, victim or informant. *Id.* at 364-365 (emphasis added). But *Living Designs* did not purport to include all litigation conduct as subject to the RICO statute, but rather refused to universally exclude all litigation conduct as being subject to immunity. By turning to the congressional inclusion of witness, victim or informant tampering as predicate racketeering acts, it found the litigation conduct at issue in *Living Designs* – the withholding and falsifying of evidence within the sole control and knowledge of the party and its attorneys to induce another party unaware of the alleged misconduct to accept a reduced settlement offer – was analogous to that of witness, victim or informant tampering. A more expansive application of litigation conduct subject to racketeering activity was not embraced by *Living Designs*.

//

In sharp contrast to *Living Designs*, the alleged litigation misconduct at issue in this case was known to Plaintiff in real-time, and was subject to discovery, law and motion and/or evidentiary hearing in the ordinary course of litigation. Catanzarite and his clients staked out a position in the court's adversarial system where an opposition party like Plaintiff would be able to present his case, including refuting any allegation or position he believed was false or otherwise unsupported. In short, the alleged misconduct of Catanzarite is not the same as nor analogous to *Living Designs*.

Based upon the foregoing as well as the moving papers, Catanzarite's alleged activities do not constitute predicate acts of racketeering activity vis-a-vis extortion. And since Plaintiff fails to allege any act of racketeering activity by Catanzarite, Plaintiff necessarily fails to allege a pattern of racketeering activity necessary to state a claim under Section 1962(b).

### b. Plaintiff's Sole Ground for Catanzarite's Alleged Assumption and Maintenance of Control of MFS is Extortion.

The FAC alleges Catanzarite assumed and maintains control of MFS by extorting O'Connor and Cooper with threat of securities fraud claims in the Root Action and "working with law enforcement". (FAC ¶¶93, 228.) Count III does not allege Catanzarite assumes and maintains control over the MFS enterprise through alleged bribery, mail/wire fraud or some other indictable offense under 18 U.S.C. §1961. (FAC ¶228.) Accordingly, Plaintiff's reference to and arguments concerning wire/mail fraud, bank fraud, obstruction, bribery, etc. are irrelevant to whether the FAC sufficiently alleges a pattern of racketeering activity for purposes of stating a claim under Section 1962(b).

Nor does Plaintiff properly plead such conduct in any event. Instead, Plaintiff relies on stream of conscious rambling; repetitive use of legal jargon like "bribery", "fraud" and "corruption" not supported by facts; conclusions he tries to

5.
**Reply ISO Motion to Dismiss First Amended Complaint**

pass off as facts; making illogical and dubious connections to events/third parties; and legal conclusions not supported by facts.

### 3. **Plaintiff Fails to Refute He Lacks Standing to Sue Under 1962(b).**

Plaintiff fails to advance a cogent argument in response to Catanzarite's standing argument. Plaintiff completely misses the point of the standing requirement under Section 1962(b) which is that his injury from Catanzarite's alleged acquisition or maintenance of control of the MFS enterprise must be separate from the alleged loss flowing from the alleged racketeering constituting a basis for relief under Section 1962(c). *In re Toyota Motor Corp.*, 785 F.Supp.2d 883, 921 (C.D. Cal. 2011).

In his moving papers Catanzarite established through a comparison of Plaintiff's own filings in this action and the First Federal Action that the injuries Plaintiff alleges resulting from Catanzarite's alleged violation of Section 1962(b) are identical to Plaintiff alleged injuries resulting from Catanzarite's alleged violation of Section 1962(c). (Cf. FAC ¶¶236-240, 242, 244 and Supplement at 92:24-94:8 with RJN, Ex. "2", ¶143 and RJN Ex. "3" at 136:3-137:19 [albeit the order of alleged injuries is slightly different].) Since this evidence is a direct comparison of Plaintiff's own filings it necessarily is not Catanzarite's "unfounded legal conclusions" or "opinions without regard of Plaintiff's pleading". (Opposition at 15:16-18.)

Not only do Plaintiff's pleadings and RICO Case Statements in this and the First Federal Action establish Plaintiff lacks standing to sue under Section 1962(b), but Plaintiff actually doubles down by arguing the same injuries for this action under Section 1962(b) as for the First Federal Action under Section 1962(c) are identical. (Cf. Opposition, pp. 15-17 and Supplement at 92:4-94:8 with RJN, Ex. "3", pp. 136:3-137:19.)

