RANDY S. GROSSMAN
United States Attorney
STEPHANIE A. SOTOMAYOR
Assistant U.S. Attorney
Illinois Bar No. 6325877
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel/Fax: (619) 546-9590/7754
Email: Stephanie.Sotomayor@usdoj.gov

Attorneys for the Attorney General and
the United States of America

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, THE STATE BAR OF CALIFORNIA, SUZANNE GRANDT, RUBEN DURAN, ELI DAVID MORGENSTERN; KENNETH CATANZARITE,<br><br>　　　　　Defendants,<br><br>UNITED STATES ATTORNEY GENERAL; UNITED STATES OF AMERICA<br><br>　　　　　Nominal Defendants. | Case No. 23-CV-0164-AGS-DDL<br><br>**MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**DATE:** May 12, 2023<br>**TIME:** 4:00 p.m.<br>**CTRM**: 5C, 5th Floor<br>**JUDGE**: Hon. Andrew G. Schopler<br><br>[PER LOCAL RULE, NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT] |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff's First Amended Complaint ("FAC") fails in every respect. There is no applicable waiver of sovereign immunity for any cause of action asserted by Plaintiff. And there is no basis to support Plaintiff's novel contention that the United States and the Attorney General ("Federal Defendants") have an obligation to support Plaintiff's litigation efforts. Doc. No. 31 ("Opp"), at 1:20-21 ("The United States of America and United States Attorney General are parties to this action because the facts of my complaint allege State of California and The State Bar of California are Corrupt."). Without citing any applicable legal authority, Plaintiff believes the Federal Defendants can be joined to this suit due to an unspecified "technical rule" that "requires their presence on the record," and insists that the "facts" of his "complaint and case statement"[1] act as sufficient bases to insert the Federal Defendants because Plaintiff otherwise does "not understand what possibly does or could." *Id*., at 1:24-28. Plaintiff also appears to assert claims on *behalf* of the Federal Defendants. *Id*., at 9:17-26 ("Plaintiff requests… Judgment in favor of UNITED STATES OF AMERICA against The State Bar of California…EXTRAORDINARY RELIEF in favor of UNITED STATES OF AMERICA [and its] citizens identified by [Attorney General]… as being harmed by the antitrust violations…"); *id*., at 1-15:17 ("This Count VII is… directly and on behalf of UNITED STATES OF AMERICA…). However, the Court (Judge Bashant presiding) already admonished Plaintiff in *Beck I*[2] that "Section 1654

---

[1] Plaintiff's "Supplement," also entitled "RICO Case Statement," is a 100-page document (Doc. No. 9-1) that Plaintiff purports "meticulously details The State Bar of California's illegal operations…and how it defrauds the United States itself." Opp., at 3:26-28. This "Supplement" is not a formal part of Plaintiff's FAC.

Notably, Plaintiff also filed a "Correction" (Doc. No. 27) and a "Supplement" to his FAC (Doc. No. 29), both of which were stricken by the Court as improper. Doc. No. 32.

[2] This is Plaintiff's second lawsuit in this Court against the Federal Defendants for nearly identical allegations. *See* Doc. Nos. 1, 7, 37 in *Justin S. Beck v. Catanzarite, et al*., 22-CV-01616-BAS-DDL (S.D. Cal., filed Oct. 19, 2022) ("*Beck I*"). The Federal Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint in *Beck I* on March 31, 2023.

prohibits Beck from litigating claims on behalf of others *pro se*, no matter his claimed basis for doing so." *Beck I*, Doc. No. 35.[3]

Moreover, Plaintiff's FAC is not simple, concise, or direct, and does not adequately inform the Federal Defendants of the claims against them. Indeed, Plaintiff incorrectly asserts that his FAC does not need to comport with Federal Rule of Civil Procedure 8 because "[d]etailed fraud allegations are not subject to dismissal." Opp., at 8:15. Case precedent and legal authority confirm that Plaintiff is wrong on all counts.

