UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Justin S. BECK,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No.: 23-cv-0164-AGS-DDL<br><br>**ORDER DISMISSING COMPLAINT (ECF 2) AND DENYING REMAINING MOTIONS AS MOOT (ECF 12, 18, 20, 26)** |

  This complaint suffers from the same fatal flaws that doomed those in plaintiff's past cases—it is unintelligible. *See, e.g.*, *Beck v. Super. Ct. of Cal., Cty. of Orange*, 23-cv-0882-AGS-DDL (S.D. Cal. Sept. 13, 2023), ECF 16 (order dismissing complaint); *Beck v. Catanzarite Law Corp.*, 22-cv-1616-AGS-DDL (S.D. Cal. Feb. 14, 2023), ECF 35 (same). So it too must be dismissed.

## BACKGROUND

  This lawsuit and several related ones[1] seem to have arisen in response to a securities action against plaintiff Justin Beck in 2018. According to Beck, attorney Kenneth Catanzarite (a defendant here) and his shareholder clients brought that securities case "to defraud" Beck. (ECF 2, at 16.) When Beck filed disciplinary complaints against Catanzarite, the California State Bar (another defendant) allegedly declined to investigate. (*Id*. at 16, 33.)

  Beck accuses the State of California (also a defendant) of engaging in a pattern of racketeering activity because it purportedly "used and invested income from the

---

[1] This is one of five cases involving similar parties and allegations. *See Beck v. Kenneth Catanzarite*, No. 30-2020-01145998 (Cal. Super. Ct. filed May 26, 2020); *Beck v. State Bar of Cal.*, No. 30-2021-01237499 (Cal. Super. Ct. filed Dec. 21, 2021); *Beck v. Catanzarite Law Corp.*, No. 22-cv-1616-AGS-DDL (S.D. Cal. filed Oct. 19, 2022); *Beck v. Super. Ct. of Cal., Cty. of Orange*, No. 23-cv-0882-AGS-DDL (S.D. Cal. filed May 15, 2023).

taxpayer[s]" into the State Bar, "lacked direct supervision" of the State Bar, and had no "clearly articulated State policy which allowed the racketeering activity to favor the State Bar of California enterprise." (*Id*. at 42, 51.) It is unclear how the United States of America and the U.S. Attorney General (more defendants) fit into Beck's complaint. They do not appear as defendants in any cause of action, and Beck even requests that they intervene and stop their codefendant, the State Bar. (*Id*. at 1–2, 38–59.) At any rate, Beck seeks millions of dollars in actual damages, billions of dollars in punitive damages, and peculiar forms of injunctive relief between codefendants. (*Id*. at 54–59.)

Various defendants moved to dismiss the amended complaint. (ECF 12, 13, 20, 26.) In response, Beck filed a purported 265-page cross-motion for sanctions against the State Bar. (ECF 18.)

## DISCUSSION

A complaint must contain "a short and plain statement showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct." *See* Fed. R. Civ. P. 8(a)(2) & (d)(1); *see also Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003) (requiring Rule 12(b)(6) to "be read in conjunction with Rule 8"). In particular, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). District courts may "*sua sponte* dismiss a complaint" that fails to "include a 'short and plain statement of the claim.'" *Long v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp. 2d 1166, 1173 (D. Haw. 2012).

In his 60-page, 335-paragraph amended complaint, Beck alleges claims of criminal racketeering as well as antitrust and civil-rights violations. (ECF 2.) The complaint is unfocused and difficult to follow. Under a heading titled "Pattern of Racketeering Activity," for example, paragraphs 58 through 80 contain allegations against nonparties and reference exhibits that were not attached. (*Id*. at 12–16.) It is unclear which claims are asserted against which defendants, particularly for the United States and the U.S. Attorney General. Adding to the confusion, Beck also seems to bring one of his claims against the

State and State Bar "on behalf of" their codefendant, the United States. (*Id*. at 58.)

Much like Beck's past complaints, this one is "disjointed and replete with lengthy excerpts from various state and federal statutes, repetitive conclusory allegations of wrongdoing (including against nonparties to this action) that employ a mishmash of unintelligible legal jargon, and protracted digressions that appear to have little bearing on any legal claims Beck may be asserting." *Beck v. Catanzarite Law Corp*., No. 22-cv-1616-BAS-DDL, 2023 WL 1999485, at *5 (S.D. Cal. Feb. 14, 2023). And "despite listing some cognizable causes of action, the Amended Complaint is bereft of non-conclusory allegations that show how each Defendant's conduct was actionable thereunder and how Beck himself was injured by such conduct." *Id*. Because that complaint—like the current complaint—was "devoid of cogent factual details that present a story that holds together about the subject matter of the instant case," it was sua sponte dismissed for failing to comply with Rule 8. *Id.* (cleaned up).

Likewise, because this complaint is nearly impossible to follow and far from simple, concise, and direct, it warrants dismissal under Rule 8. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (collecting cases upholding dismissals of pleadings that were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling"); *McHenry*, 84 F.3d at 1177–79 (affirming Rule 8 dismissal of a 53-page complaint presenting "long-winded tales of municipal conspiracy and police misconduct," that was "argumentative, prolix, replete with redundancy, and largely irrelevant," and "failed properly to notify the individual defendants of the legal claims they faced" (cleaned up)).

Because it's conceivable that Beck may cure the complaint's deficiencies, the Court grants him leave to amend. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (holding that "leave to amend shall be freely given when justice so requires" (quotation marks omitted)).

# CONCLUSION

Thus, the complaint is **DISMISSED** with leave to amend. All other pending motions are **DENIED AS MOOT**.

By October 12, 2023, Beck may file an amended complaint. Any amended complaint must be complete, without reference to the original pleading, and any claims Beck fails to reallege may be waived. *See* CivLR 15.1(a); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend may be considered "waived" if not repled). As noted in dismissing one of Beck's similar complaints, the Court "strongly encourages Beck to limit any Second Amended Complaint to 35 pages or less." *Beck*, 2023 WL 1999485, at *10. Any future complaint "must intelligibly inform Defendants—and this Court—who violated his federally protected rights, what facts show that his federally protected rights were violated, when such violation occurred, where such violation occurred, and why Plaintiff is entitled to relief." *Id*.

The Clerk is directed to close this case. If Beck files an amended complaint by the deadline, the Clerk will reopen this case. Otherwise, on October 13, 2023, the Clerk will issue a judgment. The Clerk may only issue the judgment sooner if Beck affirmatively notifies the Court that he will not amend.

Dated:  September 14, 2023

_____
Andrew G. Schopler
United States District Judge