|     | UNITED STATES DISTRICT COURT |     |
| --- | --- | --- |
|     | SOUTHERN DISTRICT OF CALIFORNIA |     |

| Justin S. BECK, | Case No.: 23-cv-0164-AGS-DDL |
| --- | --- |
| Plaintiff, | **ORDER:** |
| v. | |
| STATE OF CALIFORNIA, et al., | **(1) DISMISSING SECOND AMENDED COMPLAINT (ECF 38) WITH PREJUDICE;** |
| Defendants. | |
| | **(2) DENYING AS MOOT ALL PENDING MOTIONS (ECF 39, 40, 41, 42); AND** |
| | **(3) CLOSING CASE** |

"Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (quotation marks omitted). Accordingly, plaintiff Justin Beck's complaint must be dismissed.

## BACKGROUND

Beck's second amended complaint, like his first, is largely unintelligible. (*See* ECF 37, at 3) (finding Beck's first amended complaint "nearly impossible to follow and far from simple, concise, and direct"). As far as the Court can tell, this case arises from a derivative shareholder action against Beck filed by defendant Kenneth Catanzarite as part of a "fraudulent scheme." (ECF 38, at 17.) Beck reported Catanzarite to the California State Bar (another defendant), but it declined to investigate because it was allegedly "protect[ing] Catanzarite's schemes." (*Id.* at 19.) Beck then "filed [a] Government Claims Act suit" in Orange County Superior Court, but the court "refus[ed] to place that case on a docket or accept filings . . . at the alleged corrupt control of the State Bar of California." (*Id.* at 6.)

Beck brings various federal antitrust and racketeering claims and requests millions in damages. (*See generally id.*) This action is the second of three pending in this Court, the first having been filed in 2022. *See Beck v. Catanzarite Law Corp.*, 22-cv-1616-AGS-DDL (S.D. Cal. 2022); *Beck v. Super. Ct. of Cal.*, 23-cv-0882-AGS-DDL (S.D. Cal. 2023).

## DISCUSSION

District courts retain broad discretion to control their dockets and dismiss duplicative cases. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . the general principle is to avoid duplicative litigation."). A second suit is duplicative if it "involves (1) the same causes of action as the first; and (2) the same parties or their privies." *Mendoza*, 30 F.4th at 886. The second prong is easily satisfied, as the defendants in this action are also defendants in the 2022 case. *Compare Beck v. Catanzarite Law Corp.*, 22-cv-1616-AGS-DDL (S.D. Cal. 2022) ECF 37, *with* ECF 38. Thus, the first prong is dispositive.

In determining whether two suits involve the same causes of action, courts consider four factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Mendoza*, 30 F.4th at 887. The "most important" factor is the last. *Id.*

All these factors suggest that this case and its 2022 counterpart involve the same causes of action, even if they are somewhat differently titled. Take the most important factor—the "transactional nucleus of facts." While the 2022 complaint is just as opaque as the current one, both seem to arise from the same underlying concepts. The 2022 complaint charges Catanzarite with bringing a "false derivative action" and the State Bar with "conceal[ing] criminal conduct." (ECF 37, at 11, 13.) The 2022 complaint also includes narratives about the "Orange County Superior Court enterprise" and the "obstruct[ion]" of

Beck's "Government Claims Act litigation." (*Id.* at 44, 46.) Given that "core overlap," the other three factors are also satisfied: "the two suits involve 'infringement of the same right'"; "litigation of the suits would involve 'substantially the same evidence'"; and "continued litigation of a second suit could impair any 'rights or interests' that might be established in a judgment in the first." *Mendoza*, 30 F.4th at 887.

Consequently, Beck's second amended complaint is **DISMISSED WITH PREJUDICE** as duplicative. And all pending motions are **DENIED AS MOOT**. The Clerk is directed to close this case.

Dated: February 26, 2024

Andrew G. Schopler
United States District Judge