//
//

**C.  Plaintiff Fails to Refute this Action is Duplicative of Orange County Action and Concedes to Forum Shopping.**

Plaintiff's attempt to recast his Orange County Action as merely a personal injury action is both patently false and in bad faith. Plaintiff's Orange County Action seeks injury to business or property in the Orange Count Action. (See e.g., RJN, Ex. "1", ¶¶107, 108, 132, 134 & Prayer ¶a [loss of value of Plaintiff's CTI shares, loss of income, loss of economic opportunities, etc.].) Plaintiff even seeks damages for Catanzarite's alleged destruction of Plaintiff's other company, Contakt World Technologies in the Orange County Action. (Suppl. RJN Ex. "4" at 6:2-3.) *Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005), is off-point.

Stripped of their hyperbole and legal labels, Plaintiff's allegations against Catanzarite are nothing more than a rehashing of his claims in the Orang County Action and his RICO claim in the First Federal Action, and satisfy the transaction test for duplicative actions. It matters not that Plaintiff is proceeding on a different legal theory in this case. *Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007) (two cases involved same cause of action despite second case alleging new legal theories) overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008).

Plaintiff's remaining arguments are irrelevant because they do not change the fact this action is duplicative of the Orange County Action.

**D.  Leave to Amend Must Be Denied As Futile.**

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend unless the amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). As detailed above and in the moving papers, even under a liberal reading of the FAC and the RICO Case Statement, it is clear Plaintiff cannot state a RICO claim under Section 1962(b) against Catanzarite and therefore any amendment would be futile. Accordingly, leave to amend should be denied.

**E.  Plaintiff's Request to Convert the Motion into a Motion for Summary Judgment Must Be Denied.**

Plaintiff identifies no basis for converting this Motion into a motion for summary judgment under FRCP 56. The allegations and claims asserted by Plaintiff in the Orange County Action are subject to judicial notice pursuant to FRE 201 and documents subject to judicial notice are properly considered on a Rule 12(b) motion without converting it into a Rule 56 motion. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Accordingly, Plaintiff's request must be denied.

### III.  CONCLUSION

For the reasons set forth above and in Catanzarite's moving papers, the Court must grant Catanzarite's motion without leave to amend and dismiss him from the action.

DATED: May 2, 2023.              CATANZARITE LAW CORPORATION

/s/ *Kenneth J. Catanzarite*
_____
Kenneth J. Catanzarite
Attorneys for Defendant Kenneth J. Catanzarite

PROOF OF SERVICE

STATE OF CALIFORNIA    )
COUNTY OF ORANGE       )  ss:

The undersigned certifies and declares as follows:

I am over the age of 18 and not a party to this action. My business address is 2331 West Lincoln Avenue, Anaheim, California 92801, which is in the county where the mailing described below took place.

On May 2, 2023 I served the within **REPLY IN SUPPORT OF DEFENDANT KENNETH J. CATANZARITE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** by:

[ ]   (Facsimile Transmission) I caused the above mentioned document to be served by facsimile transmission to the parties at the fax numbers listed on the attached service list.

[X]   (CM/ECF electronic notification ) I am readily familiar with the ECF filng system and caused a true and correct copy thereof to be served electronically via CM/ECF electronic notification to:

- JiEun Choi
  jechoi@ohhlegal.com, jgarcia@ohhlegal.com, elabella@ohhlegal.com

- Ellin Davtyan
  ellin.davtyan@calbar.ca.gov

- Kevin E Gilbert
  kgilbert@ohhlegal.com, jgarcia@ohhlegal.com
  elabella@ohhlegal.com

- Robert George Retana
  robert.retana@calbar.ca.gov

- Stephanie Amanda Sotomayor
  stephanie.sotomayor@usdoj.gov, efile.dkt.civ@usdoj.gov
  sandra.huston@usdoj.gov

- U S Attorney CV
  Efile.dkt.civ@usdoj.gov

- Tim Jude Vanden Heuvel
  tim.vandenheuvel@doj.ca.gov,
  Rhonda.Mallory@doj.ca.gov, Azucena.Lopez@doj.ca.gov
  Tania.Hopkins@doj.ca.gov, tatianna.huckstep@doj.ca.gov

[X] (E-mail and U.S. Mail) I caused the above mentioned document to be served via PDF e-mail attachment and placed a true and correct copy thereof in a sealed envelope addressed as set forth below and caused such envelope, with first class postage thereon fully prepaid, to be placed in the U.S. Mail at Anaheim, California, and certify that such envelope was placed for collection and mailing following ordinary business practices.

    Justin Beck (Pro Per)
    3501 Roselle St.
    Oceanside, CA 92056
    justintimesd@gmail.com

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed May 2, 2023 at Anaheim, California.

_____
Typed Name: Becky Phillips