In sum, Plaintiff's FAC fails to articulate a valid claim against the Federal Defendants, the Federal Defendants have no obligation to assist Plaintiff in pursuing his claims against other defendants, and Plaintiff has failed to satisfy Rule 8 pleading standards. Accordingly, dismissal of the Federal Defendants with prejudice is warranted.

### A. Plaintiff Again Fails to Identify a Valid Cause of Action Against the Federal Defendants

Plaintiff insists the Court has jurisdiction over his claims under 18 U.S.C. §§ 1964, and 1968 ("RICO"), and 15 U.S.C. § 4. *Id.*, at 8:17-19. However, there is no applicable waiver of sovereign immunity to support RICO claims against the federal government. Doc. No. 16, at 4:27-28—5:1-13. Further, Plaintiff's FAC does not allege any claims, against any party, under 15 U.S.C. § 4.

Moreover, Plaintiff has not offered any argument disputing that the doctrine of sovereign immunity bars his claims against Federal Defendants under 15 U.S.C. § 15, and 42 U.S.C. § 1983. Indeed, his Opposition makes no reference to these claims.

Finally, Plaintiff asserts that he has "pending" claims under the Federal Tort Claims Act ("FTCA") against four federal employees, none of whom are named defendants in this

---

*Id.*, Doc. No. 55. The motion in *Beck I* is fully briefed, and the Court took it under submission on May 3, 2023. *Id.*, Doc. No. 78.

[3] In *Beck I*, the Court dismissed with prejudice the claims Plaintiff attempted to assert on behalf of the Federal Defendants. *Beck I*, Doc. No. 35.

litigation. Opp., at 4:3-7. An FTCA claim has not been alleged against any party in this case. And Plaintiff cannot raise new claims or add new defendants in his Opposition. *Whatley v. Valdovinos*, No. 18-CV-02761-CAB (BGS), 2020 WL 673781, at *6 (S.D. Cal. Feb. 11, 2020) ("Plaintiff may not add any new claims or defendants not previously raised in either his original Complaint or his FAC."); *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1126 (C.D. Cal. 2015) ("As courts routinely recognize, it is improper for a plaintiff to assert an unpled theory of liability in opposition to a defendant's Rule 12(b)(6) motion to dismiss."); *Toscano v. Ramos*, No. 22-CV-00321-CAB-BGS, 2023 WL 174972, at *9 (S.D. Cal. Jan. 12, 2023) ("[A] 'defendant must have fair notice of the claims and the grounds for relief. As such, Plaintiff may not raise new claims or new grounds for relief in [an] opposition[.]'") (*citing Allen v. Beard*, No. 3:16-CV-2713-MMA-KSC, 2019 WL 2501925, at *2 (S.D. Cal. June 17, 2019)).

### 1. No Waiver of Sovereign Immunity Exists for RICO Claims

To the extent Plaintiff asserts RICO claims against the Federal Defendants, he has again failed to indicate an applicable waiver of sovereign immunity for RICO claims.

In support of his contention that this Court has jurisdiction over RICO claims against the Federal Defendants, Plaintiff appears to argue that his purported "pending claims" under the FTCA prevent the Court from dismissing Plaintiff's RICO claims against the Federal Defendants. Opp., at 8:26-27. Plaintiff also argues, without citing any legal authority, that the "U.S. District Court has original subject matter jurisdiction" for antitrust injunctions and racketeering injunctions and investigations, and so this Court should have jurisdiction over Plaintiff's RICO claims against the Federal Defendants. *Id.*, at 8:17-19.

However, while the Federal Defendants question the existence of Plaintiff's allegedly pending "FTCA claims," there is no legal authority establishing that the FTCA waives sovereign immunity of the federal government for RICO claims. Plaintiff asserts that "the question [of] whether a federal statute creates a claim for relief is not jurisdictional," (*id.*, at 8:24-25), but this assertion ignores the key question of whether the Court has jurisdiction over Plaintiff's specific claims *against the Federal Defendants*, who

are exempt from such claims under the doctrine of sovereign immunity. *Sherwood v. United States*, No. C-96-2223-JSB, 1996 WL 732512, at *3 (N.D. Cal. 1996), aff'd, 173 F. 3d 861 (9th Cir. 1999), *citing Berger v. Pierce*, 933 F. 2d 393, 397 (6th Cir. 1991) ("it is clear that there can be no RICO claim against the federal government"). And Plaintiff does not dispute that RICO claims are barred against the United States. Further, sovereign immunity bars RICO claims against federal employees in their official capacities. *Dees v. California State Univ., Hayward*, 33 F. Supp. 2d 1190, 1201 (N.D. Cal. 1998) (Plaintiff's RICO Claim against Department of Labor employees sued in their official capacities barred by the doctrine of sovereign immunity). And because Plaintiff named the Attorney General in his official capacity, Plaintiff's RICO claim against the Attorney General also fails.

Accordingly, Plaintiff's RICO claims against the Federal Defendants must be dismissed.

**2.  Plaintiff Offers No Argument in Support of Claims Against Federal Defendants Under 42 U.S.C. § 1983 or the Clayton Act**

Plaintiff does not dispute that his claim under 42 U.S.C. § 1983 fails against the Federal Defendants because the United States has not waived sovereign immunity for such an action. *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988); *Billings v. U.S.*, 57 F.3d 797, 801 (9th Cir. 1995); *Gabriel v. Gen. Servs. Admin.*, 547 F. App'x 829, 831 (9th Cir. 2013); *West v. Atkins*, 487 U.S. 42, 46, (1988).

Plaintiff also does not dispute that his claim under 15 U.S.C. § 15 (the Clayton Act) fails against the Federal Defendants because the United States has not waived sovereign immunity for antitrust claims. *United States v. Wong*, 575 U.S. 402, 430 (2015); *Cole v. Alaska Island Cmty. Servs., Inc.*, No. 1:18-CV-00011-TMB, 2019 WL 13211822, at *9 (D. Alaska Oct. 11, 2019), aff'd sub nom. *Cole v. Alaska Island Cmty. Servs.*, 834 F. App'x 366 (9th Cir. 2021); *U.S. Postal Serv. v. Flamingo Indus.* (USA) Ltd., 540 U.S. 736, 737 (2004); *Sea-Land Serv., Inc. v. Alaska R.R.*, No. 80-1277, 1980 WL 1881, at *2 (D.D.C. July 11, 1980), aff'd, 659 F.2d 243 (D.C. Cir. 1981); *see also Alabama Power Co. v. Alabama Elec. Co-op., Inc.*, 394 F.2d 672, 677 (5th Cir. 1968).

Plaintiff cannot dispute that his claims under 42 U.S.C. § 1983 and the Clayton Act

fail, because there is no legal authority supporting such claims against the Federal Defendants. For these reasons, Plaintiff's claims against the Federal Defendants under 42 U.S.C. § 1983 and the Clayton Act fail.

### 3. Plaintiff's Purported FTCA Claims Fail

Plaintiff's Opposition indicates that Plaintiff "has pending claims" under the FTCA against federal employees Alexander Murray, Kristin Clarke, Mack Jenkins, and Lindsey Greer Dotson. Opp., at 4:3-8. These individuals are not named defendants in the instant case, nor has an FTCA claim been affirmatively alleged in this case. To the extent Plaintiff now attempts to assert FTCA claims in this case, against federal employees Alexander Murray, Kristin Clarke, Mack Jenkins, Lindsey Greer Dotson, or the Attorney General, he cannot because they are not proper defendants to an FTCA action. *See Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir.1998) ("Because the United States is the only proper party defendant to an FTCA action, the district court correctly dismissed [the] complaint as improperly filed against the [Postmaster General]."); *see also Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir.1995).

Moreover, Plaintiff appears to argue, without any legal basis, that his supposed "claims" under the FTCA somehow establish a waiver of the Federal Defendants' sovereign immunity over *any* and *all* claims. Opp., at 8:26-28. Not so. The FTCA "provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). And under the FTCA, the United States' liability is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (state tort law is "the source of substantive liability under the FTCA"). There is no legal authority providing that the FTCA acts as waiver of the United States' sovereign immunity over any claims under federal law.

In sum, each of Plaintiff's causes of action against the Federal Defendants must be dismissed because none identify an applicable waiver of sovereign immunity to support

each action, and Plaintiff's reference to "FTCA claims" does not save his FAC.

### B. Federal Defendants Are Not Obligated to Assist Plaintiff in Prosecuting This Action

In his Opposition, Plaintiff confirms the Federal Defendants are only named as parties in this case because Plaintiff hopes they can assist him in obtaining the relief he seeks. Opp., at 2:10-11 ("If State refuses, USA has a duty to all persons harmed by State Bar through reverse incorporation…"); *id*., at 6:3-4 ("For now, the United States needs to be in this proceeding nominally because State of California is unlawfully protecting The State Bar of California…"); *id*., at 2:5-8 ("Defendant United States Attorney General [] has a duty to the United States of America, and to all citizens…. Defendant United States of America…has a duty to all citizens of USA…"); *id*., at 5:16-18 ("[The Attorney General] and [the United States] have a duty to intervene where The State Bar of California refuses to be governed, and refuses to conform to federal antitrust laws.").

In support of his assertion that the Federal Defendants have a "duty" to assist him in pursuing his claims, Plaintiff references *Bolling v. Sharpe*, 347 U.S. 497(1954), *Berger v. United States*, 295 U.S. 78(1935), and *N. Carolina State Bd. of Dental Examiners v. F.T.C., 574 U.S. 494, 135 S. Ct. 1101, 191 L. Ed. 2d 35 (2015)*. Opp., at 6:5-13, 10:1-10; 10:18-28—11:1-3. *Bolling* was a class action lawsuit by plaintiffs seeking admission to public schools on a nonsegregated basis, wherein the Supreme Court held that racial segregation in public education is not reasonably related to a proper governmental objective and imposed upon segregated students an arbitrary deprivation of their liberty in violation of the Fifth Amendment. *Bolling*, 347 U.S. 497, at 500 (1954).

In *Berger*, a petitioner sought to overturn a conspiracy conviction because the prosecuting United States Attorney misstated the evidence leading to his conviction. *Berger*, 295 U.S. 78, at 631. The Court awarded the petitioner a new trial, admonishing that the United States Attorney is a representative of a sovereignty with an obligation to "govern impartially," and whose interest "in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Id*., at 633.

In *N. Carolina State Bd. of Dental Examiners*, a state board of dental examiners petitioned for review of a Federal Trade Commission order, which prohibited the board from preventing non-dentists from providing teeth whitening services or products. *N. Carolina State Bd. of Dental Examiners*, 574 U.S. 494, at 1108-1117. The Supreme Court held that the board was a non-sovereign entity controlled by active market participants that did not receive active supervision by state, and thus its anticompetitive actions were not entitled to state-action immunity from federal antitrust law. *Id*., at 1117.

*Bolling*, *Berger*, and *N. Carolina State Bd. of Dental Examiners* are irrelevant to the instant case. None of these cases hold or even suggest that the Federal Defendants have a duty to assist Plaintiff in this action. Indeed, all cases involve parties and circumstances so starkly different from the instant case that a comparison is impossible.

Plaintiff fails to cite any authority holding that Federal Defendants have an affirmative obligation to assist Plaintiff in prosecuting this action. And he cannot, because no such obligation exists.

### C.   Rule 9 Does Not Excuse Plaintiff From Comporting With Rule 8's Pleading Requirements

Plaintiff does not dispute that his FAC fails to comply with Rule 8 pleading standards. Instead, Plaintiff asserts, without citing any applicable case law, that he does not need to comply with Rule 8(a) because "[a] short and plain statement will not suffice for fraud." *Id*., at 8:8. Plaintiff appears to mistakenly believe the requirements established by Rule 9(b) override those set forth in Rule 8(a). However, there is no legal authority establishing that complaints containing fraud allegations are excused from comporting with Rule 8(a). In fact, Rule 9(b) sets forth *heightened* pleading requirements, *in addition* to the requirements established by Rule 8, requiring even greater particularity for certain claims, such as fraud. *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009) ("Rule 9…does not give [Plaintiffs] license to evade Rule 8's less rigid, though still operative, strictures."); *In re Peregrine Sys., Inc. Sec. Litig.*, No. 02-CV-870-BEN (RBB), 2005 WL 8158825, at *76 (S.D. Cal. Mar. 30, 2005) (Allegations "of fraudulent conduct must satisfy the heightened pleading requirements of

Rule 9(b). Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a).") (*citing Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)); *Pinnacle Fitness & Recreation Mgmt., LLC v. Moyes Fam. Tr*., No. 08-CV-1368-AJB (BGS), 2011 WL 1565806, at *3 (S.D. Cal. Apr. 21, 2011) ("[Under Fed. R. Civ. P. 8(a)], a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief ....In addition, [under Rule 9], when 'alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'"); *Zappa v. Am. Gen. Life Ins. Companies*, No. 08CV0319-LAB (NLS), 2008 WL 11508681, at *6 (S.D. Cal. May 8, 2008) ("the Rule 9(b) particularity requirement must be read in consideration of Rule 8's 'short and plain' statement language. A fraud claim is pled adequately to satisfy Rule 9(b) as long as the pleading 'identifies the circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations.'") (*citing Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 540 (9th Cir. 1989)).

In support of his contentions, Plaintiff cites *Wool v. Tandem Computers Inc*., 818 F.2d 1433 (9th Cir. 1987), and *Pelayo v. Nestle USA, Inc*., 989 F. Supp. 2d 973 (C.D. Cal. 2013). Opp., at 8:9-15. However, *Wool* does not reference Rule 8, or indicate its inapplicability in fraud cases. *See generally*, *Wool*, 818 F.2d 1433. *Wool* simply analyzes whether the Rule 9 particularity requirement was satisfied. *Id*., at 1439. Similarly, *Pelayo* makes no reference to Rule 8, but instead discusses whether a particular business practice is deceptive. *Pelayo*, 989 F. Supp. 2d at 980 (C.D. Cal. 2013). Contrary to Plaintiff's assertion, *Pelayo* does not establish that "[d]etailed fraud allegations are not subject to dismissal" (Opp., at 8:15), and in fact the *Pelayo* court dismissed the plaintiff's case with prejudice for failure to state a claim. *Pelayo*, 989 F. Supp. 2d at 980.

Moreover, Plaintiff asserts that "[t]he FAC, [and] RICO Case Statement" satisfy Rule 9(b). Opp., at 8:9-10. While the Federal Defendants question whether this is true, and while it is not clear whether the so-called "RICO Case Statement" is even part of the FAC, Plaintiff nonetheless has not established that his FAC satisfies the Rule 8 fair notice requirement,

notifying defendants of the legal claims against which they must defend. Fed. R. Civ. P. 8(a); *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Plaintiff contends his claims are well-pled, so the "Court should assume parties to this case have intentionally defrauded Plaintiff and the United States using the wire and mail." Opp., at 9:5-15. Yet Plaintiff's allegations are not well-pled, as evidenced by the Federal Defendants' continuing confusion over which claims are alleged against them, and Plaintiff's own misguided belief that he does not have to comport with Rule 8 pleading standards.

Thus, the Court should dismiss Plaintiff's FAC for failure to comply with Rule 8. *McHenry*, 84 F. 3d at 1179.

## CONCLUSION

Plaintiff's entire First Amended Complaint against the Attorney General and the United States should be dismissed pursuant to Rule 12(b)(1) because it does not allege any applicable waiver of sovereign immunity to support the alleged causes of action. Plaintiff's FAC should also be dismissed because it fails to meet the pleading standards set forth in Rule 8.

DATED: May 5, 2023 

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*/s/ Stephanie A. Sotomayor*
STEPHANIE A. SOTOMAYOR
Assistant United States Attorney
Attorneys for the Attorney General
and the United States of America